IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Emily Doe | ) | Civil Action No.: 4:20-cv-04445-SAL |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | **MOTION TO PROCEED USING A** |
| American University of Antigua Inc., | ) | **PSEUDONYM TO MINIMIZE** |
| | ) | **REPUTATIONAL HARM** |
| Defendant | ) | |
| | ) | |

      Plaintiff, Emily Doe, petitions this Court for permission to proceed using a pseudonym in this proceeding in order to protect her from reputational harm that may occur as a result of litigating this issue in a public forum. Emily is a 4th year medical student who is in the process of interviewing for residencies for her post-medical school education, and she is informed and believes that requiring her to litigate against her medical school using her real name may have a permanent and negative impact on her ability to enter and successfully pursue her medical license in this and other states.

      Emily is informed and believes that a plaintiff "seeking to proceed anonymously must show that . . . she has a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe 1 v. Marten,* 219 F.R.D. 387, 390-91 (E.D.Va. 2004), citing *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 576 (1980). *See also James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), where the District Court permitted the plaintiffs to proceed anonymously, at least at preliminary stages of the proceeding, with the requirement that they file a complaint under seal with their real names. The circumstances of the case involved the discovery by the James that Mrs. James had been artificially inseminated with

sperm of her doctor rather than her husband and that she had borne two children fathered by her own physician[1].

In addressing the request by the James to proceed using a pseudonym, the Fourth Circuit noted that "[t]he decision whether to permit parties to proceed anonymously. . . is one of many involving management of the trial process that for obvious reasons are committed in the first instance to trial court discretion. . . This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *James*, *supra*., 6 F.3d 233 (4th Cir. 1993).  The Fourth Circuit considered numerous circumstances in which requests to proceed anonymously or using pseudonyms were and were not found to be appropriate (such as *Doe v. Stegall*, 653 F.2d at 180, 185-86 (5th Cir. 1981), where anonymity was warranted to protect minor plaintiffs against a risk of violence from revelation of unpopular personal beliefs, and *Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987, where anonymity was determined not warranted in a sexual discrimination and harassment suit against private parties where no privacy interests beyond personal embarrassment was identified).

As is apparent from the complaint in this matter, Emily is on the cusp of a bright future as a medical doctor, and her efforts are being derailed and damaged as a result of the wrongful acts alleged against the defendant, the school which is not upholding its contractual obligation to her with respect to her medical education.  Emily has already established herself in the broader medical community through rotations done at numerous United States medical institutions, and is in the process of interviewing in numerous highly-respected medical programs for her future residency

---

[1] The James were granted permission to testify using pseudonyms in the criminal trial of the physician, which trial preceded the civil action in which they sought continue as litigants using a pseudonym for their last name.  The James were concerned for the well-being of their children, who had been told that the father who had raised them was not their biological father, but they had not been told that their paternity was the result of a criminal assault by the James' prior physician. James, *supra*, 6 F.3d at 235.  *See United States v. Jacobsen*, 785 F.Supp. 563 (E.D.Va. 1992).

post-graduation. The actions of the defendant have already damaged Emily's ability to protect her professional reputation in the future, and in the event defendant is successful in completely destroying Emily's medical career entirely, there is far more than personal embarrassment involved.

Additionally, in considering the question presented here, it must be noted that, while the United States Constitution does not provide a right to privacy, the South Carolina Constitution does. South Carolina Constitution Article I, Section 10[2] (". . . unreasonable invasions of privacy shall not be violated. . ."). It is undisputed that Emily is a citizen and resident of South Carolina.

For the reasons set forth herein, Emily respectfully requests that the District Court grant her request to proceed using a pseudonym, at least during the preliminary stages of this litigation, to protect her against possible harm to her professional reputation. On information and belief, defendant is a private institution whose own actions have brought this matter to the attention of this court and no such consideration should be granted to the defendant.

Similarly, on information and belief, there is no risk of confusion to the defendant, which has been involved in this dispute already as outlined in the complaint during internal grievance proceedings, so there is no chance that the defendant cannot adequately present its defense based on lack of knowledge of the identity of the plaintiff.

WHEREFORE, having fully set forth the grounds in support of her request to proceed as plaintiff using a pseudonym, Emily seeks an order of this Court granting the relief requested.

[signature block next page]

---

[2] Article I, Section 10 of the South Carolina Constitution protects against "unreasonable searches and seizures" but it goes further and protects against "unreasonable invasions of privacy."

Respectfully submitted,

s/ Desa Ballard
Desa Ballard (ID# 1179)
Harvey M. Watson III (ID# 9271)

**BALLARD & WATSON**
226 State Street
West Columbia, SC  29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

December 23, 2020

4