**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe, | C.A. No. 4:20-cv-04445-JD |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED USING A PSEUDONYM** |
| American University of Antigua Inc., | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 10(a), Defendant American University of Antigua Inc. ("Defendant"), by and through undersigned counsel, submits the following Memorandum in Opposition to Plaintiff Emily Doe's ("Plaintiff") Motion to Proceed Using a Pseudonym. (Dkt. No. 5). For the reasons set forth herein, Defendant respectfully requests that the Court deny Plaintiff's Motion.

## I.    INTRODUCTION

Plaintiff's Complaint was filed on December 23, 2020 (Dkt. No. 1), and the Motion to Proceed Using a Pseudonym (the "Motion") was filed on December 28, 2020 (Dkt. No. 5). With Plaintiff's Motion, she requested an Order from this Court authorizing her to proceed under a pseudonym in order to protect her from vague, speculative reputational harm that could result from revealing her own dishonest acts and wrongdoing, which she displayed when she violated various policies and rules as a student at Defendant University.

Plaintiff's Motion disregards the strong presumption of openness in judicial proceedings. The Fourth Circuit has recognized that proceeding under a pseudonym is disfavored and such a motion will only be granted in exceptional circumstances where a plaintiff proves that her case

involves "personal information of the utmost intimacy," such that the interest in protecting her privacy right outweighs the constitutionally-embedded presumption of openness in judicial proceedings. *See Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("[I]t is the exceptional case in which a court allows a party to proceed anonymously)).

## II.     BRIEF FACTUAL SUMMARY[1]

Plaintiff is a "4th year student in the medical degree program at [Defendant] American University of Antigua Inc.," (Compl. ¶ 1), a medical school in Antigua that "was established and is operated with the United States medical educational model in mind." (Compl. ¶¶ 7, 8, 9).

Plaintiff applied for certain clinical rotations to begin in the Fall of 2020. (Compl. ¶ 19). Before beginning a clinical rotation, Defendant, a well-established educational institution, requires students to provide certain up-to-date documentation, including a negative drug screen. (Compl. ¶ 37). Plaintiff was informed of such requirements and documentation that needed to be submitted to Defendant before Plaintiff began her October 5, 2020 rotation. (Compl. ¶ 31).

Rather than take and submit the negative drug screen as required by Defendant, Plaintiff "submitted an altered copy of a prior negative drug screen . . . to the document specialist at [Defendant]"—as she concedes in her Complaint. (Compl. ¶ 35). Defendant then "instituted an honor code investigation against [Plaintiff]" and later a "grievance proceeding" related to her submission of a falsified negative drug screen. (Compl. ¶¶ 37, 38). Those proceedings, at which Plaintiff was afforded a full panoply of due process rights, all of which she availed herself, resulted

---

[1] Defendant vigorously disputes and denies many of Plaintiff's factual allegations, and particularly her characterization of those facts surrounding the disciplinary proceedings that resulted in Plaintiff's six-month suspension; however, solely for purposes of this Response, Defendant accepts the material facts as alleged in Plaintiff's Complaint.

in the issuance of a sanction of a six-month suspension.  (*See* Compl. ¶ 44).  Again, Plaintiff concedes in her Complaint that she submitted an altered drug screen to Defendant as part of her medical education.  (Compl. ¶ 15).

In her Complaint, Plaintiff attempts to justify her dishonest conduct through numerous serious allegations relating to the well-established disciplinary process and procedures for students of Defendant.  With these allegations, Plaintiff is effectively casting doubt on the objective and even-handed application of Defendant's rules and regulations, ethical standards, policies and requirements, and the fairness of its disciplinary proceedings, hearing, and appeals processes. Plaintiff's Complaint claims, among other things, that Plaintiff's discipline "constitutes a bad faith breach of the contractual provisions of the student disciplinary process and also serves as an unnecessarily severe penalty for [Plaintiff], whose difficulty arose because Defendants failed to have sufficient student counseling available to assist her when Defendants imposed unreasonable requirements upon her, in breach of her agreement with Defendants [sic]," (Compl. ¶ 47)— allegations all of which Defendant forcefully denies.

Plaintiff would now have this Court permit her to proceed pseudonymously to "minimize harm to her reputation as a future medical doctor when she eventually completes her medical school education," (Compl. at 1 n.1)—harm that would result from her own dishonest actions. Plaintiff's Complaint includes one-sided allegations and egregious claims against Defendant—and Defendant also has the potential to experience reputational harm and economical harm, based on the claims made by Plaintiff in this lawsuit.  To permit Plaintiff to proceed pseudonymously while presenting such one-sided and serious allegations would be unfair and prejudicial to the Defendant.

## III.    LEGAL STANDARD

### A. The Law Presumes Litigants Must Publicly Reveal Identities Unless Extraordinary Circumstances Exist

Analyses of motions to proceed pseudonymously generally begin with the well-founded "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981); *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). "The overarching principle regarding access to the courts remains that under the First Amendment and common law, 'court proceedings are presumptively open to public scrutiny.'" *Eaglin v. McCall,* 689 F. App'x 166, (Mem)–168 (4th Cir. 2017) (quoting *Doe v. Pub. Citizen*, 749 F.3d at 265); *see also Raiser v. BYU,* 127 Fed. App'x 409, 410–11 (10th Cir. 2005) (use of pseudonyms allowed in exceptional circumstances); *MM. v. Zavaras,* 139 F.3d 798, 800 (10th Cir. 1998) ("There are a number of cases which recognize that identifying a party only by a pseudonym is an unusual procedure.").

There is a presumption that litigants' true and complete names be included in the caption of cases; Rule 10(a) of the Federal Rules of Civil Procedure embodies this presumption as it states "in the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a). This procedural rule reinforces the principle that the general public has a right of access to judicial records and has a right to know who is using their courts, thus "[i]dentifying the parties to the proceeding is an important dimension of publicness." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). "Public access to a plaintiff's name is 'more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.'" *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 727–28 (W.D. Va. 2012) (quoting *Stegall*, 653 F.2d at 185); *see also Doe v. N. Carolina Cent. Univ.*, No. 1:98CV01095, 1999 WL 1939248, at *1–2 (M.D.N.C. Apr. 15, 1999) (stating that the "Fourth Circuit has noted that the presumption of openness applies to party identity" and denying plaintiff's motion to proceed under pseudonym).

4

**B. The *Jacobson* Factors**

District courts have broad discretion regarding whether to permit a party to proceed under pseudonym, and any appeal of such a decision is reviewed under the deferential abuse of discretion standard. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). However, "[a]s is ordinarily the case where discretion is committed to trial courts, some guidelines for its exercise in the form of factors that should be considered by courts considering anonymity requests have been judicially recognized." *Id.*

In considering a motion to proceed under pseudonym, courts in the Fourth Circuit weigh the following factors: "(1) whether the justification asserted by the requesting party is *merely to avoid the annoyance and criticism that may attend any litigation* or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of *retaliatory physical or mental harm* to the requesting party *or even more critically, to innocent non-parties*; (3) the *ages of the persons* whose privacy interests are sought to be protected; (4) whether the action is *against a governmental or private party*; and, (5) relatedly, *the risk of unfairness to the opposing party* from allowing an action against it to proceed anonymously." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (emphasis added) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

As the Fourth Circuit has "emphasized, however, [] proceeding by pseudonym is a 'rare dispensation.'" *Id.* (quoting *Jacobson*, 6 F.3d at 238). None of these individual factors is dispositive, but they are weighed to determine the appropriate outcome. *Id.* As explained below, all five of the *Jacobson* factors favor denial of Plaintiff's Motion to Proceed Under Pseudonym in this case.

## IV.    ARGUMENT

The Fourth Circuit has "cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Doe v. Pub. Citizen*, 749 F.3d at 265–66 (quoting *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)).  Moreover, "[a]n unsupported claim of reputational harm falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access." *Id.*

### A. No Pseudonym Because Plaintiff Is Merely Attempting to Avoid Annoyance, Criticism, and Potential Reputational Harm

The first *Jacobson* factor—whether the justification asserted is merely to avoid the annoyance and criticism that may attend any litigation—favors denial of Plaintiff's Motion. Plaintiff's Motion is based entirely on the claim that she will potentially suffer reputational harm should she not be permitted to proceed pseudonymously.  In fact, Plaintiff's Motion is actually captioned: "Motion to Proceed Using a Pseudonym *to Minimize Reputational Harm*."  (Dkt. No. 5 at 1) (emphasis added).  As noted, such interests have repeatedly been found insufficient to overcome the First Amendment and common law's grant of public access to judicial proceedings, records, and information.

Plaintiff asks this Court to permit her to proceed pseudonymously "in order to protect her from *reputational harm* that may occur as a result of litigating this issue in a public forum. [Plaintiff] . . . believes that requiring her to litigate against her medical school using her real name may have a permanent and negative impact on her ability to enter and *successfully pursue* her medical license in this and other states."  (Mot. at 1) (emphasis added).

However, despite Plaintiff's claim to the contrary, the above-articulated rationale does not constitute a "substantial privacy right that outweighs" the presumption of openness in judicial

proceedings. *Id.* at 1; *see Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 728 (W.D. Va. 2012) (denying motion to proceed using pseudonyms and for protective order in case brought against county challenging practice of Board of Supervisors of county of regularly opening meetings with a Christian prayer); *Doe v. N. Carolina Cent. Univ.*, No. 1:98CV01095, 1999 WL 1939248, at *1–2 (M.D.N.C. Apr. 15, 1999) (stating that the "Fourth Circuit has noted that the presumption of openness applies to party identity" and denying plaintiff's motion to proceed under pseudonym).

Plaintiff is not the first student to sue her school; she will not be the last. And, arguably, there should be no risk of reputational harm to be suffered by a student who has been legitimately wronged by her school and looks to the courts for a remedy. Here, however, Plaintiff appears to be concerned about the potential damage to her reputation that could result from public disclosure of her own admissions and allegations surrounding her submission of an altered drug screen in connection with clinical clerkships as part of her medical education, among other things. (Compl. ¶ 35). In other words, it appears that Plaintiff is worried about annoyance, criticism, or possible reputational harm that could result from the allegations of her own dishonest conduct contained in her Complaint.

Moreover, it is well-established that claims of risk for potential, speculative harm to reputation or embarrassment are insufficient interests to overcome the general presumption in favor of the public's access to judicial records and related information. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d at 274 (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (explaining that pseudonymity "has not been permitted when only the plaintiff's economic or professional concerns are involved" and collecting cases")); *Tolton v. Day*, No. CV 19-945 (RDM), 2019 WL 4305789, at *1–2 (D.D.C. Sept. 11, 2019) (denying plaintiff's motion in a discrimination lawsuit when motion was based in part on claim that "an array of potential

employers will be deterred from offering her a job" and holding that "the problem with [plaintiff's] appeal for anonymity is that it rests on unsubstantiated speculation"); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-00016, 2018 WL 1594805, at *2 (W.D. Va. Apr. 2, 2018) (denying motion to proceed under pseudonym where plaintiff argued "his identity must be concealed to protect him from the 'lasting stigma [associated with] having been found guilty of cheating' and the adverse effects that such allegation would have on his ability to compete for admission into medical school" because such concerns "do not involve 'the type of personal information of the utmost intimacy' that warrant abandoning the presumption of openness in judicial proceedings"); *Doe v. Liberty Univ.*, No. 6:19-CV-00007, 2019 WL 2518148, at *3 (W.D. Va. June 18, 2019) (denying plaintiff's motion to proceed under pseudonym where plaintiff's asserted grounds included jeopardizing her employment, impact on ability to do her job, and that defendant's disciplinary actions "implicate [plaintiff's] mental health," finding that "what Plaintiff describes seems to be a desire to avoid the annoyance and potential criticism that accompanies all litigation").

For example, in *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804 (E.D. Va. 2012), a plaintiff candidate for chartered financial analyst (CFA) certification brought a claim against the entity that developed and administered the CFA exam claiming that the entity falsely determined that the plaintiff cheated on the exam. In denying the plaintiff's motion to file his complaint under pseudonym, the court held that the plaintiff failed to identify a substantial privacy right that outweighed the presumption of openness in judicial proceedings and the risk of unfairness to the defendant. *Id.* at 807–08. In weighing the *Jacobson* factors, the *CFA* court held that all of the factors "disfavor[ed] permitting plaintiff to bring his suit against [defendant] under a pseudonym." *Id.* at 808.

The plaintiff in *CFA* moved to proceed pseudonymously to avoid "public embarrassment and exposure to negative publicity and adverse actions by other persons active in the financial world who might make false assumptions about Plaintiff's character and abilities" if his name was "publicly disclosed in connection with allegations of cheating on the CFA" exam, as well as an interest in avoiding "injury to his reputation incident to association with an allegation of 'cheating.'" *Id.* at 808.  The court noted that these "interests in avoiding embarrassment, criticism, and reputational harm are not privacy interests in a matter of an especially sensitive or highly personal nature and, otherwise, are not sufficient to overcome the public interest in the openness of [plaintiff's civil action against [defendant]." *Id.*  Similarly, in this case, Plaintiff's asserted justification of "minimiz[ing] reputational harm," (Mot. at 1), is not a highly sensitive privacy interest and is not sufficient to overcome the public interest.

**B.  No Pseudonym Because Identification Does Not Pose A Risk of Retaliatory Physical Or Mental Harm To Plaintiff Nor To Any Innocent Non-Parties, Plaintiff Is Not A Minor, And This Action Is Not Against The Government**

The second *Jacobson* factor—risk of retaliation—similarly weighs against granting Plaintiff's Motion because there is no risk of retaliatory physical or mental harm to Plaintiff or innocent non-parties.  Plaintiff has not even alleged as much.  As discussed, instead, Plaintiff has merely claimed that she is on the "cusp of a bright future as a medical doctor" and she does not want her name associated with her wrongdoing.  (Mot. at 2).  Moreover, Plaintiff also claims that she has "already established herself in the broader medical community through rotations done at numerous United States medical institutions" which also obviates her insufficient but alleged need to protect her prospective reputational interests.  *Id.*

In Plaintiff's Complaint, she also states the reasoning underlying for her request to proceed pseudonymously "in order to protect the confidentiality of the internal grievance to which she was

subjected by the Defendant, and also to *minimize harm to her reputation* as a future medical doctor when she eventually completes her medical school education." (Compl. at 1 n.1) (emphasis added). An attempt to minimize reputational harm is not an interest sufficient to overcome the First Amendment and common law right of public access to judicial proceedings. Moreover, Plaintiff has not made any allegation that she would be subjected to any risk of retaliatory physical or mental harm should she not proceed under a pseudonym. The second factor accordingly favors denying Plaintiff's Motion.

Moreover, Plaintiff does not allege that she is a minor and thus the third *Jacobson* also weighs against permitting Plaintiff to proceed pseudonymously. *See Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012) ("Plaintiff is not a minor and does not possess the 'special vulnerability' of a child-plaintiff.") (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

The fourth factor considers whether the action is against the government or a private party, and this factor additionally supports denial of Plaintiff's Motion. "To be sure, courts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (denying plaintiff's request to proceed anonymously in a suit against a private party)). "The rationale for this is that the filing of an action challenging constitutional validity generally 'involves no injury to the Government's 'reputation,' while an action against a private party can result in damage to the defendant's reputation as well as economic harm." *Id.* (citing *Merten*, 219 F.R.D. at 394). As Defendant is a private entity with its own interests at stake as a result of

10

Plaintiff's Complaint and allegations, the fourth *Jacobson* factor also favors denial of Plaintiff's Motion.

### C. Risk of Unfairness to Defendant is Great

Likewise, the fifth factor favors against permitting Plaintiff to proceed under a pseudonym because "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously" is high. *Doe v. Pub. Citizen*, 749 F.3d at 273 (citing *Jacobson*, 6 F.3d at 238). In her Complaint, Plaintiff accuses Defendant of serious wrongdoing on numerous grounds, including through use of its independent hearing panel and purported erroneous evaluation of Plaintiff's disciplinary sanction and ultimate dismissal. (*See generally* Compl., Dkt. No. 1). Plaintiff's claims include allegations that Defendant unfairly precluded Plaintiff from effectively defending herself against the charges against her, among other things. *Id.* Similarly, Plaintiff claims in her Motion that her efforts toward a "bright future as a medical doctor . . . are being derailed and damaged as a result of the wrongful acts" of the Defendant. (Mot. at 2).

Plaintiff's lawsuit exposes Defendant to risk of damage to its reputation as well as economic harm, which is "particularly important to an entity involved with setting standards and conferring credentials recognized throughout the entire" medical industry. *CFA*, 42 F. Supp. 3d at 808. "Given the risks Plaintiff's suit poses to [Defendant's] reputation, basic fairness dictates that Plaintiff, as the [] accuser, advance [her] suit under [her] real and full legal name." *Id.* Defendant strongly denies Plaintiff's allegations and will vigorously defend against Plaintiff's claims.

Moreover, permitting Plaintiff to make unsubstantiated allegations against Defendant while hiding behind a pseudonym could potentially invite additional meritless and anonymous litigation against Defendant and others. As noted, civil actions against private parties expose them

to the risk of reputational and economic harms as well. *See Wynne & Jaffe*, 599 F.2d at 713 (holding that "[b]asic fairness dictates" the identification of defendant law firms' accusers when defendants "stand publicly accused of serious violations of [Title VII].").

Additionally, the discovery process in this case would also potentially be hindered and would unfairly prejudice Defendant should Plaintiff be permitted to proceed pseudonymously. Defendant's ability to determine and assemble witnesses and other evidence would be impeded without the ability to disclose Plaintiff's identity. For all of these reasons, the fifth *Jacobson* factor thus favors denial of Plaintiff's Motion.

## V.    CONCLUSION

All of the five *Jacobson* factors weigh against allowing Plaintiff to proceed anonymously. *See, e.g.*, *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 746 (W.D. Va. 2012) ("This is simply not one of those critical cases that warrants anonymity. Plaintiff's concerns 'are not so extraordinary as to outweigh the inherent interest in transparent judicial proceedings.'").

Plaintiff's Motion is unwarranted, contrary to public policy, and her desire to be "protect[ed] from reputational harm that may occur as a result of litigating this issue in a public forum" does not outweigh the public's interest in open judicial proceedings. (Mot. at 1). Indeed, to conclude otherwise would effectively grant the gift of anonymity to all plaintiffs who are embarrassed by their own wrongdoing and wish to conceal their dishonesty. Such a result runs counter to the principle that the grant of an anonymity request is a "rare dispensation" reserved for particularly critical privacy or confidentiality concerns. *Jacobson*, 6 F.3d at 238. Moreover, such a result would be greatly prejudicial and unfair to the Defendant, who is at risk of economic and reputational harm based on the Plaintiff's allegations of egregious conduct in in her Complaint.

Accordingly, for the reasons set forth herein, Defendant respectfully requests that this Court deny Plaintiff's Motion to Proceed Using a Pseudonym (Dkt. No. 5).

Respectfully submitted,

 /s/ Brittany N. Clark
Brittany N. Clark, Fed. ID No. 12891
Angus H. Macaulay, Fed. ID No. 5248
AMacaulay@nexsenpruet.com
BClark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Attorneys for Defendant American University of Antigua Inc.*

February 3, 2021
Columbia, South Carolina

13