**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe,<br><br>               Plaintiff,<br><br>vs.<br><br>American University of Antigua Inc.,<br><br>               Defendant. | C.A. No. 4:20-cv-04445-JD<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(2) and (3), Defendant American University of Antigua Inc. ("AUA" or "Defendant"), by and through undersigned counsel, submits the following Memorandum in Support of Defendant's Motion to Dismiss all claims set forth in Plaintiff Emily Doe's ("Plaintiff") Complaint (Dkt No. 1). For the reasons set forth herein, Defendant respectfully requests that the Court dismiss all of Plaintiff's claims.[1]

### I.  PRELIMINARY STATEMENT

This is an action for alleged breach of contract and violation of the South Carolina Unfair Trade Practices Act ("SCUPTA") by a student against a foreign medical school. Plaintiff's claims before this Court lack any substantive nexus to South Carolina and are meritless. No alleged conduct giving rise to Plaintiff's claims took place in South Carolina, and this Court does not have personal jurisdiction over Defendant AUA.

Defendant AUA is a private medical school that is located, incorporated, and operated in

---

[1] Shortly after filing the Complaint in this case, Plaintiff filed a Motion to Proceed Under Pseudonym on December 28, 2020, (Dkt. No. 5), to which Defendant responded in opposition on February 3, 2021 (Dkt. No. 8). Plaintiff's reply to Defendant's opposition is due no later than February 24, 2021 (two days after the deadline for Defendant's responsive pleading). (*See* Dkt. Nos. 13, 14). Accordingly, that Motion remains pending. Defendant strongly opposes Plaintiff's Motion to Proceed Under Pseudonym for the reasons set forth in its February 3, 2021 Response in Opposition. (Dkt. No. 8).

Antigua, the West Indies. AUA is registered and exists under the laws of Antigua and Barbuda and is chartered by the government of that nation. AUA has its only campus in Antigua, and AUA makes all academic decisions regarding its students. AUA does not have any offices anywhere in South Carolina. AUA has no connection to South Carolina and does not have an ongoing relationship or partnership with health institutions in South Carolina for purposes of providing rotation in various fields of medicine or otherwise.

As set forth more fully below, Plaintiff's claims should be dismissed for the following reasons: (1) this Court lacks personal jurisdiction over AUA; there is no general or specific jurisdiction because AUA is neither headquartered nor incorporated in South Carolina, and the Plaintiff's claims do not arise from any conduct she alleges occurred in South Carolina; and (2) *forum non conveniens* grounds favor Antigua because this case involves conduct and decisions made entirely in Antigua by an Antiguan medical school regarding a student who was based in Antigua.

As is evident from the Complaint, Plaintiff cannot cure the jurisdictional deficiencies in her purported claims against AUA; thus, the Complaint should be dismissed in its entirety and without the opportunity to amend.

## II.  STATEMENT OF FACTS[2]

### A.  THE PARTIES

Plaintiff is a resident of South Carolina and a student of AUA in Antigua. (Compl. ¶ 1).

---

[2] Defendant strongly disputes and denies many of Plaintiffs factual allegations, and particularly her characterization of those claims surrounding the disciplinary proceedings that resulted in Plaintiff's six-month suspension; however, for purposes of this Memorandum, Defendant accepts the material facts as alleged in Plaintiff's Complaint.
Moreover, AUA is relying only on the allegations contained in the Complaint or other documents outside the pleadings of which the Court may take judicial notice. The Court may consider documents outside the pleadings on motions made pursuant to Rule 12(b)(2).

AUA is a medical school located and operated in Antigua. (Compl. ¶¶ 7, 8, 9). It is chartered and incorporated under the laws of Antigua and Barbuda. (February 18, 2021 Affidavit of Leonard Scalfani, Esquire. ("Aff.") ¶ 2). AUA offers a medical educational program leading to its medical doctorate (M.D.) degree. (Aff. ¶ 7). A degree from AUA is widely accepted as credential sufficient to satisfy the medical school educational requirements for licensure as a physician in countries around the world, including the United States. (*Id.*).

AUA's only location is in Antigua. (Aff. ¶ 5). AUA has no offices in South Carolina or anywhere in the United States. (Aff. ¶¶ 3, 5, 6). AUA is not registered in the state of South Carolina, nor does it have an agent designated to accept service of process in South Carolina. (*See* Aff. ¶¶ 2, 5). AUA is not a Florida corporation. (*See* Aff. ¶ 4, *compare with* Compl. ¶ 2). AUA contracts with certain vendors and service-providers based in the United States to provide it specific services.[3] (Aff. ¶ 11).

## B. THE CLAIMS

Plaintiff is a "4th year student in the medical degree program at" AUA. (Compl. ¶ 1). Plaintiff applied for certain clinical rotations to begin in the Fall of 2020. (Compl. ¶ 19). Before beginning a clinical rotation, Defendant, a well-established educational institution, requires

---

[3] One such vendor is Manipal Education Americas LLC ("Manipal"). Although mentioned in Plaintiff's Complaint, Manipal is not a party to this litigation, so Plaintiff's allegations related to Manipal are irrelevant. (*See, e.g.*, Compl. ¶¶ 3, 4). However, though not a party, Plaintiff incorrectly alleges that Manipal is a "New York corporation which serves as an agent for AUA in the United States through its association with Manipal Global Education Services." (Compl. ¶ 3). This allegation is false. (Aff. ¶ 15). Plaintiff also incorrectly claims in the Complaint that "among other things, Manipal serves as an agent for AUA and its students in arranging clinical rotations at healthcare facilities in the United States that are affiliated with AUA." (Compl. ¶ 4). This claim is also false. Manipal does not serve as an agent for AUA, and AUA is not "affiliated" with any "clinical rotations at healthcare facilities in the United States" through Manipal or otherwise. (Compl. ¶ 4; *see* Aff. ¶¶ 10, 11, 15). Instead, non-party Manipal is a separate and independent New York limited liability company—which, again, is not an agent for AUA in any capacity. Manipal provides back office and administrative services, such as accounting, IT, finance and registrarial services, to various institutions of higher education internationally. (*See* Aff. ¶¶ 12, 13, 15). Under a services contract, Manipal provides similar services to AUA. (*See Id.*).

3

students to provide certain up-to-date documentation, including a negative drug screen. (Compl. ¶ 37). Plaintiff was informed of such requirements and documentation that needed to be submitted to Defendant before Plaintiff began her October 5, 2020 rotation. (Compl. ¶ 31).

Rather than take and submit the negative drug screen as required by Defendant AUA, Plaintiff "submitted an altered copy of a prior negative drug screen . . . to the document specialist at [Defendant AUA in Antigua]"—as she concedes in her Complaint (Plaintiff "made a bad decision"). (Compl. ¶ 35). The investigation by AUA personnel concerning Plaintiff's falsified drug screen was not conducted in South Carolina. (Aff. ¶ 24; *see also* Compl. ¶ 38). Defendant then "instituted an honor code investigation against [Plaintiff]" and later a "grievance proceeding" related to her submission of a falsified negative drug screen. (Compl. ¶¶ 37, 38). No part of those proceedings, at which Plaintiff was afforded a full panoply of due process rights and all of which she availed herself, took place in South Carolina. (*See* Compl. ¶ 44; Aff. ¶¶ 21, 22, 24-28).

Plaintiff then filed this lawsuit in her home state of South Carolina alleging two state law claims against her Antiguan medical school. Both of Plaintiff's claims essentially arise out of the imposition of her disciplinary sanction of a six-month suspension—first, breach of contract and second, violation of the South Carolina Unfair Trade Practices Act ("SCUPTA").

### III.    THE COURT LACKS PERSONAL JURISDICTION OVER AUA

#### A. STANDARD OF REVIEW[4]

---

[4] The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court. For example, when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989); *see also Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 62 (4th Cir. 1993) (explaining how courts may consider affidavits from any party when applying the *prima facie* standard). When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. *See Combs,* 886 F.2d at 676; *Mylan Labs.,* 2 F.3d at 60.

When considering a motion to dismiss for lack of personal jurisdiction, "a plaintiff must establish facts supporting jurisdiction over the defendant." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) (citing *Combs*, 886 F.2d at 676). When personal jurisdiction is challenged based on written submissions (rather than in an evidentiary hearing), a plaintiff must make a "prima facie showing of sufficient jurisdictional basis." *Red Hill Ranch, LLC v. Old S. Carriage Co., Inc.*, 225 F. Supp. 3d 422, 424 (D.S.C. 2015).

"In deciding whether a plaintiff has proven a prima facie case of personal jurisdiction, a court may consider all parties' pleadings, affidavits, and other supporting documents presented to the court." *Sonoco Products Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404 (D.S.C. 2012) (internal quotation marks omitted). "Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Red Hill Ranch*, 225 F. Supp. 3d at 424 (quoting *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013)).

Here, Plaintiff has not shown that the Court has general or specific jurisdiction over AUA, and the Complaint should thus be dismissed.

### B. LEGAL ANALYSIS

#### 1. NO GENERAL PERSONAL JURISDICTION

Here, the Court's exercise of general jurisdiction over AUA would be incompatible with constitutional due process. The Supreme Court has narrowed the reaches of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014). General jurisdiction over corporate defendants only exists in three circumstances: "(1) in the forum where the defendant is incorporated; (2) in the forum where the defendant has its principal place of business; and (3) in a forum where a 'corporation's affiliations with the [forum] are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Sunny Days Entm't, LLC v. Traxxas, L.P.*, 376

F. Supp. 3d 654, 660 (D.S.C. 2019) (quoting *Daimler AG*, 571 U.S. at 138-39). The Court lacks general personal jurisdiction over AUA because this case does not fall into any of those three circumstances.

First, AUA is not incorporated in South Carolina. Despite the claim made in Plaintiff's Complaint, (*see* Compl. ¶¶ 2, 3, 4), AUA is incorporated under the laws of Antigua, and its principal place of business is in Antigua. (Aff. ¶¶ 2, 4). Second, AUA's principal place of business is not in South Carolina. In fact, AUA has no presence whatsoever in South Carolina, or the United States for that matter. (Aff. ¶¶ 2, 3, 5). The first and second factors are thus not satisfied.

Neither is the third—AUA's affiliations with South Carolina are certainly not "so continuous and systematic as to render [AUA] at home" in South Carolina. *Daimler AG*, 571 U.S. at 139; *see* (Aff. ¶¶ 3, 6). In fact, AUA has zero "affiliation" with South Carolina. It has no employees in the State, no offices in the State, and otherwise no connection to the State of South Carolina whatsoever. (*See* Aff. ¶¶ 3, 5, 6). Nor does Plaintiff allege any plausible facts from which a contrary conclusion could be inferred. In short, it certainly cannot reasonably be said that AUA, with its only Campus in Antigua, no employees in South Carolina, and its incorporation in Antigua, is "at home" in South Carolina. Accordingly, measured against the Supreme Court's mandate in *Daimler AG*, South Carolina is not a forum in which it would be permissible to subject AUA to general jurisdiction.

### 2. NO SPECIFIC PERSONAL JURISDICTION

Nor does the Court have specific personal jurisdiction over AUA. Because AUA does not reside within South Carolina, the Court must generally determine (1) whether the forum state's long-arm statute authorizes personal jurisdiction, and (2) if such authorization exists, whether the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth

6

Amendment. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). South Carolina has interpreted its long-arm statute to be coextensive with the due process clause. *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 611 S.E.2d 505, 508 (2005). Accordingly, the sole question becomes whether the exercise of personal jurisdiction would violate due process.

The Fourth Circuit has synthesized the due process requirements for asserting specific personal jurisdiction into a three-prong test, all of which fail here: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351–53 (4th Cir. 2020), *cert. denied,* No. 20-503, 2021 WL 78132 (U.S. Jan. 11, 2021) (quoting *Consulting Eng'rs Corp.*, 561 F.3d at 278); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). All three of these considerations demonstrate that this Court does not have personal jurisdiction over Defendant AUA.

In order to find that AUA's contacts with South Carolina are sufficient to establish specific personal jurisdiction, the Court must determine that the out-of-state AUA "engage[d] in some activity purposely aimed toward [South Carolina] and that the cause[s] of action [arose] directly from that activity." *Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft KG v. Texport, Inc.*, 954 F. Supp. 2d 415, 423 (D.S.C. 2013) (quoting *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331-32 (D.S.C. 1999)). AUA's actions must have been "directed at [South Carolina] *in more than a random, fortuitous, or attenuated way.*" *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (emphasis added).

7

Moreover, specific personal jurisdiction is claim-specific, *i.e.*, it "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Supreme Court and the Fourth Circuit have stressed that the minimum contacts analysis must "focus on the relationship among the defendant, the forum, and *the litigation*." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351–53 (4th Cir. 2020), *cert. denied,* No. 20-503, 2021 WL 78132 (U.S. Jan. 11, 2021) (emphasis added).

Here, the Complaint does not identify anything more than the bald and incorrect claim "on information and belief" that AUA has "multiple connections to the State of South Carolina sufficient to establish personal jurisdiction in this Court." (Compl. ¶ 2). However, Plaintiff fails to identify a single one of these so-called "multiple connections." Additionally, even with a liberal reading of Plaintiff's Complaint, the only allegations which could be read to relate to personal jurisdiction are insufficient. *See, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) ("Marriott's case-related contacts with South Carolina are too tenuous and too insubstantial to constitutionally permit the exercise of specific jurisdiction over Marriot" and finding there was no general jurisdiction).

Plaintiff's allegations that "AUA entered into a contract with [Plaintiff]" and "AUA has partnered with health institutions in South Carolina for purposes of providing rotation in various fields of medicine as part of the medical school curriculum for its medical students" are false. (*Id.*). AUA is not partnered with any South Carolina health institution. (Aff. ¶ 21). At Plaintiff's specific request, AUA permitted her to perform two elective clinical rotations at Grand Strand Hospital in Myrtle Beach, South Carolina as part of her education. With the exception of that one-time arrangement, AUA does not maintain any other connection to that facility, or to any other

8

South Carolina facility.[5] (Aff. ¶¶ 21, 22). AUA has no agreements with any hospital, clinic, person, or entity located in South Carolina either for the purpose of providing rotations for its students or otherwise; nor, with the exception of Plaintiff's two elective rotations, has any AUA student ever received any part or portion of his/her AUA education in South Carolina for at least the last ten years or longer. (Aff. ¶ 21).

Any business and/or activity in which AUA is involved in the United States is through contracts with third party vendors who operate in the United States. (Aff. ¶ 11). AUA does so by contracts with these vendors under which they provide various services for AUA in order for AUA to more efficiently fulfill its global educational mission. (*Id.*). AUA itself does not have any contracts, connections, or partnerships with healthcare providers or institutions in South Carolina or elsewhere in the United States. (Aff. ¶¶ 20, 21).

But even taking those allegations as true, they are entirely insufficient to satisfy the constitutional due process requirements for the exercise of specific jurisdiction over AUA for any of Plaintiff's claims. Neither Plaintiff's breach of contract nor SCUTPA claim arises from or has any causal connection with South Carolina. Although Plaintiff is a resident of South Carolina who happens to attend medical school in Antigua at AUA, such a fact does not suffice to confer personal jurisdiction over AUA. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (explaining that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there").

To be sure, neither of Plaintiff's claims "arises from" nor has a "causal" connection with

---

[5] In connection with Plaintiff's request to perform an elective rotation at Grand Strand Hospital, AUA signed a Visiting Student Implementation Letter ("Letter") with that institution under which the hospital agreed to provide those clerkship rotations solely for Plaintiff. No other student is impacted by this one-time Letter and AUA does not have a relationship or connection with that institution (or any institution in South Carolina) outside of that. (Aff. ¶ 21).

South Carolina. Thus, the Complaint does not satisfy the requirements of constitutional due process for the exercise of specific jurisdiction over AUA for any of Plaintiff's claims. All of the Plaintiff's claims are based on the core allegations that (1) AUA's Student Handbook and/or other documentation constitutes a "contract" with Plaintiff that was allegedly breached (Compl. ¶ 17); and (2) AUA breached the contract in a variety of ways, including alleged failure to satisfy CAAM-HP accreditation standards, which also constituted violations of the SCUPTA (*see generally* Compl. at 12-25). On the contrary, the heart of Plaintiff's Complaint concerns AUA's objective disciplinary process and procedures at its Antiguan campus, and how such a process was allegedly unfair as applied to Plaintiff.. (*See, e,g.*, Compl. ¶¶ 58, 59). These core allegations at the center of each of her claims have no relationship with South Carolina.

Glaringly absent from Plaintiff's allegations is any plausible fact demonstrating how any of Plaintiff's claims has anything to do with South Carolina. That is because Plaintiff has not and cannot allege that any of the purported decisions or conduct underlying her claims occurred in South Carolina or are otherwise connected to South Carolina. The September 21, 2020 Professional Standards Committee proceeding concerning Plaintiff's submission of a falsified drug screen was conducted by AUA's independent Professional Standards Committee and occurred at AUA's Campus in Antigua. (Aff. ¶¶ 25, 26). The Professional Standards Committee's recommendation that Plaintiff be expelled (Compl. ¶ 40) was submitted to AUA's Dean of Basic Sciences, who is a full time resident of Antigua. (Aff. ¶ 27). Additionally, Plaintiff appealed her expulsion specifically to AUA's President. (Aff. ¶ 28). All of the conduct giving rise to Plaintiff's purported claims took place in Antigua, and AUA has no connection whatsoever to South Carolina.

In sum, there is no general personal jurisdiction as AUA is neither incorporated nor maintains its principal place of business in South Carolina, and it has no continuous or systematic

10

affiliations with contact sufficient to render it "at home" in South Carolina. Moreover, there is no specific personal jurisdiction because AUA lacks the requisite contacts to confer such jurisdiction on this Court, and Plaintiff's claims have no connection to South Carolina. AUA's principal (and only) offices are located on its campus in Antigua. AUA does not transact any business in business in South Carolina either directly or indirectly. AUA has no employees in the State of South Carolina. Plaintiff's claim that AUA has "multiple connections to the State of South Carolina" is simply untrue and is rebutted by Mr. Sclafani's Affidavit. (*See* Aff. ¶¶ 2-6).

Plaintiff has thus failed to set forth a prima facie case for personal jurisdiction, and the Complaint should be dismissed in its entirety.

## IV.     SOUTH CAROLINA IS IMPROPER FORUM

The Complaint in this case should be dismissed for the additional reason of *forum non conveniens*—South Carolina is an improper forum, and another court—in Antigua—is better suited to hear this case.

Courts considering whether dismissal based on *forum non conveniens* is appropriate engage in a two-step analysis. *See Sonoco Prod. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 410–12 (D.S.C. 2012). First, it must be determined "whether an alternative forum is available." *In re Compania Naviera Joanna S.A.,* 531 F. Supp. 2d 680, 684 (D.S.C. 2007) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22 (1981)). Second, if an alternative forum is available, "the court must apply various factors to determine whether the private litigants' interests and the public interest require dismissal." *Id.* (citing *Piper Aircraft Co.,* 454 U.S. at 257–61). Applied here, the two-step analysis decidedly favors dismissal of the Complaint.

For an alternative forum to exist, the forum must be available and adequate. *Sonoco Prod.*, 877 F. Supp. 2d at 410. The availability requirement is generally "satisfied when the defendant is

11

amenable to process in the [foreign] jurisdiction." *In re Compania Naviera Joanna S.A.*, 531 F. Supp. 2d at 684. A foreign forum is adequate when "(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* (quoting *Mercier v. Sheraton Int'l, Inc.,* 935 F.2d 419, 424 (1st Cir. 1991)).

Here, there is an alternative and adequate forum in Antigua. Antigua and Barbuda have a robust system of jurisprudence based on British common law and a court system that is more than adequate to provide Plaintiff with due process and where all parties can come within the forum's jurisdiction. The first factor is accordingly satisfied.

Provided that an alternative forum does exist as it does here, the court must next determine whether public and private interests necessitate dismissal in the current forum. The Fourth Circuit has explained that "[t]he private interest factors focus on the litigants and include the consideration of the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 90 (quoting *Piper Aircraft,* 454 U.S. at 241 n. 6). In contrast, "[t]he public interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 241 n. 6).

In light of these factors, Plaintiff's Complaint should be dismissed on *forum non conveniens* grounds. Consideration of the private and public factors favors dismissal of the Complaint and application of *forum non conveniens* is particularly prudent in this case. Plaintiff has brought a lawsuit in South Carolina alleging two claims that have no connection to South Carolina. South Carolina has no interest in the case. AUA is an Antiguan medical school and all of the decisions relevant to Plaintiff's claims were made in Antigua; all of the key witnesses are located in Antigua; and South Carolina has no interest in, or nexus to, the subject matter of this case, while Antigua does. (*See, e.g.*, Compl. ¶¶ 58, 59) (alleging a list of purported violations or divergence from the student handbook in connection with the disciplinary process, all of which took place in Antigua); *see also Sonoco Prod. Co.*, 877 F. Supp. 2d at 411 (finding that public interest factors include "the local interest in having localized controversies decided at home" and the "interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action").

AUA is located in Antigua, potential pertinent witnesses and documentary evidence are located in Antigua, and Plaintiff attended medical school in Antigua. All allegations relating to the disciplinary process at AUA took place in Antigua. (Aff. ¶¶ 22, 24). *See generally Patel v. Am. Univ. of Antigua*, 104 A.D.3d 568, 569, 962 N.Y.S.2d 107, 109 (2013) (reversing trial court's denial of motion to dismiss on *forum non conveniens* grounds due to availability of better forum in Antigua); *Alla v. Am. Univ. of Antigua*, 106 A.D.3d 570, 965 N.Y.S.2d 469, 469 (2013) (affirming dismissal of complaint based on *forum non conveniens* where case should be adjudicated in Antigua); *Aina v. Am. Univ. of Antigua*, 161 A.D.3d 508, 508–09, 73 N.Y.S.3d 430 (2018) (affirming dismissal of case based on *forum non conveniens* due to availability of better

13

forum and noting that the "fact that [AUA] retains a New York firm to provide administrative support is not sufficient to render New York an appropriate forum").

In short, application of the two-step analysis *forum non conveniens* analysis supports dismissal. AUA is in Antigua and subject to jurisdiction there and the private and public interests favor dismissal of the case in this forum: the premises where the alleged actions and decisions occurred is in Antigua; all investigations and hearings occurred in Antigua; and Plaintiff attended school in Antigua. (Aff. ¶¶ 22-28); *see, e.g.*, *Sonoco Prod. Co.*, 877 F. Supp. 2d at 412. This Court should therefore dismiss the Complaint in its entirety.

## V. CONCLUSION

Accordingly, for the reasons set forth herein, this Court does not have personal jurisdiction over Defendant, and South Carolina is an improper forum for handling this case. Defendant therefore respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and without opportunity to amend.

Respectfully submitted,

/s/ Angus H. Macaulay
Angus H. Macaulay, Fed. ID No. 5248
Brittany N. Clark, Fed. ID No.
AMacaulay@nexsenpruet.com
BClark@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
PHONE:  803.771.8900
FACSIMILE:  803.727.1435

*Attorneys for Defendant American University of Antigua Inc.*

February 22, 2021
Columbia, South Carolina