# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Emily Doe, <br><br> Plaintiff, <br><br> v. <br><br> American University of Antigua, Inc., <br><br> Defendant. | C/A No. 4:20-cv-04445-JD <br><br><br> **AFFIDAVIT OF** <br> **LEONARD A. SCLAFANI, ESQUIRE** |

Personally appeared before me the undersigned, who having been sworn, deposes and states, under penalty of perjury, that:

1. I am an attorney licensed to practice in the State of New York. I am employed as the Senior Vice-President and General Counsel for Manipal Education Americas, LLC ("Manipal"). In that position, I provide legal services to American University of Antigua ("AUA") pursuant to a contract between Manipal and AUA. In my position as counsel to AUA, I have personal knowledge of the matters set forth herein.

2. AUA is a private university located in Antigua and Barbuda, West Indies. It is incorporated, organized, registered and exists under the laws of Antigua and Barbuda, is chartered by the government of that nation, and has its only campus there. (*See* Copies of AUA's Certificate of Incorporation and Charter, attached as Exhibit 1.)

3. AUA has no offices in South Carolina. In fact, AUA has no offices anywhere in the United States.

4. Contrary to the Plaintiff's claims (Complaint ¶ 2), AUA is not a Florida Corporation. AUA filed in Florida as a foreign corporation in order to obtain authorization to do business in that State. (*See* AUA's filing with the Florida Secretary of State as a foreign corporation,

attached as Exhibit 2.) AUA only did so to satisfy a condition of the Florida Commission on Independent Education (the Florida "CIE") for the grant of authority for AUA students to obtain clinical experiences provided by non-State owned and/or operated teaching hospitals with which AUA contracts.

5. AUA's principal (and only) offices are located on its campus in Antigua. To reiterate, AUA has no offices in South Carolina, Florida, or anywhere else in the United States.

6. AUA has no employees in the State of South Carolina. AUA does not transact any business in South Carolina, either directly or indirectly.

7. Through its College of Medicine, AUA offers an educational program leading to its medical doctorate (M.D.) degree, which is widely accepted as credential sufficient to satisfy the medical school educational requirements for licensure as a physician in the member countries of the Caribbean Community, of which Antigua and Barbuda is one, as well as in all of the States and Territories of the United States, in Canada, in Great Britain, in India, and in other countries around the world.

8. AUA's medical doctorate program mirrors the medical doctorate programs of medical schools in the United States. As is the case with medical schools in the United States, AUA's M.D. program consists of two parts, which are delivered over the course of approximately four years. The first part consists of approximately two years of small and large group classes and lab work in the Basic Sciences as well as an introduction to the clinical sciences. These courses of study are provided to students on AUA's campus in Antigua and at St. John's Medical Center, also located in Antigua.

9. Many of the teaching hospitals at which AUA's medical students train also train medical students who are enrolled in United States' medical schools through the same clerkships by which AUA's students are trained.

10. None of the teaching hospitals with which AUA has contractual affiliations for the purpose of providing clerkship training for AUA's students is located in South Carolina.

11. Any business and/or activity in which AUA is involved in the United States is through contracts with third party vendors who operate in the United States. AUA does so by contracts with these vendors pursuant to which the third parties provide various services for AUA in order for AUA to more efficiently to fulfill its educational mission.

12. One such business with whom AUA has contracted for the provision of services is Manipal. Manipal is a New York limited liability company that maintains its principal offices in New York City. (*See C*opy of the Manipal's Entity Information Report with the New York State Secretary of State, attached as Exhibit 3).

13. Under and pursuant to its contract with AUA, Manipal provides back office and administrative services for AUA, including registrarial, recruiting, marketing, IT, financial, accounting and legal services.

14. Similar to AUA, Manipal has no offices or employees in South Carolina and transacts no business in South Carolina.

15. Plaintiff alleges that Manipal is a New York corporation which serves as agent for AUA in the United States through its association with Manipal Global Educational Services. (Complaint ¶ 3). Plaintiff also alleges "upon information and belief" that AUA is associated with Manipal Global Education Services. (*Id.*).

16. Manipal is not a corporation nor is it associated with Manipal Global Education Services.

17. Further, AUA and Manipal are not customers of Manipal Global Education Services.

18. Manipal Global Education Services provides no services whatsoever for AUA or Manipal, and has no contractual or other relationship with AUA or Manipal. Further, AUA and Manipal do not provide any services for, or have any contractual or other relationship with, Manipal Global Education Services.

19. To my knowledge, Manipal Global Education Services operates in India and in other Asian countries. It does not have any customers and provides no services in the United States, generally or in South Carolina, more specifically.

20. Plaintiff alleges "upon information and belief" that AUA "has partnered with health institutions in South Carolina for purposes of providing rotation [sic] in various fields of medicine as part of the medical school curriculum for its medical students." (Complaint ¶ 2).

21. This statement is not true. At no time has AUA partnered with any persons or entities in South Carolina, either in connection with the education of its students or otherwise. AUA permitted Plaintiff to perform two elective clinical rotations at Grand Strand Hospital, Myrtle Beach, South Carolina, upon her request. In connection with this request, AUA signed a one-time agreement with that institution under which that hospital agreed to provide those clerkship rotations solely for Plaintiff. (*See* Visiting Student Implementation Letter, attached as Exhibit 4). AUA has no agreement with any hospital, clinic, person or entity located in South Carolina either for the purpose of providing rotations for its students or otherwise; nor, with the exception of Plaintiff's two elective rotations, has any AUA student received any part or portion of his/her education as an AUA student in South Carolina in the last 10 years or longer.

22. None of the events or circumstances underlying Plaintiff's claims in this matter involve any of the clerkships that Grand Strand Hospital agreed to provide for Plaintiff. Neither do they involve AUA's one time agreement with Grand Strand Hospital to provide those clerkships solely to Plaintiff, or to South Carolina generally, except that Plaintiff was engaged in one of the two clerkships that Grand Strand Hospital agreed to provide for her as of the date that she submitted the altered drug screen report to AUA. (*See* Complaint ¶ 37).

23. During the course of her education, Plaintiff attended medical school classes in-person in Antigua.

24. The investigation concerning the Plaintiff's falsified drug screen, (Complaint ¶ 37), was directed by a Manipal Clinical Coordinator in New York under and pursuant to Manipal's contract with AUA and was conducted by AUA employed personnel from and on AUA's campus in Antigua.

25. AUA's September 21, 2020 Professional Standards Committee proceeding (mislabeled by Plaintiff in her Complaint as a "grievance proceeding") against the Plaintiff (Complaint ¶ 38) occurred at AUA's Campus in Antigua.

26. All but one of the Professional Standards Committee hearing panel members, consisting of AUA faculty and one AUA student, who heard Plaintiff's disciplinary case attended the hearing on AUA's campus in Antigua. A single member of that panel participated remotely from New York.

27. The Professional Standards Committee's recommendation that Plaintiff be expelled (Complaint ¶ 40) was submitted to AUA's Dean of Basic Sciences, Dr. John Yerman, M.D.

Dr. Yerman accepted that recommendation. Dr. Yerman's sole office is on AUA's Antigua campus. Dr. Yerman is a full time resident of Antigua.

28. Plaintiff appealed her expulsion to AUA's President, Neal Simon. (Complaint ¶ 41).

FURTHER AFFIANT SAYETH NAUGHT this 18th day of February, 2021.

_____
Leonard A. Sclafani, Esq.

Sworn to and subscribed before me
This 18th day of February, 2021.

_Craig Hauser 2/18/2021_
Notary Public, State of New York

Craig Hauser
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HA6334620
Qualified in New York County
Commission Expires December 21, 2023