**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe, ) | Civil Action No.: 4:20-cv-04445-JD |
| Plaintiff ) | |
| vs. ) | **REPLY TO RESPONSE** |
| ) | **MOTION TO PROCEED** |
| American University of Antigua, Inc., ) | **USING PSEUDONYM** |
| ) | |
| Defendant. ) | |

Plaintiff filed a Motion to Proceed Using a Pseudonym (the "Motion") on December 28, 2020 (ECF No. 5). Plaintiff now submits this Reply to Defendant's Response (ECF No. 11) and respectfully renews her request for relief, reasserting that the discretion of the Court to allow anonymity is sufficiently justified under the circumstances, especially so during the preliminary stages of this litigation at minimum. Plaintiff further responds to Defendant's opposition to her motion as follows:

The gist of Defendant's response assertion is that Emily should not be afforded anonymity because it does not enjoy the same and that Emily has claimed things in her complaint that show the Defendant in an unflattering light. Although couched as a discussion of Emily's ability to proceed anonymously, it is effectively an articulation of a desire to continue and perpetuate the same sort of treatment complained of, a disciplinary process at Defendant AUA that was completely devoid of any constitutional protections and contractual obligations that pre-ordains the outcome of the proceedings. It is the proverbial "heads we win, tails you lose" structure they seek. Here, Emily is still being damaged by continued acts and omissions of Defendant AUA, who remains intent on averting any meaningful process for relief or salvage of her large financial investment at Defendant AUA.

For purposes of this motion, Emily respectfully asserts that the allegations of her complaint must be deemed to be true, similar to the view the Court would take on a motion to dismiss. *Ashcroft v.* Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), cited in *Robinson v. East Carolina University et al.*, 329 F.Supp.3d 156 (E.D.N.C. 2018). Defendant adopts that same premise in its opposition. (ECF No. 11, fn. 1).

This Court should therefore decide and address this issue as pleaded, which fully reflects that Emily has endured a "constitutionally inadequate disciplinary process" largely in part because of the apparent prejudgment of the "witnesses" who testified against her and the withholding of evidence by Defendant AUA. *See John Doe v. The Rector and Visitors of George Mason University*, 179 F.Supp.3d 583 (E.D.Va. 2016). In *John Doe*, the District Court noted it was "important to order a remedy that removes any stain on plaintiff's reputation and allows plaintiff to complete his education" at the Defendant university. *Id*. at 588. The District Court recognized that a remedy allowing anonymity only after the merits of the case had been heard offers little in the way of real protection.

Emily recognizes that allowing her to proceed using a pseudonym is a "rare dispensation" but would show that there is little, if any, public interest in the public knowing the specific identity of the student to which AUA has done such harm. *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). A District Court should examine whether "extraordinary circumstances support" a request to proceed anonymously, and to "balance the party's stated interest in anonymity against the public's interest in openness and prejudice that anonymity would pose to the opposing party." *Id*. at 274.

Defendant AUA's opposition is based upon its compelling anger that Emily has brought this action at all, and it has gone out of its way to portray her in as negative a light as possible even

2

while ostensibly accepting the pleaded facts as true. In fact, Defendant AUA is the one who so blatantly suppressed Emily's demonstrable absence of drug use evidence in the proceedings below so as to preordain the result it wanted. Here, it does the same, by slinging salacious allegations instead of acknowledging that Emily is a leading student to which an excellent medical education has been provided and who should serve as an example of their finest graduates, but for the calamity that completely boggled the disciplinary process. Of significant import is that, while opposing Emily's request to proceed using a pseudonym, Defendant AUA does not seek the same, for itself, demonstrating its opposition to Emily's request is made in bad faith.

Emily is struggling to salvage her medical school career while Defendant AUA plays out its temper tantrum in filings with this Court. There is absolutely no risk to Defendant AUA in allowing Emily to proceed anonymously. Defendant AUA is a private school, as opposed to a public institution, which lessens the desire and need of the public to know the sordid details about what AUA has done to Emily. *John Doe, supra* 594.

Not only is Emily attempting to salvage her medical education, she must also salvage her reputation, which AUA is vigorously attempting to undermine irrevocably by false suggestions that she is a drug user. She recognizes she has to establish her "weighty burden" of "demonstrating a concrete need for such secrecy, and identifying the consequences" of being required to litigate in her own name. *In re: Sealed Case*, 971 F.3d 324 (D.C. 2020), citing *Doe v. Blue Cross & Blue Shield*, 112 F.2d 869, 872 (7th Cir. 1997).

Emily would submit that the opposition by Defendant AUA standing alone demonstrates that AUA wants to handicap her in every possible way, not just in this litigation but in what she hopes will eventually become a respected practitioner of medicine in the United States. Defendant

AUA's spite against her is brimming from its opposition, and should be examined independently to see why such venom is exhibited.

"A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068, cited in *Mother Doe v. Richland County School District Two,* No. 3:18-cv-02731-CMC (Currie, J., Order dated March 12, 2020).

Emily acknowledges that her request is one of "rare dispensation." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In addressing this issue, Emily asks the Court to focus not on potential embarrassment or annoyance she may sustain as a result of litigating in her own name. As set forth in the complaint, Emily's entire future as a medical profession has been and will continue to be tainted by the wrongful acts of the Defendant. Emily's damages against Defendant AUA may well be mitigated if she is able to litigate this matter using a pseudonym, in that the Defendant's attempt so sully her reputation cannot be accomplished unless the Court requires her to litigate using her full name[1]. In contrast, and perhaps the very reason Defendant opposes the motion is in recognition of this fact, that irreparable harm may preclude meaningful relief against Defendant regardless of outcome if anonymity is not protected during this litigation.

Emily would submit that Defendant AUA knows that its best defense to this action is its effort to force Emily to be named in these proceedings, which places her in a position of having to decide whether she can professionally survive the litigious attacks to which Defendant AUA has already subjected her in order to recover for the damages she has already sustained and will

---

[1] "Character is much easier kept than recovered." Thomas Paine (1737-1809).

continue to sustain. If this was a case in which a public university was involved, such that expenditure of public funds requires the sunshine of public scrutiny, the Court's inquiry would be different.

Here, however, there is absolutely <u>no</u> risk of harm or prejudice to Defendant AUA of allowing Emily to proceed using a pseudonym, and Defendant AUA does not seriously suggest otherwise, and instead merely, and unfairly, dismisses Emily's legitimate concerns and interests because they are not shared by, or inure to the benefit of, Defendant.

Emily recognizes the presumption of openness of court proceedings, but it is not inviolate, and subject to the Court's discretion. She asks that Defendant AUA's opposition to her motion to proceed anonymously be examined in conjunction with its newly-filed Motion to Dismiss, in which Defendant argues this Court lacks jurisdiction over it at all. (ECF 15). At a minimum, Emily would assert that a decision on her motion to proceed using a pseudonym be deferred until after Defendant AUA's Motion to Dismiss is adjudicated. Defendant AUA wants nothing to do with the United States, as is apparent from its filings. Paradoxically, it urges this Court to grant it protections ordinarily reserved to litigants unlike itself, whose presence in United States court does not involve an attempt to flee the jurisdiction altogether.

## **CONCLUSION**

Wherefore, Emily renews her motion to be permitted to proceed using a pseudonym. In the alternative, she asks that the Court's decision on this issue be deferred until the Court has dealt with the Motion to Dismiss Defendant AUA, to which Emily will fully respond.

Respectfully submitted,

                                      s/ Desa Ballard
                                      Desa Ballard (ID# 1179)
Harvey M. Watson III (ID# 9271)

BALLARD & WATSON
226 State Street
West Columbia, SC  29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

February 24, 2021