**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe,<br><br>            Plaintiff,<br><br>vs.<br><br>American University of Antigua Inc.,<br><br>            Defendant. | C.A. No. 4:20-cv-04445-JD<br><br>**DEFENDANT'S REPLY<br>IN SUPPORT OF ITS<br>MOTION TO DISMISS<br>PLAINTIFF'S COMPLAINT** |

Defendant American University of Antigua Inc. ("AUA" or "Defendant"), by and through undersigned counsel, submits the following Reply to Plaintiff Emily Doe's ("Plaintiff") "Response to Motion to Dismiss and Motion to Permit Discovery on Personal Jurisdiction" (Dkt. No. 17) ("Response").[1]

## I.  INTRODUCTION

This Court does not have personal jurisdiction over Defendant AUA. Plaintiff's Response offered no material or plausible connections between AUA and South Carolina, or between Plaintiff's claims and South Carolina, which are sufficient to make a prima facie showing of personal jurisdiction. The law is clear that "[o]nce a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Red Hill Ranch*, 225 F. Supp. 3d at 424 (quoting *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013)). Plaintiff has failed to provide such evidence of sufficient contacts required to confer personal jurisdiction.

---

[1] Shortly after filing the Complaint in this case, Plaintiff filed a Motion to Proceed under Pseudonym on December 28, 2020, (Dkt. No. 5), to which Defendant responded in opposition on February 3, 2021 (Dkt. No. 8). Plaintiff's reply to Defendant's opposition was filed on February 24, 2021. (Dkt. No. 16). That Motion remains pending.

Plaintiff's Affidavit and the other Response Exhibits contain nothing more than speculation and hearsay, and are certainly not derived from any first-hand or personal knowledge. (*See* Pl. Aff. at Exh. H to Resp. Br., Dkt. No. 17-8). Moreover, most, if not all, of the speculative points made by Plaintiff in her Affidavit are wholly irrelevant to the personal jurisdiction inquiry. Because Plaintiff has not shown that the Court has general or specific personal jurisdiction over AUA, the Complaint should be dismissed.[2]

## II. ARGUMENT

### A. PLAINTIFF DID NOT CONTEST THAT DISMISSAL IS APPROPRIATE BASED ON *FORUM NON CONVENIENS*, OR IMPROPER VENUE

At no place did Plaintiff's Response contest Defendant's argument that Plaintiff's Complaint should be dismissed in its entirety on the basis of *forum non conveniens* and/or for improper venue under Federal Rule of Civil Procedure 12(b)(3). (*See* AUA's MTD Memo., Dkt. No. 15-1 at 11-14). Because Plaintiff has failed to address this argument, it is undisputed that the Complaint should be dismissed in its entirety on these grounds. *See Little v. Brown & Williamson Tobacco Corp.*, No. 2:98-1879-23, 1999 WL 33591436, at *2 (D.S.C. Oct. 4, 1999) ("Plaintiff did not contest this argument . . . . Therefore, to whatever extent plaintiff's second amended complaint states a claim [based on the uncontested argument], that claim is dismissed."); *Colston v. First Guarantee Com. Mortg. Corp.*, 665 F. Supp. 2d 5, 9 (D.D.C. 2009) (finding that plaintiff who, in response to defendant's motion to dismiss, failed to contest defendant's argument that it was never properly served "therefore concede[d]" the argument); *Seider v. Hutchison*, No. 3:06-CV-215,

---

[2] AUA proffered evidence, and Plaintiff does not dispute, that none of AUA's campuses are located in South Carolina, none of AUA's offices are located in South Carolina, none of AUA's employees perform work for AUA in South Carolina, AUA owns no real estate in South Carolina, and that AUA maintains no registered agent in South Carolina. There are insufficient minimum contacts with South Carolina to confer personal jurisdiction over AUA in this case. *See LeBlanc v. Trustees of Indiana Univ.*, No. CIV. JFM-12-2162, 2012 WL 5266126, at *1 (D. Md. Oct. 23, 2012) (finding no personal jurisdiction over university in case by employee alleging employment discrimination).

2009 WL 2430824, at *4 (E.D. Tenn. Aug. 5, 2009) ("[I]n his response brief, plaintiff [] did not contest the arguments in the motion to dismiss which assume that [defendant] was sued in is official capacity. Accordingly, plaintiff [] has only sued [defendant] in his official capacity."); *Goldstein v. Exxon Mobil Corp.*, No. 17-2477 DSF (SKX), 2018 WL 5849930, at *2 (C.D. Cal. Aug. 13, 2018) (Plaintiffs did not address this argument in their opposition [to defendant's motion to dismiss], and the Court deems lack of opposition to constitute a waiver."); *Resnick v. Hyundai Motor Am., Inc.*, No. CV-1600593-BRO, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."); *Aberman v. Bd. of Educ. of City of Chicago*, No. 12-CV-10181, 2014 WL 4912139, at *2 (N.D. Ill. Sept. 30, 2014) ("Because Plaintiff did not address [certain of] Defendants' arguments in her response to the motion to dismiss, she has waived these claims."); *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) (affirming district court's grant of motion to dismiss where plaintiff failed to address defendants' arguments supporting dismissal: "Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

    As noted in Defendant's Motion to Dismiss, application of the two-step *forum non conveniens* analysis supports dismissal of the Complaint. (*See* MTD Memo., Dkt. No. 15-1 at 11-14). AUA is an Antiguan University with its only campus, where Plaintiff attends medical school, located in Antigua. AUA is subject to jurisdiction in Antigua and the private and public interests favor dismissal of the case from this forum: the premises where the alleged actions and decisions occurred is in Antigua; all investigations and hearings occurred in Antigua; and the majority of witnesses and other evidence is in Antigua. (*See* Sclafani Aff. ¶¶ 22-28, Dkt. No. 15-2); *see, e.g.*,

3

*Sonoco Prod. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 412 (D.S.C. 2012). This Court should therefore dismiss the Complaint in its entirety based on AUA's uncontested argument regarding *forum non conveniens* and/or improper venue.

### B. MR. SCLAFANI'S AFFIDAVIT IS APPROPRIATE AND RELIABLE

Plaintiff claims, with zero support and no case law, that "[t]he inferences to be considered in Plaintiff's favor include the unreliability of such a biased affidavit," referring to Mr. Sclafani's Affidavit in Support of Defendant's Motion to Dismiss. (Pl. Resp. Br. at 2; *see* Sclafani Aff. at Dkt. No. 15-2). There is no reason why the Court should not consider this Affidavit, and the Affidavit is appropriate and should be given evidentiary weight. *See In re B & B Utilities, Inc.*, 208 B.R. 417, 424 (Bankr. E.D. Tenn. 1997) (affidavits can be considered when they are based upon the personal knowledge of the affiant); *see also* Fed. R. Civ. P. 56(c)(4) (noting that an "affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

Mr. Sclafani testified through the Affidavit, under oath, that he had personal knowledge of every statement he made. (Sclafani Aff. at Dkt. No. 15-2). However, out of an abundance of caution, AUA submits Mr. Sclafani's Supplemental Affidavit in specific reply to Plaintiff's unsupported claim that his prior Affidavit was unreliable. (*See* Supp. Aff. of Mr. Sclafani, Esq. ("Supp. Aff."), attached as Exh. A); *see also Diaz-Verson v. Aflac Inc.*, No. 811-CV-852-T-17TBM, 2012 WL 398353, at *5 (M.D. Fla. Jan. 11, 2012), *R&R adopted*, 2012 WL 398329 (M.D. Fla. Feb. 8, 2012) ("If the plaintiff fails to refute the defendant's affidavits with sworn proof to prove jurisdiction, the defendant's motion to dismiss must be granted.") (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989)).

4

Mr. Sclafani's Supplemental Affidavit further verifies that he has personal knowledge of AUA and its administration, and he has set forth sufficient facts establishing the basis of his personal knowledge. (*See generally* Supp. Aff. at Exh. A). Every statement made by Mr. Sclafani in his Affidavits was made under oath and was based on his direct knowledge. Mr. Sclafani has served as counsel to AUA for thirteen years. (Supp. Aff. ¶ 1(b)). In that role, he has gained a full understanding about and had first-hand involvement in most every aspect of the administration of AUA, its operation, its Human Resources, and its Medical Doctor (M.D.) Program. (*See* Supp. Aff. ¶ 1(a), (b) and (c)-(g)) Mr. Sclafani certainly has personal knowledge of the facts supporting every statement made in his Affidavits, and his Affidavits should therefore be given evidentiary weight. As noted below, *infra* Section C, Mr. Sclafani's Supplemental Affidavit also provides even further evidence that there is no personal jurisdiction over AUA in this case, and that AUA lacks sufficient contacts with South Carolina necessary to establish such jurisdiction. (*See generally id.*).

## C. PLAINTIFF FAILS TO OVERCOME LACK OF PERSONAL JURISDICTION OVER AUA

Plaintiff alleges that personal jurisdiction exists because AUA has contacts with South Carolina through "contractual connections," "senior administration connections," and "student or graduate connections." (Resp. Br. at 3-7). None of these "connections" is sufficient to establish the requisite contacts between AUA and South Carolina to confer general or specific personal jurisdiction over AUA here.

It is well-established that "a university or college cannot be deemed 'at home' in a forum merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799–801 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016); *see also Richards v. Duke Univ.,* 480 F. Supp. 2d

5

222, 230 (D.D.C. 2007) (recruiting students, raising funds, participating in events, hosting faculty, and conducting government relations and lobbying in the District of Columbia was insufficient to establish personal jurisdiction); *Scherer v. Curators of Univ. of Missouri & L. Sch. Admission Council*, 152 F. Supp. 2d 1278, 1282 (D. Kan. 2001) ("As an initial matter, plaintiff has directed the court to no case in which a university from a nonforum state has been held subject to the general jurisdiction of a forum state and, in fact, every case which the court has uncovered holds directly to the contrary.") (collecting cases).

Here, the Plaintiff has alleged nothing more than conclusory and inadequate purported "connections" that do not suffice to establish personal jurisdiction over AUA in this case. *See Isaacs v. Trustees of Dartmouth Coll.*, No. CIV.A. 13-5708, 2014 WL 4186536, at *1 (E.D. Pa. Aug. 25, 2014), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015) (holding that *de minimis* contacts, including holding securities held by a bank headquartered in PA or the recruiting of athletes, students, and faculty living in the state, or the admission and enrollment of students coming from the state, all of which any national university may have with the state, are inadequate to establish personal jurisdiction over defendant university). Moreover, connections like those advanced by Plaintiff would never suffice to confer personal jurisdiction, no matter how numerous.

### 1. No South Carolina "Contractual Connections" Sufficient to Establish Personal Jurisdiction Over AUA

Plaintiff alleges, without any legal support, that two purported "contractual connections" between AUA and South Carolina are sufficient to confer personal jurisdiction over AUA in this case. As explained below, Plaintiff's argument is without merit.

### i. No Personal Jurisdiction Based On One-Time Letter With Grand Strand Unique To Plaintiff

6

Plaintiff appears to allege that because AUA permitted her to do two clinical rotations at a hospital in South Carolina—an arrangement that she requested and was unique to her and limited in duration—AUA is thus subject to personal jurisdiction in South Carolina. (*See* Pl. Resp. Br. at 3-4). As explained in AUA's Motion to Dismiss as well as in Mr. Sclafani's First and Supplemental Affidavits, this one-time arrangement applied only to Plaintiff and was a single occurrence that has since expired.[3] (*See* Supp. Aff. ¶ 1(m)-(s)); *see also* Dkt. No. 15-1 at 9-10; *see also* Sclafani Aff. at Dkt. No. 15-2 ¶ 21 and Exh. 4 at 15-5 (Student Implementation Letter)). As noted in Mr. Sclafani's Supplemental Affidavit, the Implementation Letter constituted a "one-time, one student arrangement" (which has since expired), and was done only for the Plaintiff in an effort to accommodate her specific request. (Supp. Aff. ¶ 1(m), (n), (r)).

Such a one-off occurrence is insufficient to render AUA "at home" in South Carolina and is insufficient to confer personal jurisdiction over AUA. *See Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014); *see also Am. Univ. Sys., Inc. v. Am. Univ.,* 858 F. Supp. 2d 705, 713–14 (N.D. Tex. 2012) ("In similar cases involving the issue of personal jurisdiction over an out-of-state educational institution, courts have unanimously determined that the institution is not subject to general personal jurisdiction where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university."). Plaintiff's implication that the Letter could somehow be construed to apply to "students" other than Plaintiff is without merit, as is her contention that, despite the express expiration date of October 2020, there is some "potential" for "renewal since." (*See* Resp. at 3). Mr. Sclafani's Supplemental Affidavit makes clear that the

---

[3] Plaintiff concedes as much in her Complaint when she notes that AUA is <u>not</u> affiliated with Grand Strand. (Compl. ¶¶ 19, 20) ("Emily submitted a non-affiliated hospital clerkship request to her clinical coordinator at AUA").

arrangement was limited to Plaintiff's specific rotation request and only applied to her. (Supp. Aff. ¶ 1(p), (r)).

Moreover, nothing in that one-time Student Implementation Letter bears any relationship to any of the claims set forth in Plaintiff's Complaint. (*See* Compl. at Dkt. No. 1; *see also see also* Aff. at Dkt. No. 15-2 ¶ 21 and Exh. 4 at 15-5 (Student Implementation Letter)). Accordingly, Plaintiff's attempt to point to the one-time Implementation Letter as a basis for personal jurisdiction is without merit and is insufficient to establish personal jurisdiction over AUA. *See, e.g.*, *Cassell v. Loyola Univ.*, 294 F. Supp. 622, 624 (E.D. Tenn. 1968) (holding that a one-time contract with student did not confer personal jurisdiction over university and the cause of action did not arise out of business transacted in that state, finding that "[n]o performance was contemplated in Tennessee, and none of the negotiations occurred in the state. The only connections with Tennessee were the domicile of the student and the signing of the contract"); *Diaz-Verson v. Aflac Inc.*, No. 811-CV-852-T-17TBM, 2012 WL 398353, at *5 (M.D. Fla. Jan. 11, 2012), *R&R adopted*, 2012 WL 398329 (M.D. Fla. Feb. 8, 2012) (finding defendant lacks sufficient minimum contacts with the forum state to reasonably expect to be haled into court there in circumstances where minor contact "has nothing to do with the plaintiff's causes of action"). Per Mr. Sclafani's Supplemental Affidavit, AUA has no current contractual relationships or agreements with hospitals in South Carolina and does not educate its students in South Carolina. (Supp. Aff. ¶ 1(n)). Therefore, Plaintiff's claim that a "contractual connection" sufficient for personal jurisdiction exists based on this one-time Letter fails.

### ii. No Personal Jurisdiction Based on Voorhees MOU

Plaintiff also alleges that a press release about a Memorandum of Understanding between AUA and Voorhees College (the "Voorhees MOU") somehow constitutes sufficient contact with

8

AUA to confer personal jurisdiction in this Court. (Resp. Br. at 3-4 and Exh. B at Dkt. No. 17-2). Plaintiff's claim is without merit. The MOU speaks for itself, and it is clear that there are no obligations for AUA under the MOU, in South Carolina or otherwise. (*See* Supp. Aff. ¶ 2(a)-(d) and Voorhees MOU, Exh. A-1 to Supp. Aff.). The MOU merely provides an avenue for Voorhees College students, who meet certain AUA admission criteria, to be accepted into AUA's M.D. program. (*See* Supp. Aff. ¶ 2(b) and Exh. A-1 to Supp. Aff.). AUA has no duty to provide any goods or services in South Carolina under the MOU. (Supp. Aff. ¶ 2(c); Exh. A-1 to Supp. Aff.).

Such sporadic alleged contact, wholly unrelated from the claims in this case, does not suffice to confer general or specific personal jurisdiction over Defendant AUA in this case. *See e.g.*, *Daimler*, 571 U.S. at 136 (2014) ("Daimler's slim contacts with the State hardly render it at home there."); *Weil v. Am. Univ.,* No. 07 CIV. 7748 (DAB), 2008 WL 126604, at *4 (S.D.N.Y. Jan. 2, 2008) (no general jurisdiction where District of Columbia university had no contacts with [state] beyond those "commonly engage[d]" in by universities and colleges); *Int'l Bus. Sols. Mktg. & Pub. Rels. Co. v. Univ. of Findlay*, No. C15-286MJP, 2015 WL 3948839, at *3 (W.D. Wash. June 26, 2015) (finding no personal jurisdiction for either defendant university and holding that, even assuming contracts existed, the "salient factor to establish that a contractual relationship grants specific jurisdiction is whether it creates 'an ongoing business relationship with a [South Carolina] company that has substantive effects and created future obligations in [South Carolina]'") (quoting *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 144 (Wash. App. 2010)).

### 2. **Location of Individual Professors' Private Property Is Irrelevant**

Plaintiff also contends that two members of AUA senior administration may have some property ownership in South Carolina, and that therefore personal jurisdiction exists over AUA. (Pl. Resp. Br. at 4-5 and Exhibits C-G at Dkt. Nos. 17-3 to 17-7). This, too, is insufficient to

establish the requisite minimum contacts between AUA and South Carolina for personal jurisdiction. *See, e.g.*, *Chatwal Hotels & Resorts LLC,* 90 F. Supp. 3d at 104, 2015 WL 539460, at *4 (S.D.N.Y. Feb. 6, 2015) (holding that plaintiff relied on intermittent, minimal contacts that were insufficient to confer personal jurisdiction over defendant and finding that "[n]one of the activities of any of the defendants is so tied with the state [] to render general jurisdiction appropriate."); *Kurzon LLP v. Thomas M. Cooley L. Sch.*, 2014 WL 2862609, at *1; *see also LeBlanc v. Trustees of Indiana Univ.*, No. CIV. JFM-12-2162, 2012 WL 5266126, at *1 (D. Md. Oct. 23, 2012) (finding the court lacked personal jurisdiction over defendant university in employee plaintiff's home state in employment discrimination case); *Selman v. Harvard Med. Sch.*, 494 F. Supp. 603, 609 (S.D.N.Y.), *aff'd sub nom. Burton Selman v. Harvard Med. Sch.*, 636 F.2d 1204 (2d Cir. 1980) (dismissing for lack of jurisdiction in over the Association of American Medical Colleges, which drew 12 of its 125 constituent members from New York where AAMC only had offices in DC and, although it was involved in soliciting NY students to attend medical school, AAMC "owned no property, had no office, bank account, or telephone listing in NY, and was not authorized to do business" there).

AUA has no personnel of any kind—whether independent contractors, agents, officers, or directors—who provide any services for AUA in South Carolina. (*See* Supp. Aff. ¶ 1(i)-(j)). As explained in Mr. Sclafani's Supplemental Affidavit, this includes the two individuals referenced in Plaintiff's Response; neither provides any services for or on behalf of AUA in South Carolina, nor does either conduct any business within the scope of their employment in the State of South Carolina. (Supp. Aff. ¶ 1(j); *see also* Pl. Resp. Br. at 4-5 and Resp. Exh. C, D, E, F, G). Plaintiff's contentions regarding individuals' property ownership do not establish the requisite contacts for personal jurisdiction over AUA.

### 3. Student or Graduate Connections Do Not Confer Jurisdiction Over AUA

Plaintiff also claims that AUA has "connections" with South Carolina sufficient for personal jurisdiction because some of its former students may now live in the state. (*See* Resp. Br. at 5-8; Pl. Aff., Dkt No. 17-8 at ¶¶ 5, 7-10). However, that point is immaterial—the fact that former AUA students may now be licensed to practice medicine in South Carolina, or that residents of South Carolina have applied to medical school at AUA, is insufficient to confer personal jurisdiction over Defendant AUA in South Carolina. *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985) ("Advanced educational institutions typically draw their student body from numerous states, and appellants' theory would subject them to suit on non-forum related claims in every state where a member of the student body resides. Thus, the fact that residents of the state apply and are accepted for admission to St. George's is of no moment.").

AUA has nothing whatsoever to do with, and has no control over, what its graduates do in the course of their lives or where they choose to live, practice medicine, or perform their residencies. It is also clear that simply educating a student from South Carolina in Antigua at AUA's only campus similarly does not confer personal jurisdiction over AUA in this case. *See, e.g., Kurzon LLP v. Thomas M. Cooley L. Sch.*, No. 12CV8352-LTS-RLE, 2014 WL 2862609, at *1 (S.D.N.Y. June 24, 2014) (finding no personal jurisdiction in NY federal district court where Michigan law school solicited donations from NY alumni, solicited business in NY, sent representatives to school fairs in NY, and offered a small number of externships in NY).

For these reasons, Plaintiff's allegations relating to the activities or connections of AUA alumni or students are irrelevant to the issue of personal jurisdiction in the instant case.

### D. DISCOVERY IS INAPPROPRIATE AND UNNECESSARY

Jurisdictional discovery is unnecessary and Plaintiff's Motion for the same should be denied. Plaintiff "asserts that additional discovery would be appropriate . . . to gather facts to further establish the extent of Defendant AUA's contacts with South Carolina." (Resp. Br. at 9). However, every area into which Plaintiff wishes to conduct "limited" discovery would be immaterial to the issue of personal jurisdiction over AUA. Plaintiff finding additional AUA graduates who are licensed to practice medicine in South Carolina has no relevance to the issue of personal jurisdiction in this case and would not change the outcome. Accordingly, jurisdictional discovery is inappropriate because there is no reason to believe that any information sought in discovery would establish personal jurisdiction or aid in the analysis. *See Carefirst of Maryland In. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

Defendant AUA has provided evidence that AUA does not have sufficient contacts with South Carolina to confer jurisdiction in this case, and Plaintiff has pointed to no material facts otherwise. "Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Red Hill Ranch*, 225 F. Supp. 3d at 424 (quoting *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013)). Plaintiff has failed to do so, and no amount of discovery will change the fact that AUA has insufficient contacts with the State of South Carolina. This Court should accordingly dismiss Plaintiff's Complaint for lack of personal jurisdiction without discovery.

### III.   CONCLUSION

Accordingly, for the reasons set forth herein, this Court does not have personal jurisdiction over Defendant, and South Carolina is an improper forum for handling this case. Defendant

therefore respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and without opportunity to amend, and deny Plaintiff's Motion for Jurisdictional Discovery.

                                        Respectfully submitted,

                                        /s/ Brittany N. Clark
                                        Brittany N. Clark, Fed. ID No. 12891
                                        Angus H. Macaulay, Fed. ID No. 5248
                                        BClark@nexsenpruet.com
                                        AMacaulay@nexsenpruet.com
                                        NEXSEN PRUET, LLC
                                        1230 Main Street, Suite 700 (29201)
                                        Post Office Drawer 2426
                                        Columbia, SC  29202
                                        PHONE:  803.771.8900
                                        FACSIMILE:  803.727.1435

                                        *Attorneys for Defendant American*
                                        *University of Antigua Inc.*

March 11, 2021
Columbia, South Carolina