# EXHIBIT C

| | |
|---|---|
| **From:** | Clark, Brittany N. |
| **To:** | Desa Ballard |
| **Cc:** | Beth Cogan; Macaulay, Angus H. |
| **Subject:** | RE: Emily Doe v. AUA [IWOV-NPCOL1.FID2269110] |
| **Date:** | Sunday, August 15, 2021 2:15:47 PM |
| **Attachments:** | (AUA) letter regarding Plaintiff's Special Interrogatories.PDF |

Desa,

Thank you for your email. As an initial matter, we outlined our numerous objections to the scope of your overly broad and irrelevant discovery requests in Angus's July 28 letter to you.

Additionally, your email notes that you are willing to make two revisions to your July 14 discovery requests---changes which we do not believe fully comply with the direction from Judge Dawson:

1. Remove "airplane" from Interrogatory 14, and
2. Reduce the timeframe from 10 to 6 years

These concessions are minimal and insufficient. First, you already revised Interrogatory 14 in the manner you suggest prior to the telephone conference with Judge Dawson. Second, Judge Dawson stated at the hearing that your timeframe of 10 years (and in some requests 5 years) was significantly too long, unjustified, and irrelevant for purposes of the personal jurisdiction question. He expressly stated that a more reasonable timeframe is 3 years. Six years remains too long, and is objectionable.

You also do not appear to address any of the concerns raised in the hearing or in the July 28 meet and confer letter, or otherwise suggest that you will narrow the scope of your requests to focus on information relevant to personal jurisdiction for purposes of this case. During the telephone conference, Judge Dawson advised that the discovery should be significantly narrowed so that they aim to discover only contacts/information that would actually would make a difference to the question of whether personal jurisdiction exists over AUA in the District of South Carolina for purposes of this case.

While we will not restate each and every objection listed in our July 28 letter, below are a few of our primary concerns regarding the scope of your July 14 requests.

We hope that you will consider our original objections (beyond what you already agreed to do with respect to interrogatory 14). With respect to that interrogatory, removing the term "airplane" is not enough. As noted in conference, even with that change your interrogatory still requests detailed information about every current or former employee – for the past "6 years" – who ever took a Greyhound bus through the State for any purpose whatsoever, having nothing to do with AUA, as well as detailed information about such personal, medical, or other type of travel. This plainly goes beyond the scope of information relevant to the personal jurisdiction issue. As made clear in the telephone conference and in the July 28 letter, discovering such information is irrelevant to the issue of personal jurisdiction – this is because no answer we could provide, and no matter how many contacts like that that you find, would have any tendency to make the existence of personal jurisdiction more or less probable for purposes of this case. There are many other requests that are similarly irrelevant to the personal jurisdiction issue. We request that you remove the requests seeking information that makes no difference as to personal jurisdiction over AUA.

Additionally, the "definitions" portion of your discovery requests is unreasonably broad and also renders almost every request irrelevant. This is because you attempt to define

"Defendant" and "You" to include not only Defendant AUA (the Text Order says contacts by Defendant AUA with South Carolina), but also Manipal, among others, none of whom are parties to this case. Whether an employee of Manipal traveled by Greyhound bus through the state of South Carolina sometime in 2016 has zero bearing on whether the U.S. District Court for the District of South Carolina has personal jurisdiction over American University of Antigua for purposes of the breach of contract claim set forth in Plaintiff's Complaint. Accordingly, the request is overbroad and irrelevant. Nothing you could find out would have any tendency to make jurisdiction over AUA more or less likely. Many of the other definitions also unreasonably expand the information sought in your requests, making them overbroad, irrelevant, unduly burdensome, oppressive, and harassing. After all, Judge Dawson's Text Order expressly states the purpose of this limited discovery on the personal jurisdiction issue is to inquire about potential and/or alleged contacts of Defendant AUA with South Carolina.

Next, many of your requests are geared towards things that happened in April to June of 2021. Those requests are objectionable for a number of reasons, including overbreadth (not limited to asking about South Carolina contacts of AUA, for example), not material to personal jurisdiction, among others – not the least of which is that this information is irrelevant. Requests aimed at broad information regarding meetings/emails/conferences/etc. – whatever – that occurred after this case was filed have zero relevance to whether personal jurisdiction over AUA exists in the U.S. District Court for the District of South Carolina for purposes of this civil action. For example, any conduct/meeting/email/conference/zoom/WebEx or whatever else which may have occurred in June of 2021 has no nexus, no connection, and generally, nothing to do with the Plaintiff's breach of contract claim alleged in the Complaint. As you know, Plaintiff's operative Complaint was filed on December 23, 2020. The allegations involve conduct before that date. We continue to object to requests aimed at anything that occurred after that. We ask that you narrow your discovery or remove any requests that ask for discovery about things that happened outside of the time period relevant for purposes of personal jurisdiction.

Moreover – while you represented to the contrary in the telephone conference, the vast majority of your requests are also not specific or narrowed to contacts by AUA with South Carolina. For example, with respect to the irrelevant requests about alleged events in June 2021 – asking where in the world was every individual who was or potentially could have been on the receiving end of an email upon their receipt or opening of an email is not the same as asking if any of those individuals were in South Carolina. These requests are all overbroad and not tailored to the question of personal jurisdiction. Again, where in the world someone was – if they were not in South Carolina – does not make a difference to the issue of personal jurisdiction <u>in this specific action in the state of South Carolina</u> (even assuming these requests asked about a relevant timeframe, which June 2021 is not).

The above are some examples of the type of overbreadth demonstrated by much of your discovery requests – which seek information that has zero relevance or materiality to the narrow issue of whether personal jurisdiction exists over AUA in this Court for purposes of this civil action. Again, even if every single current or former AUA employee took a personal trip by bus, rail, vehicle, or marathon jog through South Carolina at some point in the last three, six, ten, or fifteen years – it would not matter. This would not make any difference to the existence of personal jurisdiction. As such, discovery into such immaterial matters is not appropriate, and is otherwise oppressive and unduly burdensome to AUA.

All of this being said, we'd like to consult with you to reach some agreement on the acceptable scope of discovery, but do not plan to re-list each of our objections to the July 14 discovery requests that you are currently in the process of re-drafting. We will make ourselves

available for a telephone call at your convenience. However, if you plan to keep the remainder of your requests the same, without any attempt to narrow the focus to discovering information that could actually make a difference on the question of personal jurisdiction, and then add even more requests in the form of requests to produce, we do not think the result will be in line with our expectations or those of Judge Dawson. As you know, he directed that we arrange a time to discuss the scope of your discovery and attempt to reach agreement. He also stated that the discovery requests should remain narrow and aimed at the issue of personal jurisdiction.

Alternatively, if you would like to first draft your revised discovery requests – as Judge Dawson has permitted you to do – and send them to us in advance – prior to finalizing and serving them – that is potentially another option. We could discuss any concerns with you after we review them. But, as you can imagine, it is difficult to name our issues with requests that we have never seen.

In short, we have informed you of our objections to the original requests (to which we will not be responding to per Judge Dawson). If you change little, I expect our objections to the second set will remain the same. For ease of reference, I've attached a copy of the July 28 letter here.

Let us know when you are available for a call in the next few days. Please also let us know once you have reviewed our original objections and decided whether you are willing to make any additional changes to your discovery requests.

Best regards,
Brittany

**Brittany N. Clark**
Nexsen Pruet, LLC
T: 803.540.2171, C: 864.414.8120
BClark@nexsenpruet.com
*www.nexsenpruet.com*

**From:** Desa Ballard <desab@desaballard.com>
**Sent:** Wednesday, August 11, 2021 2:38 PM
**To:** Clark, Brittany N. <BClark@nexsenpruet.com>
**Cc:** Beth Cogan <Beth@desaballard.com>
**Subject:** Emily Doe v. AUA

{EXTERNAL EMAIL}

Brittany:

I will change the time period to 6 years rather than 10, as well as limiting any question about air travel in South Carolina in No. 14.

What specific objections do you have to the other requests? I will try to address each in an effort to resolve the dispute.

Thanks

db

Desa Ballard
Ballard & Watson
226 State Street
West Columbia, SC 29169
Telephone 803.796.9299
Facsimile 803.796.1066
Email:  desab@desaballard.com
Web:  desaballard.com