**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe,                                   ) | Civil Action No.: 4:20-cv-04445-JD |
|                     Plaintiff ) | |
| vs.                                          ) | **PLAINTIFF'S RESPONSE** |
|                          ) | |
| American University of Antigua, Inc.,        ) | **MOTION TO QUASH** |
|                          ) | |
|                     Defendant.   ) | |

Defendant filed a Motion to Dismiss the above-captioned matter, claiming it had insufficient contacts with South Carolina to subject it to personal jurisdiction in this matter. Plaintiff opposed the motion, resulting in a text order issued on June 30, 2021. (ECF 24). The text order stated, "Counsel for Plaintiff is directed to serve written discovery requests on Defendant within 14 days <u>and</u> is granted 60 days to conduct limited jurisdictional discovery as it pertains to facts regarding Defendant AUA's contacts with South Carolina." <u>Id</u>. (emphasis added).

Plaintiff then promptly and timely served written discovery on Defendant on July 14, 2021. Rather than respond to the discovery, Defense Counsel objected to the written discovery overall, without specifying any particular written discovery question to which it took issue. This Court held a telephone status conference on August 10, 2021, at which time it was learned that Defendant had not attempted to answer *any* of the discovery in the twenty-five days since the written discovery was served, and asked for an additional 30 days after Plaintiff restructured and limited written discovery in response to its general objections. (ECF 27). In response, Plaintiff served streamlined and separate Requests for Production and Interrogatories (limited to personal jurisdiction) on August 20, 2021. No response thereto has yet been received.

Late in the day on August 20, 2021, Plaintiff also served subpoenas via certified, United States mail on a number of this parties seeking documents related to Defendant AUA's contacts with South Carolina. Because of staff working remotely, however, Defense counsel was not provided copies of the subpoenas until they were sent via email the morning of Monday, August 23, 2021, after which Defense counsel emailed objections to Plaintiff's counsel. Respective counsel exchanged emails setting forth their respective positions. Correspondence exchanged between counsel on August 23, 2021, is attached as a single document, **Exhibit A.**

Defendant took no steps to quash the subpoenas for ten days following issuance,[1] eventually filing a Motion for Protective Order and to Quash the subpoenas on August 30, 2021. At the time, Defendant also filed the instant motion asserting that the subpoenas to third parties were not permitted by this Court's text order dated June 30, 2021.

As explained in the correspondence exchanged between Counsel (see Exhibit A), this Court's text order of June 30, 2021, permitted Plaintiff to serve written discovery on Defendant and was "granted 60 days to conduct limited jurisdictional discovery as it pertains to facts regarding Defendant AUA's contacts with South Carolina."

Plaintiff's document subpoenas dated August 20, 2021 were certainly permitted by the Court's June 14, 2021 order, since it is clear the order allowed written discovery "on Defendant" as well as the "and" allowance for other limited discovery as well. Rule 26(c)(1) and (2) specifically include references to discovery on parties and non-parties and provides protection for

---

[1] Defense counsel notified Plaintiff that it would file for protective relief on August 25, 2021, but it did not do so, leading Plaintiff's counsel to believe Defense counsel had realized his position lacked merit. The Motion to Quash a week later was a bit of a surprise.

third-parties in the event written discovery to them is objectionable for stated reasons. Several points are instructive:

- Not one of the recipients of the subpoenas has objected to producing the documents requested.[2] Letters to the subpoena recipients from defense counsel requested non-response to the subpoenas. **Exhibit B**.

- Each of the subpoenas provided sufficient time for responses within the 60 days granted to Plaintiff in the June 24, 2021 order (ECF 24).

- Plaintiff responded to Defendant's threat to file for protective relief by August 25, 2021 by offering to cooperate with such a motion by consenting for the subpoena recipients to delay production until this Court could hear Defendant's motion.

- There is no question that production of document subpoenas pursuant to Rule 45 is "discovery" within the scope of Rule 26.

- The subpoenas are limited in scope to issues related solely to personal jurisdiction of Defendant by seeking documents related to Defendant's contacts with South Carolina.

- If Defendant has no contacts with South Carolina, the subpoenas should not be objectionable anyway because they will not produce any information helpful to Plaintiff's position.

- The subpoenas were properly served via certified mail, return receipt requested delivery meaning no delivery could have occurred by the time of Plaintiff's email to Defense

---

[2] Plaintiff recognizes that protective relief may be sought by the third-party recipient of the subpoena or "by the parties' own interest affected by discovery sought from a witness." *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Eichenwald v. Rivello*, 321 F.Supp. 3d 562, 565 (D.C. Md. 2018).

Counsel the morning of August 23, 2021. The delay in transmittal of the email was inadvertent and not prejudicial in any way.[3]

Perhaps the most significant fact for the Court's consideration is that if Defendant AUA truly had no connections to South Carolina, it should have nothing to fear from subpoenas to third parties which will prove exactly that.

## CONCLUSION

Plaintiff opposes the relief sought by Defendant in its motion to quash, and instead seeks an award of attorney's fees and costs in Plaintiff's favor, related to the time involved both in responding to this Motion and in following up with the subpoena recipients to obtain the document production that was halted by Defendant without cause. Rule 37(a)(5)(B), FRCP.

Respectfully submitted,

s/ Desa Ballard
Desa Ballard (ID# 1179)
Harvey M. Watson III (ID# 9271)

BALLARD & WATSON
226 State Street
West Columbia, SC  29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

September 13, 2021

---

[3] As noted, Defense counsel relayed an email objection to Plaintiff's counsel the same date the documents were transmitted via email, August 23, 2021, but failed to file for relief or send letters to subpoena recipients for a full week thereafter. Plaintiff's counsel had received communication by telephone and email from several of the subpoena recipients during the time after which Defendant advised a motion would be filed on August 25, 2021, but took precautionary steps nonetheless. Plaintiff's counsel advised each representative who contacted her that a motion for protective order may be filed, so please delay the responses until August 31, 2021. Of course, Defendant filed its motion on August 30, 2021, more than a week after raising the issue to Plaintiff's counsel. It is clear Plaintiff was acting in good faith and not attempting to take advantage of Defendant's delay in filing of its motion for protection.

4