**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe,<br><br>    Plaintiff,<br><br>vs.<br><br>American University of Antigua Inc.,<br><br>    Defendant. | C.A. No. 4:20-cv-04445-JD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENAS** |

Defendant American University of Antigua Inc. ("AUA" or "Defendant"), by and through undersigned counsel, submits this Reply in Support of its Motion for a Protective Order and/or Motion to Quash ("AUA's Motion") the eleven (11) third party *subpoenas duces tecum* served by Plaintiff on non-parties during the narrow and limited discovery period relating to personal jurisdiction.

## I. INTRODUCTION

Plaintiff's Response to AUA's Motion does not address the substantive legal arguments demonstrating that AUA is entitled to, and good cause supports, entry of a Protective Order quashing Plaintiff's eleven (11) August 20, 2021 third party *subpoenas duces tecum* (the "Subpoenas"). (*See* Plaintiff's Response, Dkt. No. 30). In fact, Plaintiff's Response does not cite a single case[1] or legal standard, nor does it address the multiple legal bases upon which AUA relied in seeking to quash the Subpoenas. (*See generally id.*)

Instead, at its core, the whole of Plaintiff's Response is her contention that the Subpoenas "were *certainly* permitted by the Court's June 14, 2021 order," (Dkt. No. 30 at 2)

---

[1] With the exception of two cases cited in Footnote 2, wherein Plaintiff concedes that the relief AUA seeks in its Motion is appropriate and proper, and that AUA has standing to seek protection from this Court, in the form of an Order quashing each of the eleven (11) Subpoenas. (Dkt. No. 30 at 3 n.2).

(emphasis added), while also making inaccurate and underhanded insinuations that AUA somehow improperly delayed in filing its Motion, or that the Motion was untimely in some unspecified way.[2] (*Id.*) Third party *subpoenas duces tecum* should not be permitted in this case, at this time, for the many reasons outlined in AUA's Motion, including that Plaintiff should not be allowed to invoke the power of the Court to compel action and compliance by third parties because there has been no determination that this Court has personal jurisdiction over AUA. (*See* AUA's Motion, Dkt. No. 28 at 10-11).

Plaintiff misses the mark, and her arguments are essentially red-herrings, because, critically, she fails to recognize that the scope of the Text Order is not the end of this Court's inquiry. Even if Rule 45 subpoenas generally fall within the scope of discovery in the Text Order, AUA is <u>still</u> entitled to a Protective Order quashing these 11 third party Subpoenas for each and every additional reason set forth in AUA's Motion—none of which were countered nor even mentioned in Plaintiff's Response. (*See* Dkt. No. 28 at 10-19; *see also* Dkt. No. 30).

---

[2] Plaintiff's "if you have nothing to hide, you have nothing to fear" argument is also without merit, inappropriate, inconsistent with the Federal Rules, and in any event, is not responsive to the substantive legal arguments set forth in AUA's Motion, which support application of the law and precedent to support its request to quash the Subpoenas. *See, e.g.*, Dkt. No. 30 at 4 ("Perhaps the most significant fact for the Court's consideration is that if Defendant AUA truly had no connections to South Carolina, it should have nothing to fear from subpoenas to third parties which will prove exactly that."); *Id.* at 3 ("If Defendant has no contacts with South Carolina, the subpoenas should not be objectionable anyway because they will not produce any information helpful to Plaintiff's position.").

But even if this could be considered a valid legal argument, Defendant set forth several reasons and ways in which the service of these subpoenas to third parties, and now the compelling of the third parties to comply under power of this Court, would be prejudicial and potentially harmful to AUA, despite Plaintiff's unsupported claim otherwise. *See, e.g.*, AUA's Motion, Dkt. No. 28 at 10-13, 16, 18-19.

## II. ARGUMENT

### A. These 11 Subpoenas Should Still Be Quashed Even If Third Party Subpoenas Are Within the Scope of the Text Order

Defendant is entitled to an Order quashing the Subpoenas regardless of the scope of the Text Order. As even Plaintiff noted, "Rule 26(c)(1) and (2) specifically include references to discovery on [] non-parties and provides (sic) protection . . . in the event" discovery is "objectionable for stated reasons."[3] (Dkt. No. 30 at 2-3). By Plaintiff's own admission, even if a certain discovery tool is one granted by the Rules or permitted by the Court, a party may nonetheless be entitled to protection from that discovery. *See* Fed. R. Civ. P. 26(b), (c), 45; *see also* Dkt. No. 30 at 2-3.

The Federal Rules of Civil Procedure vest this Court with broad discretion to decide when a protective order is appropriate and what degree of protection is required. Thus, even if Rule 45 subpoenas are allowed here, Plaintiff's 11 already-served Subpoenas are objectionable and should still be quashed because:

- The Subpoenas are unreasonably duplicative and cumulative of other discovery already sought (Dkt. No. 28 at 11-13).

---

[3] Plaintiff made this admission in attempting to argue that "there is no question" that the Subpoenas constitute "discovery" within the meaning of the Court's June 30 Text Order. AUA disagrees with this argument, and Plaintiff failed to address the larger point made by Defendant on this issue, namely that the Text Order should not be construed to include Rule 45 third party subpoenas <u>in this particular case at this particular time</u> because the Court permitted limited jurisdictional discovery into potential contacts so that it could decide whether it has personal jurisdiction over AUA. Defendant's argument was <u>not</u> that Rule 45 subpoenas are not "discovery" under the Federal Rules of Civil Procedure—which is the point, and possibly the only point, Plaintiff seems to argue in her Response. Rather, it is Defendant's position that the limited discovery granted by the Text Order should not include third party subpoenas because this Court has not yet decided that it has personal jurisdiction over AUA. But, regardless, as discussed herein, the Court's decision on this issue <u>is not</u> dispositive as to AUA's Motion for a Protective Order and/or Motion to Quash. Even if the Subpoenas were legitimate and permissible, the Court should still consider quashing the Subpoenas under the Rule 26 and/or Rule 45 analysis, which entitles AUA to protection.

3

- Plaintiff can obtain the discovery sought from some other source that is more convenient, less burdensome, and less expensive, such as from AUA. (*Id.*; *see also* Fed. R. Civ. P. 26(b)(2)(C)).
    - And Plaintiff has already sought to do so through discovery requests seeking much if not all of the same information from AUA.

- The Subpoenas seek irrelevant documents that do not tend to make personal jurisdiction over AUA in this Court more or less probable. (*See, e.g.*, Dkt. No. 28 at 16-17).

- The Subpoenas include unreasonable 6-year lookback period (Dkt. No. 28 at 3-4).
    - Even after the telephone conference with the Court suggested 3 years would be reasonable for other discovery.

- The Subpoenas seek discovery and documents about non-party Manipal and its contacts with the third parties (Dkt. No. 28 at 14).

- The Subpoenas improperly seek discovery related to random individuals (Dkt. No. 28 at 14-15).

- A protective order is needed to protect AUA from annoyance, embarrassment, and oppression—as well as to protect from further harm and prejudice. (Dkt. No. 28 at 18-19).

In her Response, Plaintiff utterly failed to address any of these reasons for quashing the Subpoenas, which are separate and distinct from the question of the scope of discovery. Each of these unopposed points, standing alone, could be sufficient to justify quashing the Subpoenas. Taken together, these reasons demonstrate good cause, and this Court should enter an Order quashing the Plaintiff's third party Subpoenas in their entirety.

### B. Plaintiff's Incorrect Timeline

Plaintiff's Response also seems to rise and fall on an incorrect representation of the facts and the record, as well as a misapprehension of what constitutes "delay" for purposes of filing a Motion for Protective Order. The Response also appears to imply that AUA's Motion is somehow untimely, or that AUA unduly delayed in making the filing. (Dkt. No. 30 at 2). Plaintiff is incorrect on both the facts and the law, and she has also misrepresented the timeline.

Plaintiff served the eleven (11) Subpoenas dated August 20, 2021, or at least placed them in the mail and out of her control, on August 20, 2021. (*See* Dkt. No. 30-1 at 4). On August 23, 2021, Plaintiff's counsel's office forwarded to defense counsel a copy of the Subpoenas "that were served on Friday afternoon [August 20, 2021]." (Dkt. No. 30-1 at 4). Defendant's counsel responded to that email on August 24, 2021 setting forth AUA's objections to Plaintiff's Subpoenas, and further requesting that the Subpoenas be clawed back by Plaintiff's counsel, even if temporarily, and/or that Plaintiff's counsel contact the third party recipients (as the Subpoenas had already been served), to allow time for the parties to meet and confer, or to permit AUA to file the appropriate motion. (Dkt. No. 30-1 at 2-3). Defense counsel further requested that Plaintiff's counsel respond no later than August 25, 2021, as time was of the essence. (*Id.*)

Plaintiff's counsel then responded on August 25, with the simple contention that the Subpoenas were permissible (in her view) and so she would not ask the third parties to hold off on responding, and further justifying Plaintiff's delayed notice of the Subpoenas to defense counsel. (Dkt. No. 30-1 at 2). Defendant's counsel replied less than twenty minutes later, and explicitly stated that "[w]e are filing a Motion for a Protective Order and/or to Quash."

5

(Dkt. No. 30-1 at 1). Five days later, on August 30, 2021, AUA filed its Motion.[4] (Dkt. No. 28).

### C. AUA's Motion Was Timely Filed

AUA's Motion was timely filed, and Defendant's counsel did not delay in filing the Motion. It is certainly not true that "Defendant took no steps to quash the subpoenas for ten days following issuance," as stated in Plaintiff's Response---that claim is simply belied by the record. (Dkt. No. 30 at 2). In fact, Defendant was not even aware the Subpoenas existed for ten days before filing its Motion.

AUA's Motion was filed pursuant to Federal Rules of Civil Procedure 26 and 45. Rule 26 does not set forth a specific deadline or time restriction for seeking protection from overly broad, unduly burdensome, and oppressive discovery requests. Fed. R. Civ. P. 26. Further, Rule 45 permits fourteen (14) days for objections to be served on the party issuing the Subpoena (and it is not clear that provision would have even applied here). AUA was certainly within the time constraints under the Federal Rules, and it acted expeditiously to file the instant Motion—after all, it was only in AUA's best interest to file as fast as possible because the Subpoenas had unfortunately already been served on third parties, and Plaintiff's counsel was unwilling to claw the Subpoenas back.

---

[4] Plaintiff's footnote 1 indicates that the few days between notifying Plaintiff's counsel of AUA's intention to file the instant Motion and its actual filing led her "to believe Defense counsel had realized his position lacked merit" and that the "Motion to Quash a week later was a bit of a surprise." (Dkt. No. 30 at 2 n.1). Such a contention is, at best, unsupported by the record and unpersuasive, and at worst, disingenuous. Defense counsel could not have been more clear that AUA would seek to quash the Subpoenas at issue. Moreover, there was not a full week in between defense counsel's declared intention to file and the Motion's actual filing. If Plaintiff's counsel had any doubts about AUA's intentions, she could have confirmed its position by a quick call or email.

### D. <u>Plaintiff Is Not Entitled to Attorney's Fees</u>

Plaintiff's request for "an award of attorney's fees and costs in Plaintiff's favor, related to the time involved both in responding to this Motion and in following up with the Subpoena recipients to obtain the document production that was halted by Defendant without cause [pursuant to] Rule 37(a)(5)(B)" is without merit, unclear, and should be denied. (Dkt. No. 30 at 4).

### III.  <u>CONCLUSION</u>

For the reasons set forth herein and in its Motion for Protective Order and/or Motion to Quash (Dkt. No. 28), Defendant AUA respectfully requests that the Court enter a protective order quashing Plaintiff's eleven (11) already served third party Subpoenas, as well as prohibiting Plaintiff from obtaining, disclosing, and/or utilizing any discovery already obtained through service of the eleven (11) Subpoenas, and further precluding any future service by Plaintiff of Rule 45 *Subpoenas duces tecum* to third parties pending the Court's ruling on AUA's Motion to Dismiss.  AUA reserves its right to move for relief pursuant to Fed. R. Civ. P. 37(a)(5).

<u>/s/Brittany N. Clark</u>
Brittany N. Clark (Fed. ID No. 12891)
Angus H. Macaulay (Fed. ID No. 5248)
NEXSEN PRUET, LLC
PO Drawer 2426
Columbia, SC 29202
Telephone: (803) 253-8279
bclark@nexsenpruet.com
amacaulay@nexsenpruet.com

*Attorneys for Defendant American University of Antigua, Inc.*

September 20, 2021
Columbia, South Carolina