IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Emily Doe | ) | Civil Action No.: 4:20-cv-04445-JD |
| Plaintiff | ) | |
| vs. | ) | **MOTION:** |
| | ) | **SECOND EXTENSION OF TIME TO** |
| American University of Antigua Inc., | ) | **FILE SUPPLEMENTAL** |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| Defendant | ) | **CLAIM FOR PERSONAL** |
| | ) | **JURISDICTION** |

By consent motion filed September 13, 2021, the parties submitted a joint request to extend the time for Plaintiff to submit a supplemental memorandum on the issue of personal jurisdiction, and the Court granted the request, making the supplemental memorandum due September 29, 2021. (ECF 29).

Since that time, Defendant has provided insufficient and blatantly misleading responses to discovery requests propounded by Plaintiff on issues related to personal jurisdiction, has interfered with subpoenas served in an effort to obtain information legitimately related to the issues before the Court, which efforts were remedied by this court's order dated September 22, 2021 (ECF 32).

Plaintiff has re-served subpoenas, and this morning submitted a second objection to the subpoenas, which objections are in bad faith and intended to deter Plaintiff from legitimately seeking discovery related to the issues before the Court.

When submitting the consent motion filed September 13, 2021, Plaintiff has the unreasonable belief that Defense Counsel would act in good faith in responding to the discovery permitted by the Court on personal jurisdiction, but that has proven to be naïve and it now appears that Defense counsel is unworthy of the trust placed in them by Plaintiff.

1

Plaintiff has today submitted a letter to Defense Counsel asking for amended responses to the discovery to which Defense counsel has objected in bad faith[1], but is aware based on the continuous bad faith interference by Defense counsel in Plaintiff's efforts to have the issue of personal jurisdiction decided on the merits that Plaintiff's consultation will not result in any additional responsive material from Defense counsel.

For that reason, Plaintiff will file a motion to compel tomorrow, identifying with specificity the bad faith responses of Defense Counsel in connection with its discovery responses.

In addition, because of the interference by Defense Counsel in connection with the subpoenas legitimately served by Plaintiff on third parties, Plaintiff has not yet received any of the subpoenaed information.

While Plaintiff can provide a brief memorandum based on the limited information obtained by it unilaterally despite the obstinance of Defense counsel, Plaintiff is informed and believes that an extension of time to submit Plaintiff's supplemental memorandum on personal jurisdiction should be granted, to allow the Court time to address the bad faith discovery responses submitted by Defense Counsel as well as consider sanctions against Defense counsel for its interference with Plaintiff's legitimate efforts at discovery.

For the reasons set forth above, Plaintiff respectfully requests an extension of time to a date as yet undetermined to submit her supplemental memorandum in support of personal jurisdiction, to enable the Court to deal with the issues raised by the conduct of Defense counsel in obstructing the discovery process in this matter.

---

[1] A copy of the consultation is attached hereto as **Exhibit 1**. The consultation from Plaintiff to Defense Counsel illustrates the abominable behavior of Defense Counsel in attempting to interfere with the legitimate inquiries before this Court.

Respectfully submitted,

s/ Desa Ballard
Desa Ballard (ID# 1179)
Harvey M. Watson III (ID# 9271)

**BALLARD & WATSON**
226 State Street
West Columbia, SC  29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

September 28, 2021