

**Ballard & Watson**
Attorneys at Law
PERSISTENT. UNWAVERING.

Desa Ballard
Harvey M. Watson III

**Exhibit 1**

Post Office Box 6338 | West Columbia, SC 29171
226 State Street | West Columbia, SC 29169
ph  803.796.9299 | fx  803.796.1066 | desaballard.com

September 28, 2021

*Via Email* (amacaulay@nexsenpruet.com)
Angus Macaulay, Esquire
Nexsen Pruet, LLC
Post Office Box 2426
Columbia, South Carolina 29202

        Re:    *Emily Doe v. American University of Antigua Inc.*
               Case No.: 4:20-cv-04445-SAL

Dear Angus:

        Earlier today I emailed you a request to identify the information which was redacted from three pages of the 88 pages of documents you produced in response to the amended discovery request RFPs. This follows and seeks you to reconsider your numerous objections to the Interrogatories and Requests to Produce, which objections are manifestly obstructionist and designed intentionally to keep Plaintiff from obtaining relevant information with respect to the issue before the Court. The items discussed here will be the subject of Plaintiff's Motion to Compel should the requested information not be provided.

**Interrogatory Introduction Item No. 5:**

        AUA has objected to the definition included by Plaintiff in her discovery requests, because the identity of AUA included "Manipal Education Americas LLC." The objection further states "such an unreasonable expansion renders the Interrogatories overly broad as it impermissibly would require AUA to somehow answer for itself as well as Manipal Education Americas, LLC, an entirely distinct and separate entity." (Emphasis added). Numerous documents produced voluntarily to date by Defendant establish that Manipal Education Americas LLC is not a separate a distinct and separate entity at all, but is instead the operations arm of AUA. Instead, the materials already voluntarily filed by AUA during this proceeding make clear that Defendant AUA is intertwined with Manipal Education Americas LLC to such a degree that it is impossible to obtain full discovery responses without including Manipal Education Americas LLC as a part of the definition of Defendant AUA. BY way of example:

        1. In his affidavit filed February 22, 2021 (ECF 15-2) Affiant Leonard Sclafani, who
           offered his affidavit as an agent of Defendant AUA, stated he was "Senior Vice-

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 2 of 11

President and General Counsel for Manipal Education Americas, LLC[1]" and in that capacity "provide[s] legal services to American University of Antigua pursuant to a contract between Manipal and AUA." Sclafani also claimed in the affidavit to have personal knowledge of the details of the corporate structure of Defendant ad well as its operations, including the details of its degree program, curriculum, facilities, partners and teaching hospitals with which AUA is affiliated.

2. Sclafani stated in the same affidavit that "Manipal provides back office and administrative services for AUA, including registrarial, recruiting, marketing, IT, financial, accounting and legal services." This essentially means that Manipal runs the school.

3. ECF 15-4, an attachment to Sclafani's affidavit, includes a government filing with the Division of Corporations in Florida which lists American University of Antigua Inc as doing business in Florida, but AUA's address is shown as "c/o Manipal Education Americas." *Id.* page 3, Item 7. Also included in that government filing is the name of AUA's directors, all of whom have addresses "c/o Manipal Education Americas LLC". *Id.* page 4, Items 11 A and B. Lastly, the printed page from Sunbiz.org which is attached to ECD 15-4 lists the mailing address for AUA as "c/o Manipal Education Americas, 1 Battery Park Plaza, 33d FL, New York, New York 10004" and "officer/director detail" naming Neal Simon and Prabhu Marudheri, both of whom are shown at the address of "c/o Manipal Education Americas". *Id.* p. 6 of 6.

4. ECF 15-3 is a copy of a Certificate of Incorporation filed with government officials in Antigua and Barbuda, is notarized by Mr. Sclafani, an employee of Manipal Education Americas LLC. (The document attached at pp. 2-7 of ECF 15-3 does not appear to be complete.).

5. ECF 15-5 is a printout of a New York corporate registration for Manipal Education Americas, LLC, which lists as agent for service of process an individual named Prabhu Marudheri. This is the same individual whose name appears on ECF15-4, which is a government filing with Florida which lists the officers/directors of AUA, one of whom is Prabhu Marudheri.

---

[1] Paragraph 5 of Sclafani's affidavit says that "AUA does not have the knowledge and/or authority to speak for, and cannot be expected to speak for [Manipal]." However, it is clear from Sclafani's own affidavit that Manipal speaks for AUA on numerous topics, including its claim to have no South Carolina connections (which has been contradicted by documents located independently by Plaintiff, as it relates to an existing contractual relationship between AUA and Voorhees College in South Carolina. Additionally, Sclafani's affidavit identifies his employer as Manipal, yet his affidavit is submitted on behalf of Defendant AUA. It is disingenuous to claim no relationship, then submit the affidavit of a Manipal employee in support of AUA's own motion to dismiss.

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 3 of 11

6. ECF 15-6 is a "AAMC Uniform Clinical training Affiliation Agreement" between Defendant AUA and Grand Strand Regional Medical Center. AUA's address is shown as "c/o Manipal Education Americas LLC" and Manipal's name is included in the definition of "the school" in the agreement, as if AUA and Manipal are one and the same.

We believe the attempt to distance Manipal, which appears to operate large portions of AUA, is in bad faith and is included to intentionally obstruct Plaintiff's ability to address the preliminary issue of AUA's contacts in South Carolina.

**Objection to Interrogatory 1**:

A. AUA claims this request is "irrelevant to the issue of personal jurisdiction before the Court" but that determination can only be made if the substance of the answer is provided and Plaintiff and the Court can determine whether there are any contacts between the AUA and persons who have served on its advisory board.

B. AUA claims that the request is "disproportionate to the needs of the case", but such a determination cannot be made unless a determination has previously been made by the court whether the information sought is relevant, which has not occurred here. *Ashmore v. Williams (D. S.C. 2017)*

C. AUA claims that the interrogatory "fails to confine the question posed to an inquiry about any alleged or purported contacts with South Carolina by or on behalf of AUA." That question can only be answered if the information is provided and Plaintiff and the Court can determine there is no useful information to be had in evaluating the personal jurisdiction issue. Failing to provide the information is obstructionist.

D. AUA claims it does not understand what Plaintiff means by its "senior administration" and "as defined in the AUA Advisory Board Mission", which was attached to the Interrogatory as Exhibit A, and uses AUA's own words to request information. If the interrogatory is "unclear and incomprehensible" as claimed by AUA, it is so because AUA chose to use those words in its official literature.

E. The information provided subject to the objections lists only the "current Advisory Board" and does not provide the full information requested, but it goes on to say there has been "no change in the Board's membership since it was established."

F. Members identified (without contact information, which was requested):[2]

---

[2] Because AUA did not provide "last known address" for any of the advisory board members it identified, Plaintiff cannot further investigate based on the information provided by AUA. Based on the information provided by AUA, Plaintiff cannot locate a single medical professional who serves on AUA's Advisory Board.

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 4 of 11

    a.    AUA listed Dr. John Hansen (New York). However, the New York medical licensing board does not have a Dr. John Hansen listed among its present or former membership. Additionally, because there is a Dr. John Hansen identified in AUA's response, and there is a Dr. John Hansen who has previously been licensed to practice medicine in South Carolina, but whose license expired in 2001, the information provided is insufficient to allow Plaintiff to determine if Dr. Hansen has any further connection to South Carolina other than his prior licensure (if the Dr. John Hansen who was licensed in South Carolina is the same Dr. John Hansen identified by AUA in its response).

    b.    Similarly, while AUA lists Timothy Bishop (New York) as among the members of its Advisory Board, New York does not list a licensed medical doctor by that name in its active membership roles. Plaintiff acknowledges that Mr. Bishop is not identified in the response from AUA as a medical doctor, but no further information was provided.

    c.    The only Dr. John [Gregory] Hansen listed in the New York list of licensed physicians has been deceased since 1995 and another, John [Andrew] Hansen, is not currently licensed in New York and the New York licensing authorities have no contact information for him. As a result, the information provided is insufficient to permit Plaintiff to locate the Dr. John Hansen who is supposedly a member of the Advisory Board.

    d.    The New York licensing website does not list a Dr. Ephraim Kermant as known to them.

    e.    Montana's medical board lists a Dr. Robert Wilmouth as previously licensed to practice medicine in Montana, but his license is listed as terminated in 2014.

    f.    AUA lists Alice Huffman (California), but Plaintiff cannot locate an Alice Huffman among the present or formerly licensed medical doctors on the California medical board. Plaintiff acknowledges Ms. Huffman is not identified in AUA's response as a medical doctor, but no further information was provided.

## Objections to Interrogatory No. 2

1.    AUA claims it is unreasonable, unduly burdensome and overbroad to require it to look in its records for names and addresses of its current and former employees. If that is because AUA does not maintain records of its current or former employees (perhaps Manipal Education America LLC maintains AUA's records of employment, based on

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 5 of 11

the role of Manipal as described by Mr. Sclafani) , that might be a logical objection, however, if Manipal Education America LLC maintains employment records for AUA, that means that AUA's objection to the definition of AUA as including Manipal is specious. However if AUA has any records of its current or former employees, Plaintiff is informed and believes she is entitled to determine whether any of them (especially current ones) have any affiliation with South Carolina, such as being licensed here (as Dr. Robert Mallin is and Dr. Kimberly Mallin are).

2. AUA claims the response to this interrogatory is not "relevant" but it does not explain why it believe that to be the case. Only by knowing the staff and former staff of AUA can Plaintiff point out to the Court any South Carolina connections.

**Objection to Interrogatory No. 3**

1. AUA claims that the addresses of its present or former employees of officers is irrelevant to the limited issue of personal jurisdiction, but does not explain why.

2. AUA claims it is unreasonable to ask its current employees in what jurisdictions they are licensed to practice medicine (if any). Plaintiff finds it hard to believe this information would not be in personnel files maintained by AUA, but moreover, unless its professional staff is in the thousands, there is nothing burdensome about the request.

3. AUA claims this information is not "tailored to obtain discovery about AUA's alleged contacts with South Carolina. . . " but that would be true only if the information provided excluded any contacts with South Carolina.

**Objection to Interrogatory No. 4**

1. AUA claims it is "overly broad [and] unduly burdensome" to ask it to identify the "prominent American physicians and hospital administrators" who established AJA, as referred to in Exhibit B to the Interrogatory. How on earth can AUA not know with relatively little effort who the "prominent American physician and hospital administrators" who established AUA unless that statement is not true?

2. AUA claims the responsive information would not be relevant to the limited issue before the Court, that being personal jurisdiction, but without the responsive information, no such inquiry can be made.

3. AUA claims the request is "disproportionate to the needs of the case" but such a determination cannot be made unless a determination has previously been made by the court whether the information sought is relevant, which has not occurred here. *See* citations above.

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

4. The only substantive information provided in response to Interrogatory No. 4 is the year AUA was founded, which, while interesting, is not responsive to the interrogatory.

5. After making its objections, AUA identified six (6) "prominent individuals" who helped to establish AUA in 2003-2004. The interrogatory, however, requested AUA to identify persons that it has described in its own publications as "prominent American physician and hospital administrators" and not any "prominent individuals."

6. Again, as in its response to Interrogatory No. 1, no contact information was provided in the answer (subject to the objections) and Plaintiff cannot locate the individuals listed (which contact information was requested in the interrogatory as "last known contact for that physician or hospital administrator."

   a. "Alvin Edin, MD (New York)" is not listed on the Office of the Professions maintained by the State of New York.

   b. A search of the Wisconsin Department of Safety and Professional Services, Credential/Licensing search did not identify a "Joey John MD." Because AUA's answer also indicated Joey John MD has come connection with Antigua and Barbuda, Plaintiff has attempted to search online for licensed physicians in Antigua and Barbuda but the link that information does not appear to work. http://www.antiguabarbudamedicalcouncil.com . However, because AUA claims it was founded by "prominent American physicians and hospital administrators" the search for medical licenses for Dr. John in Antigua or Barbuda is not necessarily helpful. If contact information had been provided as asked, Plaintiff would not be conducting searches for the individuals identified as "prominent individuals" by AUA (even though that was not the interrogatory.

   c. The name of "Patricia Starnaham, MD (New York)" does not appear on the Office of Professions maintained by the State of New York.

   d. The name of "Gerald Teplitz" of Brooklyn, New York is reflected as having been registered in New York to practice medicine in 1960, but his registration is expired as of December, 2008 and there is no contact information provided. http://www.nysed.gov/coms/op001/opsc2a?profcd=60&plicno=084991&namechk=TEP

   e. Plaintiff was able to locate a licensed physician in New York named Scott Ippolito, holding License No. 179201. However, Dr. Ippolito's biographical information available online does not reference any affiliation with AUA. An effort has been made to reach Dr. Ippolito. https://www.downstate.edu/family-medicine/attendings/ippolito.html

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 7 of 11

      f.  AUA identified "Evan Angelakos, MD (Florida)" in its First Supplemental =/Amended Answer to Interrogatory No. 4. However, the License Verification of the Florida Department of Health does not locate an individual by the name of "Evan Angelakos."

## Objection to Interrogatory 5

1.  Defendant objects as "overly broad, unduly burdensome, irrelevant (but does not explain how) and disproportionate to the needs of the case because providing the information would involve "significant time and expense when such information is irrelevant and does not fall within the scope of discoverable information."

2.  Defendant also says the request is "unclear" but it has not asked for clarification.

3.  Defendant then says it "does not have the information sought in its possession, custody or control" which means that it could not possibly overly broad and burdensome for it to search information which is not in its possession.

4.  Plaintiff surmises that the information sought is in the possession of Manipal Education Americas, LLC, which AUA has unilaterally excluded from its responses. Mr. Sclafani's affidavit filed at ECF15-2 states that AUA "has contracted" with Manipal to provide "back office and administrative service for AUA, including . . . accounting and legal services."

5.  Plaintiff is seeking information regarding the location of any funds paid to AUA from persons or entities located in South Carolina. We know of at least one, since Plaintiff's father resides in South Carolina and paid tuition for Plaintiff to AUA for four years. It appears that AUA's response to t his interrogatory obstructive and meaningless and reflects an effort by AUA to prevent adjudication of the personal jurisdiction issues presently before the Court.

## Objection to Interrogatory 6

1.  AUA objects to this interrogatory because it is irrelevant, but does not explain how or why the information sought is irrelevant.

2.  It then attempts to insulate itself from any information provided by its students to the Educational Commission for Foreign Graduates (ECFMG) by stating "it has no connection and has no impact on any potential contact by Defendant AUA with South Carolina."

3.  AUA also claims that the term "health care facility" is "vague and ambiguous" because it does not "provide clarity as to whether the inquiry applies to any healthcare facility in any state so long as such an entity or facility has any presence in South Carolina. . .". Plaintiff suggests that AUA is being intentional obtuse in claiming it does not kn

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 8 of 11

      ow what a health care facility is, especially since it is a medical school and claims to partner with hospitals and health care facilities in the United States. Plaintiff notes that Defendant AUA has completely re-done its website since Plaintiff used information pulled from its website in support of her assertion that AUA has sufficient contact with South Carolina to support personal jurisdiction in South Carolina. Nonetheless, attached hereto and incorporated herein as **Exhibit A** is a screen shot of a page of AUA's website which uses the term "health care facility" so it presumably has some idea what it means despite its protestations to the contrary. Plaintiff asserts this is further evidence of AUA's deliberate attempts to obstruct discovery on the issues currently before the Court.

4. While claiming to have no access to the information sought, AUA's answer expressly states that "For AUA graduates who decide to participate in the "MATCH"... AUA will upload to a centralized online application service . . . the Graduates' official transcripts and "Medical School Performance Evaluations (MSPE"S) residency program directors" and therefore admits it has direct contact with facilities in the United States to which its applicants seek to obtain residencies . . ." AUA also admits that it "offers guidance and information about residency programs around the globe to Graduates who request it. . ." thereby again confirming its involvement and/or knowledge of the residency applications of its graduates.

5. As indicated by Plaintiff's previous filings, in 9 out of the past 10 years, AUA has placed its graduates in health care facilities located in South Carolina, thereby demonstrating a pattern of contact with South Carolina sufficient to enable personal jurisdiction by this Court.

## Objection to Interrogatory 7

1. AUA claims that the interrogatory is irrelevant but does not state why or how.

2. AUA claims the interrogatory "is outside the scope of discoverable information as it has no connection and no bearing on any potential contact by Defendant AUA with South Carolina for personal jurisdiction purposes." However, the information already before the court, which was pulled from AUA's website announcing alumni placements directly contradicts the statement provided by AUA in response to Interrogatory No. 7.

3. AUA claims the interrogatory is "vague" and "ambiguous" because the information requested is "too vague to permit a response."

4. AUA also claims the interrogatory is "unclear and incomprehensible". . .such that AUA "such that Defendant cannot ascertain what is being asked. . ."

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 9 of 11

5. Plaintiff submits that Defendant AUA knows exactly what is being asked, and its
   suggestion to the contrary is evidence of bad faith in responding to the discovery served
   by Plaintiff after authorization by the Court. AUA's answers are obstructionist.

**Objections to Interrogatory 8**

1. AUA claims that prior employment in South Carolina of any of its officers, agents or
   employees is irrelevant to the issue of personal jurisdiction. It then refers to its answers
   to Interrogatories 2 and 3, which it did not answer as set forth above.

2. AUA attempts to rewrite the interrogatory by stating that "no officer or employee of
   AUA has joined AUA within the three-year period immediately preceding the filing
   of Plaintiffs complaint . . . who have or had any prior professional affiliation or a
   professional position in South Carolina." That is not the interrogatory asked. South
   Carolina contacts are not timed from the date of the filing of the complaint. AUA's
   answer therefore suggests there is some responsive information involving South
   Carolina contacts that required it to rewrite the interrogatory to avoid having to provide
   responsive information related to South Carolina contacts.

**Objection to Interrogatory 9**

1. AUA offers this unintelligible objection: ". . . fails to confine the question posed to an
   inquiry about any individual(s) employed by AUA who have any alleged or purported
   connection to South Carolina on behalf of AUA." That is exactly what the
   interrogatory asked.

2. On information and belief, at least two faculty members and/or administration officials
   are licensed to practice in South Carolina and own real property in South Carolina, and
   it is not unreasonable to believe that either or both of them have traveled to South
   Carolina at some point during the pandemic or before. AUA's flippant response is
   additional evidence of its intent to obstruct the judicial process.

**Objection to Interrogatory 10**

1. AUA claims it lacks this information. Plaintiff will withdraw this Interrogatory upon
   agreement by AUA to provide Dr. Robert Mallin and Dr. Kimberly Mallin for
   depositions *de benne esse* that will include a request for documents.

2. AUA disingenuously answers this interrogatory by stating that Dr. Robert Mallin and
   Dr. Kimberly Mallin "are and have been for the entirety of the three-year period
   immediately preceding the filing of Plaintiff's complaint, citizens and residents of the
   State of New York" which has nothing to do with the Interrogatory that was
   propounded.

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

3. How is it that AUA knows the residences of Dr. Robert Mallin and Dr. Kimberly Mallin but lacks any knowledge of information regarding their travels to and/or remove work from locations within South Carolina.

**Objection to Interrogatory No. 11**

1. AUA claims this interrogatory is irrelevant by falsely stating that it "has no bearing on whether the Court has personal jurisdiction over AUA and no tendency to make jurisdiction more or less probable. . ."

2. In an attempt to be even more obstructionist, AUA reports that it "has not issued any telephone number. . . with the identified area codes to any officer, director or employee of AUA." That is not the question asked. Plaintiff is informed and believes that personal communication devices with area codes of 803, 843, and/or 864 have been used in official AUA communications, either as it relates to this case, or otherwise during the pandemic.

**Objection to Interrogatory No. 12**

1. AUA claims this interrogatory is "improper" in that has no "tendency to make the existence of personal jurisdiction over AUA more or less probable. . ."

**2.** AUA also claims it does not understand the interrogatory, which cannot possibly be true because it has articulated at least five objections to the interrogatory, which means AUA understands exactly what Plaintiff is requesting.

**Objections to Interrogatory No. 13**

1. In addition to the other obstructionist responses provided in response to the previous 12 interrogatories, which are intentionally set forth to thwart the efforts of this Court to address the issue of personal jurisdiction, AUA states that "any referenced email or invite speaks for itself" but it fails to produce any email or invite to allow it to "speak for itself."

**Objection to Interrogatory No. 14**

1. Plaintiff will not assert any objections to the objections asserted by AUA, because the documents it has produced in response to Plaintiff's Request to Produce show that the information set forth in response to Interrogatory is false.

2. Plaintiff does note that the obstructionist answers to all prior interrogatories continues as to Interrogatory No. 14.

Mr. Angus Macaulay, Esquire
In re: Insufficient discovery responses (4:20-cv-0445-JD)
September 28, 2021

Page 11 of 11

## Objections to Interrogatory No. 23 – 28

1. There is no court order or rule which prescribes the number of interrogatories that may be propounded in response to the Court's order as it relates to the Court's inquiry into personal jurisdiction based on minimum contacts by Defendant AUA.

2. The information requested is directly relevant to the issue of contacts with the State of South Carolina and Defendant AUA's answers to all interrogatories propounded by Plaintiff are in bad faith and deliberately intended to prevent the Court from inquiring into a legitimate issue before the Court.

I would ask that you supplement your answers to interrogatories and stop being obstructionist and attempting to frustrate the purposes of the Court in allowing the discovery into issues related to personal jurisdiction. With knowledge that the consultation is serving no useful purpose, Plaintiff will file a motion to compel with the Court. Should Defendant AUA decide it wishes to cooperate in discovery (despite all evidence to the contrary), Plaintiff will withdraw her motion to compel upon receipt of responsive answers to the interrogatories propounded to date.

If you have any questions, please do not hesitate to call. With warm personal regards, I am,

Sincerely yours,

Desa Ballard / ekc

Desa Ballard
desab@desaballard.com

cc:    *Via Email*
       Brittany Clark, Esquire
       Emily Doe

Search | AUA

Request Info            Events            Contact            Blog & News



Search Results for:
# "health care facility"

Home  >  Search results for: "health care facility"



Dr. Jasmine Riviere-Marcelin
Infectious Disease Fellow
Mayo Clinic, Rochester, MN
Valedictorian, Class of 2011

# 5 AUA Alumni Making a Big Impact in the Global Medical Community

Blog / By AUA

...health care facility open in the area. Dr. Hassan Masri (Class of 2010) Dr. Masri is a Critical Care Fellow at Queens University School of Medicine in Kingston, ON. He studied Critical Care at Stanford for Echo Cardiography training course and was an Internal Medicine Resident at Harbor Hospital in...

# Take the next step

APPLY NOW

# Admissions webinar

REGISTER



    

**Explore**

Campus Tour

Studying in Antigua

Housing

Events

News

**Learn**

Request Info

Why AUA

Academics

Admissions

Career Success

Search | AUA

## AUA College of Medicine

*University Park*

*Jabberwock Beach Road*

*W1451*

*Coolidge, Antigua*

*Admissions Phone (toll-free): 888-282-8633*

*Admissions Email: admissions@auamed.org*

## Manipal Education Americas, LLC

*40 Wall Street*

*10th Floor*

*New York, NY 10005*

Cookie Preferences