**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe ) | Civil Action No.: 4:20-cv-04445-JD |
| Plaintiff ) | |
| vs. ) | **MOTION TO COMPEL** |
| ) | |
| American University of Antigua Inc., ) | |
| ) | |
| Defendant ) | |

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 37.01 (DSC), Plaintiff Emily Doe moves this Court for an Order to Compel responses to Interrogatories as set forth herein. Plaintiff, through counsel, has consulted with opposing counsel in an effort to obtain a resolution to the issues raised, but there has been no response from Defendants. Counsel's letter to opposing counsel is attached hereto as **Exhibit A**.

Defendant American University of Antigua (hereafter "AUA") moved to dismiss the complaint in this action on February 22, 2021, asserting that South Carolina did not have personal jurisdiction over it. In support of its motion, AUA submitted multiple affidavits from Leonard Sclafani, who is not an employee of AUA, but is instead an employee of "Manipal Education Americas, LLC" which provides "legal services" to AUA. (ECF 15-2). "Manipal provides back office and administrative services for AUA, including registral, recruiting, marketing, IT, financial, accounting and legal services." *Id.*

Following an argument on the motion, this Court issued a text order on June 30, 2021 in which Plaintiff was "directed to serve written discovery requests on Defendants with 14 days and is granted 60 days to conduct limited jurisdictional discovery as it pertains to facts regarding Defendant AUS's contact with South Carolina." (ECF 24).

Plaintiff served discovery requests on Defendant on July 14, 2021, which Defendant refused to answer. Following a telephone conference with the Court on August 10, 2021, Plaintiff served amended discovery on August 20, 2021, which consisted of Interrogatories specific to personal jurisdiction issues, and Requests to Produce specific to personal jurisdiction. **Exhibits B and C**.

In its amended discovery, and based on information provided by Defendant AUA, Plaintiff defined "Defendant" to include "its agent Manipal Education Americas, LLC when acting through or for American University of Antigua or providing services to or on behalf of AUA." (Exhibit B, ¶ 1). Since it appeared that many of the functions which would normally been performed by AUA itself were performed through its agent Manipal Education Services as a "vendor," it appeared necessary to include Manipal as a part of the definition of Defendant AUA since much of the duties of AUA were delegated to Manipal.

In both its Responses to Interrogatories and Requests to Produce, AUA objected to the definition of "Defendant" or "AUA" because Manipal Education Americas, LLC was included. **Exhibit D** (p. 2, ¶ 5) and **Exhibit E** (p. 2, ¶ 5). This was a general objection applicable to all responses in both sets of discovery.

Preliminarily, then, all of AUA's discovery response were pulled from an unnecessarily restrictive source of information in that none of the activities of Manipal Education Americas, LLC, which provides, according to Mr. Sclafani, "back office and administrative services for AUA, including registrial, recruiting, marketing, IT, financial, accounting and legal services" were included in the resource materials from which AUA's responses were provided. (ECF 15-2).

AUA refused to inquire into any materials from "Manipal Education of Americas, LLC" despite exhibits it voluntarily filed with this Court identifying Manipal as the address for

Defendant AJA "c/o Manipal Education Americas, LLC, One Battery Park Plaza, 33rd floor, New York.". (15-4, p. 2). Documents voluntarily filed by AUA also reflected that both AUA and Manipal Education Americas LLC share a common officer, Neal Simon, whose address for both institutions was "c/o Manipal Education Americas, LLC." (ECD 15-4, p. 4 & 5). Mr. Sclafani's own email address, as filed with his affidavit, is lsclafani@auamed.org, suggesting a clear blending of the roles of AUA and Manipal Education Americas. Another Manipal officer, Prabhu Marudheri, also has a dual role at AUA, since he is listed both with the New York Department of State as the designated agent for service of process for Manipal (ECF 15-5), and as an Officer/Director of AUA in a filing with the Florida Division of Corporations. (ECF 15-4).

While each of its discovery responses contain numerous other objections, AUA's transparent refusal, despite overwhelming evidence to the contrary, to consider Manipal Education Americas LLC as a source for responsive information for the discovery materials sought by Plaintiff evidence bad faith in the entire discovery process. After all, AUA is the entity which introduced Manipal Education Americas, LLC into the discussion and revealed that Manipal does, essentially, all of the work for AUA other than actual teaching. Unlike its other objections, which were reserved, and certain limited information provided, the entire scope of AUA's responses was restricted by the express exclusion of any materials of Manipal Education Americas LLC. AUA was the exclusive unilateral arbiter of its decision to exclude Manipal Education Americas LLC source materials from the scope of information to which Plaintiff's discovery applied.

By its unilateral rejection of Plaintiff's definition of "Defendant" or "you", which was expanded by virtue of the information voluntarily provided by AUA, AUA has demonstrated its staunch refusal to engage in good faith discovery.

3

Setting aside its individual and loquacious objections to individual Interrogatories and Request to Produce, the Court need look no further than AUA's unilateral refusal to recognize its own agent as among the repositories for materials that are clearly within the scope of materials sought from Defendant, warrants an order from this Court to require Defendant AUA to be sanctioned for its refusal to engage in good faith discovery.

Rule 37(c)(1) provides that a court may impose sanctions if a party fails to disclose information legitimately sought in discovery. *Southern States Rack & Fixture v. Sherwin Williams*, 318 F.3d 592 (4th Cir. 2003). Sanctions may be refused when the "failure to disclose is substantially justified" or the failure to participate in discovery is "harmless." *Id.* The court is also required to examine the parties' bad faith. "It is the obligation of the party facing sanctions for belated disclosure to show that is failure to comply with Rule 37(c)(1) was either justified or harmless." *Id.* citing *Finley v. Marathon Oil Company*, 75 F3d 1225 (7th Cir. 1996).

For purposes of this motion, the individual and repetitious objections as to each interrogatory or request to produce can be addressed, but they need not be addressed, because AUA so blatantly said "no" when requested in good faith to search the full database of relevant materials. AUA dug its heels in and said "no" without permission of this Court, and despite evidence it had voluntarily provided that Manipal Education Services LLC performs virtually all of its "back room" functions. Plaintiff is informed and believes that AUA's unilateral decision to exclude the vast majority of documents generated or maintained by its "agent" Manipal Education Americas LLC as materials from which discovery responses should be searched evidences absolute bad faith warranting sanctions without examining the individual objections (mostly relevance, when relevance is a very low bar to meet, when each and every discovery request propounded by Plaintiff was designed to elicit evidence) of minimum contacts with South

4

Carolina, especially when Plaintiff's own information regarding South Carolina connections had already produced dozens of South Carolina connections that even AUA failed to acknowledge[1].

The Court must determine whether the nonresponding party acted in bad faith, the amount of prejudice its noncompliance has affected, and whether less drastic measures would be appropriate. *Southern States Rack and Fixture, supra,* 318 F.3d at 597.

Plaintiff is informed and believes sanctions are appropriate and prays this Court sanction AUA by overruling its specious objection that Manipal Education Americas, LLC, which shares officers and directors with AUA has no relation to AUA such that it was permitted unilaterally to ignore its resources when responding to discovery propounded in good faith.

By way of sanction, Plaintiff prays that AUA be required to supplement its discovery responses after <u>including</u> the Manipal Education Americas LLC materials as among the documents it searches for good faith responses to the discovery permitted by this Court on AUA's contacts with South Carolina and to do so within a shortened period of time, since AUA has known for more than three months the information Plaintiff was seeking.

Plaintiff will submit her memorandum in support of a finding that she has met the required showing of minimal South Carolina contacts so as to permit this Court to exercise jurisdiction over AUA, and does not suggest, by way of sanction ,that this Court conduct a less thorough analysis than it would had Defendant acted in good faith and cooperated with discovery. However, in addressing the issues before it, neither this Court nor Plaintiff should be subjected to obvious

---

[1] By way of example, query why AUA brags on its website of the numerous locations its graduates secure residencies nationwide in the United States, including South Carolina, if AUA has nothing to do with preparation for or submission of materials or placement for its students to seek and obtain residency appointments. As noted, AUA has redone its website entirely since this action was initiated, apparently seeking to disguise its previously touted residency placements throughout the United States and South Carolina.

obstructionist bad faith discovery responses in attempting to legitimately examine the issues before the Court.

Defendant AUA has already interfered with Plaintiff's legitimate discovery objectives by improperly objecting to subpoenas issued by Plaintiff for information regarding South Carolina contact, which this Court legitimately overruled. (ECF 28).   It is respectfully submitted that mandating responses to discovery using the definition provided by Plaintiff in her discovery requests, *i.e.,* by including its operational arm Manipal Education Americas LLC, AUA should be ordered to provide substantive and complete responses to the outstanding discovery responses within ten (10) days of the date this Court rules upon the issues presented by this Motion to Compel.

        Respectfully submitted,

s/ Desa Ballard
Desa Ballard (ID# 1179)
Harvey M. Watson III (ID# 9271)

**BALLARD & WATSON**
226 State Street
West Columbia, SC  29169
Telephone 803.796.9299
Facsimile 803.796.1066
desab@desaballard.com
harvey@desaballard.com

ATTORNEYS FOR PLAINTIFF

October 5, 2021