**Exhibit D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Emily Doe, | C/A No. 4:20-cv-04445-JD |
| Plaintiffs | |
| v. | **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST AMENDED SPECIAL INTERROGATORIES** |
| American University of Antigua, Inc., | |
| Defendants. | |

**TO:   DESA BALLARD, ESQ., ATTORNEY FOR THE PLAINTIFF:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as well as this Court's Text Order issued June 30, 2021 (Dkt. No. 24), Defendant American University of Antigua, Inc. ("Defendant" or "AUA"), hereby responds, subject to specific objections, to the "Requests for Production on Personal Jurisdiction" ("Plaintiff's Requests") served by Plaintiff, Emily Doe ("Plaintiff") as follows:

### INTRODUCTION

1.      Defendant specifically reserves the right to object or withhold information to the extent Plaintiff's Requests seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendant until a Confidentiality Order is entered in this case.

2.      By responding to Plaintiff's Requests, Defendant does not waive its right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendant are in excess of those set forth in the Federal Rules of Civil Procedure.

3.      Defendant responds to Plaintiff's Requests without waiving or intending to waive

any objection to competency, relevancy, or admissibility as evidence of any matter referred to or made the subject of any response provided, including at any trial of this action. Defendant reserves the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information. A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.    Defendant further reserves the right to amend, supplement, or change any responses to the Requests for Production with information if new information is learned during the course of this case and/or upon further investigation.

5.    Defendant objects to the Plaintiff's overly broad definition of "Defendant" or "You" as stated in Plaintiff's "First Amended Special Interrogatories to Defendant [AUA] on Personal Jurisdiction," ("Plaintiff's Amended Interrogatories") as those terms are improperly expanded to include non-party "Manipal Education Americas, LLC."[1] Plaintiff's Interrogatories at 1-2 ¶ 1. Such an unreasonable expansion renders the Interrogatories overly broad as it impermissibly would require AUA to somehow answer for itself as well as Manipal Education Americas, LLC ("Manipal"), an entirely distinct and separate entity, that is not a party to this lawsuit and for whom AUA does not have the knowledge and/or authority to speak for, and cannot be expected to speak for. This objection applies to AUA's responses to every Interrogatory which incorporates this definition.

6.    Defendant also objects to the Plaintiff's overly broad definition of the "relevant time period" as stated in Plaintiff's Amended Interrogatories, which Plaintiff defines as "the period from January 2016 . . . through May 2021" (a definition which Plaintiff incorporates throughout

---

[1] This issue was also raised during the telephone conference between the parties and the Court on August 10, 2021. *See* Dkt. No. 27.

the Interrogatories themselves as well as other definitions, *see, e.g.*, Plaintiff's Definition of

"Officers and/or employees," "Applicant," and "Payor" at Plaintiff's Interrogatories ¶¶ 2, 4, 8).

*See* Plaintiff's Interrogatories at 3 ¶ 9. The nearly six-year time frame is excessive, unreasonable,

and overly broad, rendering the Interrogatories using the definition disproportionate to the needs

of this case. As noted by Judge Dawson during the telephone conference between the parties and

the Court on August 10, 2021, a reasonable time period for Plaintiff's discovery requests during

this limited period of discovery on personal jurisdiction only would be three (3) years. (*See* Dkt.

No. 27). This objection applies to AUA's responses to every Interrogatory which incorporates this

definition.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**1.     Identify any and all persons who have served for any period during the relevant time period on ALA's (sic) senior administration, as described in the AUA Advisory Board Mission, attached hereto as Exhibit A. As to each, provide the last known address, email and telephone number which you have in your records.**

ANSWER:     Defendant objects to Interrogatory No. 1 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the question posed to an inquiry about any alleged or purported contacts with South Carolina by or on behalf of AUA. The request is overly broad and irrelevant for the additional reason that it is not tailored to discovery potential or purported contact by Defendant AUA with South Carolina, particularly in that it seeks the names and additional information about "any and all persons who have served for any period" in the undefined role referenced since January 2016, which is unlimited in terms of states or locations (and not tailored to South Carolina). Defendant also objects to this Interrogatory because it is unclear and incomprehensible, including through reference to "ALA's senior administration," and "as defined in the AUA Advisory Board Mission," and such broad and undefined terms render the Interrogatory too vague to permit a response as Defendant cannot ascertain what is being asked.

Subject to and without waiving the foregoing objections, Defendant responds that, based on its knowledge and records, upon information and belief, no member of AUA's current Advisory Board has identified South Carolina as their domicile during any period of time for which they served on the Board. There has been no change in the Board's membership since it was established. No member of AUA's Advisory Board are employees, officers, or directors of AUA. The role and mission of the AUA Advisory Board is to provide advice and counsel to AUA's senior management as to how best to fulfill AUA's mission of providing "a learner-centric

education of the highest qualify, granting opportunities to underrepresented minorities, fostering a diverse academic community, and ensuring that its graduates develop the skills and attitudes of lifelong learning, compassion and professionalism." Defendant further responds that during all times any individual has served on AUA's Advisory Board, upon information and belief, the States of residence are and have been as follows: Timothy Bishop (New York), Dr. John Hansen (New York), Alice Huffman (California), Dr. Ephraim Kermant (New York), Dr. Robert Wilmouth (Montana).

**2.    Identify which identify all Officers or Employees who have been affiliated in any capacity with AUA during the relevant time period, and as to each, provide the last known contact information for that individual, including all email addresses and telephone numbers known to Defendant.**

ANSWER:    Defendant objects to Interrogatory No. 2 because it is irrelevant to the issue of personal jurisdiction, and is both overly broad and disproportionate to the needs of this case. Asking AUA to identify "all Officers or Employees who have been affiliated *in any capacity* with AUA (and/or non-party Manipal) [during the last 6 years]," whether that is a current or former affiliation, is unduly burdensome and plainly overly broad, particularly given the narrow personal jurisdiction issue before the Court. The interrogatory essentially asks AUA to identify "all Officers or Employees" who have been affiliated with AUA (and/or non-party Manipal) for the past six years, as well as for AUA to provide their contact information. Such a request is not tailored to obtain discovery about AUA's alleged contacts with South Carolina for purposes of the personal jurisdiction issue before this Court and is unreasonable in its scope, and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, based on its knowledge and records, Defendant responds that, no AUA Officer or Employee has listed his or her domicile as South Carolina at any time during the previous three-year period.

**3.    As to each Officer or Employee identified in the previous Interrogatory, identify all state professional licensing information known to you regarding that individual, either presently or at the latest time you have possessed that information. If the requested information is not within the personal knowledge of AUA, inquire of each current or former Officer or Employee to obtain that information and provide it in your response.**

ANSWER:    Defendant objects to Interrogatory No. 3 because it is irrelevant to the issue of personal jurisdiction, and is both overly broad and disproportionate to the needs of this case. Interrogatory No. 3 builds on No. 2, which essentially asked AUA to provide the name and contact information for all of its employees or Officers, current or former, of AUA and Manipal for the past six years. In Interrogatory No. 3, Plaintiff asks for all of those identified, asks for any and all "state professional licensing information" regarding those individuals at any time during their lifetimes—and if the information is not in AUA's possession, custody, or control, to somehow approach those people to obtain the information. Asking AUA to identify "all" "state professional licensing information, apparently for the life of *all current and former* "Officers or Employees who have been affiliated *in any capacity* with AUA (and/or Manipal) [during the last 6 years]" is unduly burdensome, overly broad, irrelevant and disproportionate to the needs of this case.

Further, the request is not tailored to obtain discovery about AUA's alleged contacts with South Carolina for purposes of the personal jurisdiction issue before this Court.

Subject to and without waiving the foregoing objections, Defendant responds that no individual was identified in the previous Interrogatory.

**4.    Identify all of the "prominent American physicians and hospital administrators" who established AUA, as referred to on Exhibit B, and as to each, provide the last known contact information for that physician or administrator, including all mail addresses and telephone numbers known to Defendant.**

ANSWER:    Defendant objects to Interrogatory No. 4 because it is overly broad, unduly burdensome, irrelevant to the limited issue of personal jurisdiction, and is therefore disproportionate to the needs of the case. The Interrogatory is unduly burdensome, overly broad, and irrelevant, particularly because the information sought is not confined to any inquiry about potential contacts by Defendant AUA with South Carolina, and it is disproportionate to the needs of the case in that it would involve significant time and expense to AUA to provide information that is irrelevant not within the scope of discoverable material.

Subject to and without waiving the foregoing objections, Defendant responds that AUA was founded in 2003. Plaintiff's referenced "Message from the President," which she lists as Exhibit B, provides a broad message to all students and its purpose was to emphasize its commitments to students; this message was not intended to provide a record of any particular individual.

**5.    Identify by name, address, and last known email and/or telephone, all payors who have paid fees of any kind to AUA at any time for themselves or some other person from credit cards or banking institutions, which list South Carolina as a billing address at any time from January 2016 to the presenti (sic). Payors includes persons who bear partial or full financial responsibility for loans made by third parties for payment to AUA for tuition or other costs for an applicant, student or graduate of AUA.**

ANSWER:    Defendant objects to this request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. The Interrogatory is unduly burdensome and disproportionate to the needs of the case, particularly because production of the information sought, which is not confined to South Carolina, would involve significant time and expense when such information is irrelevant and does not fall within the scope of discoverable information. Moreover, the definition section of the Interrogatories defines "payor" to include "any and all individuals or entities, including any agency of the United States or Canada that have paid any fees to or for AUA for application fees, tuition, program costs, materials costs, residential services or facilities, meal programs and any other payment made directly or a third party such as Cashnet, Venmo, Paypal or similar third party transactional company as well as through any credit card company or other financial institution, Paypal for or on behalf of any Applicant, Student or Graduate from January 2016 to the present." This definition is overbroad and identification of all such irrelevant information, if it is available at all, would be unduly burdensome and expensive to Defendant, and is thus disproportionate. Plaintiff's definition of "payor" and the Interrogatory itself is not tailored to request information about contacts with South Carolina as it seeks

information about payments made outside of South Carolina but which "list South Carolina as a billing address," which is unclear. Defendant further objects to Interrogatory No. 5 because it seeks information involving unrelated third parties, information which is also irrelevant, and is potentially confidential or otherwise private and protected from disclosure. Defendant also objects to this Interrogatory because it is unclear and incomprehensible, including through an apparent redefining within the Interrogatory itself of previously defined terms, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant does not have the information sought in its possession, custody, or control, and has no means of knowing the source of a payor's funds.

**6.    Identity, by name and address and last known email and/or telephone number any and all health care facilities with locations in South Carolina which any student of AUA has listed as a potential placement on their MATCH application or submission through ECFMG (Educational Commission for Foreign Medical Graduates) at any time during the last ten years.**

ANSWER:    Defendant objects to Interrogatory No. 6 because it is irrelevant to the issue of personal jurisdiction and is outside the scope of discoverable information as it has no connection and has no impact on any potential contact by Defendant AUA with South Carolina. Defendant further objects because the Interrogatory is vague and ambiguous, including through use of the broad and undefined terms "health care facilities with locations in South Carolina," "potential placement," "MATCH application or submission," and "ECFMG (Educational Commission for Foreign Graduates," all of which render the request too vague to permit a response. The Interrogatory is also unclear and incomprehensible, including through use of the phrase "health care facilities with locations in South Carolina," while not providing clarity as to whether the inquiry applies to any healthcare facility in any state so long as such an entity or facility has any presence or location in South Carolina, which prevents AUA from ascertaining what is being asked and preventing it from providing an appropriate response. Defendant further objects to the overly broad and unreasonable time scope of information sought "at any time during the last ten years," a time frame that is disproportionate to the needs of this case and would require identification of irrelevant and extraneous information (even if Defendant had such information, which it does not).

Subject to and without waiving the foregoing, graduating students and/or graduates of AUA (hereinafter collectively, "Graduates") do not provide AUA with any lists of where they might choose to apply for residency. The ECFMG is not involved in the selection or application by Graduates for residency positions. Graduates do not provide the ECFMG with any information as to where or how they might elect to apply for residency and, if they did, AUA would not have access to that information. Accordingly, AUA is unable to provide the requested information. More specifically, the following is the case:

Graduates and graduating students of AUA make their own selections and determinations as to where they will apply for post graduate residency positions, which selections and determinations they have no obligation to provide to AUA. Nor does AUA have any system or process in place either for students to provide such information to it or for AUA to store such information.

AUA does not, and has not ever, placed any graduating student or graduate in any residency program in South Carolina or elsewhere in the United States.

Except that those of AUA's Graduates who elect to apply for residency positions through the below described "MATCH," who are contractually bound to accept appointments in residency programs in which they are placed through the "MATCH," AUA's Graduates make their own decisions as to where they will accept appointments in residency programs as resident physicians. They are under no obligation to provide that information to AUA.

Except as is a matter of public record, voluntary disclosure by Graduates and/or information provided to AUA by United States' National Residency Matching Program (the "NRMP"), AUA has no means of knowing from which residency programs its Graduates have applied for residency positions or have received or accepted appointments as resident physicians in residency programs in South Carolina or elsewhere in the United States.

The NRMP is a private not for profit organization that owns, operates and controls the MATCH process. Through that program, graduates of medical schools throughout the world, including graduates of schools and colleges of allopathic and osteopathic medicine in the United States, who wish to serve as residents in accredited residency programs in the United States that wish to fill their open post graduate residency positions with such graduates are "matched." Upon being so "matched," residency programs are bound to offer appointments to the graduates who match in their program and graduates who are so matched are bound to accept the appointments.

AUA has no affiliation, interest or relationship, contractual or otherwise, with the NRMP. To AUA's knowledge and belief, the NRMP maintains its principal offices in Washington, DC and has no offices in South Carolina.

For AUA Graduates who decide to participate in the "MATCH" and expressly request that AUA do so, AUA will upload to a centralized online application service known as the Electronic Residency Application Service ("ERAS") the Graduates' official transcripts and "Medical School Performance Evaluations (MSPE's) residency program directors who will fill their available residency positions with medical school graduates from around the world who agree to participate in the MATCH will download and consider in determining which of the Graduates who agree to participate in the MATCH they will offer an interview and ultimately will advise the NRMP that they would accept into their programs.

Except that AUA uploads those documents into the ERAS database and offers guidance and information about residency programs around the globe to Graduates who request it, AUA has no role or involvement in the placement of students in residency positions, the offering of residency positions to Graduates or the acceptance of positions in residency positions by Graduates.

 AUA has no affiliation, interest or relationship, contractual or otherwise, with ERAS except as set forth above. To AUA's knowledge and belief, the ERAS is owned and controlled by the American Association of Medical Colleges (the "AAMC") and maintains its principal offices in Washington, DC and has no offices in South Carolina. AUA is not a member of the AAMC.

Except that the Educational Commission for Foreign Medical Graduates (the ECFMG), at the request of graduates of medical schools located outside of the United States, will, upon application of such graduates, award certificates for those graduates whose education satisfies its criteria that it uploads at the graduates' requests to ERAS, the ECFMG has no involvement in the application, appointment or acceptance of graduates of medical schools, anywhere in the world, including in the United States, into residency positions in residency programs in the Unites States or elsewhere in the world.

AUA has no affiliation, interest or relationship with the ECFMG. To AUA's knowledge, the ECFMG maintains its headquarters and principal offices in Philadelphia, Pennsylvania and has no offices South Carolina.

In light of the foregoing, AUA cannot provide information with any degree of certainty which of its Graduates have been offered or accepted appointments in residency programs in South Carolina. However, based upon such information as it has on the matter, of the approximately 800 Graduates who received appointments in residency programs during the three-year period immediately prior to and including the dates of occurrence of the alleged events and circumstances underlying Plaintiff's claims in this matter as alleged in her Complaint (filed on December 23, 2020), only five have been offered positions in residency programs in South Carolina.

**7.      Identify, by name and address and last known email and/or telephone number any and all health care facilities which AUA graduates have received a residency appointment at any facility in South Carolina during the relevant time period, regardless of whether that accepted that residency. As to each, identify the graduate by name as well as his/her last known contact information.**

**ANSWER:**    Defendant objects to Interrogatory No. 7 because it is irrelevant to the issue of personal jurisdiction and is outside the scope of discoverable information as it has no connection and no bearing on any potential contact by Defendant AUA with South Carolina for personal jurisdiction purposes.   Defendant further objects because the Interrogatory is vague and ambiguous, including through use of the broad and undefined terms "residency appointment" and "facility," whose use renders the request too vague to permit a response.  Defendant also objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response. Interrogatory No. 7 is not tailored to obtain discoverable information that could have any relevance to any purported or allege contact by AUA with South Carolina, and it is therefore disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, Defendant responds as follows: See Response to Interrogatory No. 6.  By way of further response, Interrogatory Nos. 6 and 7 demonstrate Plaintiff's misapprehension of the processes and functions of "MATCH," as well as medical residencies as a whole, and the limited role of AUA (or any medical school) in both of those processes.

AUA does not decide and has no authority to decide and cannot decide where its students apply for residencies, which are to be performed *after* they graduate from AUA.  Other than basic

administrative tasks, such as uploading transcripts to a national system, as any medical school does, or providing guidance or counseling at the request of a student, AUA plays no role in this process. AUA also has no authority or control over where an AUA student gets accepted for a residency program.

AUA also has no ultimate control or authority over where a Graduate submits and/or accepts a residency. AUA does not control where its Graduates or any individual person ultimately decides to live and/or work after they graduate from AUA.

**8.    Identify any and all officers, agents and/or employees of AUA who have, at any time within the last ten years, joined AUA following any prior professional affiliation or professional position in South Carolina, whether immediately prior or more distantly prior, *i.e.,* name all officer and/or employees of AUA who have had any affiliation with any facility in South Carolina at any time during their professional careers.**

ANSWER:    Defendant objects to Interrogatory No. 8 further objects to this Interrogatory because it seeks information that is irrelevant to the issue of personal jurisdiction as the requested information would have no tendency to make personal jurisdiction over AUA more or less probable because it involves "distantly prior" "affiliations" between South Carolina and any and all AUA employees hired in the past 10 years, as actions of employees prior to joining AUA and not acting on behalf of AUA "at any time during their professional careers" has nothing to do whatsoever with AUA's purported or alleged contacts with South Carolina. Defendant further objects because the Interrogatory includes an unreasonable, overly broad, and irrelevant time scope of ten (10) years, and asks for information about "*any and all* officers, agents and/or employees of AUA" who joined AUA sometime in the past 10 years and who has had "any" prior or more distantly prior "professional affiliation or professional position in South Carolina . . . *at any time during their professional careers*," which is unduly burdensome and disproportionate to the needs of this case. Defendant further objects because the information sought is not in the possession, custody, or control of AUA. Defendant further objects to this Interrogatory because it is unclear and incomprehensible, vague and ambiguous, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant responds as follows: See response to Interrogatory Nos. 2 and 3. By way of further response, upon information and belief, no officer or employee of AUA has joined AUA within the three-year period immediately preceding the filing of Plaintiff's Complaint on December 23, 2020 who have or had any prior professional affiliation or a professional position in South Carolina.

**9.    Identify any and all officers, agents and/or employees of AUA who have, at any time within the relevant time period traveled by private vehicle, bus, multi-passenger vehicle, or other conveyance to or through South Carolina for personal, recreational, educational, vocational or business purposes, and as to each, identify the name of the officer and/or employee, the purpose for such travel, and the last known address, e mail and telephone number for that officer or employee. Do not include trips by Leonard Sclafani to attend court proceedings in South Carolina for this proceeding.**

ANSWER:    Defendant objects to Interrogatory No. 9 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the question posed to an inquiry about any individual(s) employed by AUA who have any alleged or purported connection to South Carolina on behalf of AUA.  Defendant further objects to the Interrogatory because it seeks information for a "relevant time frame," which is overly broad and disproportionate to the needs of this case, particularly given the procedural posture.

**10.    Identify all tax years in which Dr. Robert Mallin and/or Dr. Kimberly Mallin claimed a tax deduction for offices at any location in South Carolina, including but not limited to a home office at any time within the past ten years.**

ANSWER:    Defendant objects to Interrogatory No. 10 because it is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, it seeks potentially confidential and private information, it is overly broad because it does not have a reasonable time scope and fails to connect any sought "contacts" with AUA (the Defendant in this case), and is thus disproportionate to the needs of this case.  Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents in its possession, custody, or control, and any questions about an individual's personal tax returns should not be sought at all (irrelevant to personal jurisdiction) and should not be directed to AUA. Moreover, the information sought does not relate or pertain in any way whatsoever to AUA, and is instead private information of other individuals, and the information sought is private, confidential, or otherwise protected, and Defendant is not free to produce it (even if it could, which it cannot because it does not have the information).

Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, both Dr. Robert Mallin and Dr. Kimberly Mallin are, and have been for the entirety of the three-year period immediately preceding the filing of Plaintiff's Complaint, citizens and residents of the State of New York.

**11.    Set forth or produce documents sufficient to identify all numbers for personal communication devices used by any officer and/or employee of AUA at any time during the relevant time period which have the area code 803, 843 or 864.**

ANSWER:    Defendant objects to Interrogatory No. 11 because it is irrelevant to the issue of personal jurisdiction as the information sought has no bearing on whether the Court has personal jurisdiction over AUA and has no tendency to make jurisdiction more or less probable, including (but not limited to) by defining "AUA," "Defendant," or "You" to include non-party Manipal. Defendant further objects because the Interrogatory seeks information that is private and confidential or otherwise protected and information that AUA has no way of knowing or determining, and is overly broad in that it fails to relate, connect, or tailor the request such that the information sought could be potential relevant "contacts" by AUA with South Carolina, and is thus disproportionate to the needs of this case.  Defendant further objects to the extent the Interrogatory is directed to the wrong persons or entities in that it asks for information outside the possession, custody, or control of AUA.

Subject to and without waiving the foregoing objections, Defendant responds that AUA has not issued any telephone number or cell phone number with the identified area codes to any officer, director, or employee of AUA, nor does it have any knowledge that it has paid and/or reimbursed any officer, director, or employee of AUA for a cell phone or telephone number with the identified area codes for the last three years.

**12.    Identify by city or town the physical location from which each participant or attendee of a Microsoft Teams Meeting(s) (as identified in the attached Exhibit C) scheduled By Brianne Schwartz on August 27, 2020 at 3:31 pm participated, including but not limited to Reza Sanii, Carolyn Edmondson, and Emily-Lauren Maggioncalda as well the physical locations of any person(s) who served as an assistant to any participant or attendee or provided technical support for the Teams Meeting.**

ANSWER:    Defendant objects to Interrogatory No. 12 because it seeks information that is irrelevant to the issue of personal jurisdiction, and is overly broad to the extent it asks for information that is unavailable or unknowable by Defendant AUA.  The request that AUA identify by "city or town" the physical location of the referenced individuals, including Plaintiff, is improper and the information would have no tendency to make the existence of personal jurisdiction over AUA more or less probable, regardless of where Plaintiff was physically located. By way of further objection, the discovery into personal jurisdiction permitted by the Court was limited to that issue alone, focused on Defendant AUA's contacts, if any, with South Carolina. Requesting that AUA somehow identify by city or town where "it believes" certain people were, including the Plaintiff herself, while participating in the referenced video conference is unreasonable, irrelevant to personal jurisdiction, overly broad, unduly burdensome, and is thus disproportionate to the needs of this case, particularly given its procedural posture at this time. Defendant also objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, Dr. Reza Sanii (AUA's Dean of Student Affairs) and Dr. Carolyn Edmondson (AUA's Associate Dean of Student Affairs) were both physically present in Antigua during the August 20, 2021 meeting referenced by Plaintiff in Interrogatory No. 12 and Exhibit C.

By way of further response, AUA has no knowledge and no way of determining where the Plaintiff Emily-Lauren Maggioncalda was physically located during the referenced date, time, and event.

**13.    Identify by city and state the physical location from which Brianne Schwartz sent the Microsoft Team Invite on August 27, 2020 at 3:31 p.m. and the recipient(s) email address to which the Invite was transmitted.**

ANSWER:    Defendant objects to Interrogatory No. 3 because it is compound and includes more than one distinct Interrogatory.  Defendant objects to Interrogatory No. 3 because it is irrelevant to the issue of personal jurisdiction before the Court and does not involve discovery of any alleged or purported contacts by Defendant AUA with South Carolina, and is thus disproportionate to the needs of this case.  Defendant further objects that the Interrogatory is

unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objection, Defendant responds that, upon information and belief, Brianne Schwartz sent the referenced email or invite from her AUA office in Antigua. By way of further response, and as to the "recipient(s) email address to which the Invite was transmitted," Defendant answers that any referenced email or invite speaks for itself.

**14.    Identify by city and state the location to which Plaintiff was assigned to perform academic studies as an AUA student at the time the Microsoft Team Invite on August 27, 2020 at 3:31 p.m. was transmitted.**

ANSWER:    Defendant objects to Interrogatory No. 14 to the extent it requests information already known by the Plaintiff (as the request involves her own schedule or assignments), thus rendering it unduly burdensome, cumulative, duplicative, and disproportionate to the needs of the case. Plaintiff herself is the best source of the information sought. Additionally, the "city and state the location" (sic) of Plaintiff's assignments on August 27, 2020 are irrelevant to the issue of personal jurisdiction over AUA for purposes of this case. The claims in Plaintiff's Complaint do not relate to any arrangements made by Plaintiff with regard to her schedule on the date of August 27, 2020 but instead involve the disciplinary process stemming from the forged drug screen relating to an upcoming "clinical clerkship," which was arranged by Plaintiff to take place in the state of New York. Defendant further objects to the Interrogatory because it is vague and ambiguous, particularly through the use of "academic studies," which is broad and undefined, rendering the Interrogatory too vague to permit a reasonable response.

Subject to and without waiving the foregoing objections, Plaintiff Emily-Lauren Maggioncalda was engaged in an elective clerkship rotation, unrelated to any claim set forth in her Complaint, at Grand Strand Hospital in Myrtle Beach, South Carolina on August 27, 2020. That hospital is not an affiliate of AUA. Upon information and belief, through connections between Ms. Maggioncalda's family and that institution, Ms. Maggioncalda independently made arrangements with the facility for her to participate in an elective clerkship rotation there. As an accommodation to her, and at her express request, AUA granted Ms. Maggioncalda permission to participate in the clerkship as requested, notwithstanding that it is not one of AUA's affiliated teaching sites, AUA has no faculty or other personnel there, and had no other relationship with the institution.

**15.    Identify by city and state the physical location from which each participant or attendee of a Microsoft teams Meeting on September 21, 2020 at 5:00 pm attended or connected to the Team meeting (as identified in the attached Exhibit D) scheduled by Rachel Osborne, including but not limited to Joe Maggioncalda, Emily-Lauren Maggioncalda, Cynthia Frontin, Karron James, Vernon Lindsay, Samuel Joshua, Joseph Cross, Nikita Srivalsan, Matthew Hogan and Resa Sani as well as the physical location of any person(s) who served as an assistant to any participant or attendee or who provided technical support for the Teams meeting.**

ANSWER:    Defendant objects to Interrogatory No. 15 to the extent it requests information already known by the Plaintiff (as the request involves her or her family's physical

whereabouts at the referenced date and time), thus rendering it cumulative, duplicative, and disproportionate to the needs of the case. Plaintiff herself is the best source of that portion of information sought. Additionally, the "city and state" or whereabouts of the Plaintiff or her father, or any other individual who cannot and does not act on behalf of Defendant AUA, is irrelevant to the issue of personal jurisdiction over AUA for purposes of this case, such that the Interrogatory is irrelevant and overly broad. Defendant further objects to the Interrogatory to the extent it seeks information that Defendant has no knowledge of and has no way of knowing, and because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant responds that the following individuals were physically present in Antigua on the date and time referenced by Plaintiff in Interrogatory No. 15: Dr. Reza Sanii, Rachel Osborne, Dr. Karron James, Samuel Joshua, Joseph Cross, Vernon Lindsay, Cynthia Frontin, Nikita Srivasan, and Dr. Matthew Hogan was located in New York.

By way of further response, AUA has no knowledge and no way of determining where either the Plaintiff Emily-Lauren Maggioncalda and/or "Joe Maggioncalda" was physically located during the referenced date, time, and event.

    **16.    Identify by city and state or provide documentation to identify by city and state the physical location from which Rosaire Orlowski was believed by this Defendant to be when she transmitted an email and attachments to Emily-LaurenM@auamed.net on September 28, 2020 at 5:08 p.m. Exhibit E.**

    ANSWER:    Defendant objects to Interrogatory No. 16 to the extent it improperly asks Defendant to identify "or provide documentation to identify" something that Defendant has no knowledge of, including the whereabouts of the referenced person at the time indicated. The request is not remedied by asking about information "believed by this Defendant." As previously addressed in AUA's July 28, 2021 letter to Plaintiff's counsel conveying the numerous objections to Plaintiff's initial set of discovery requests, and also argued and discussed during the August 10, 2021 telephone conference with the Court, Plaintiff's discovery requests seeking information about what AUA "believes" to be true are improper. *See* Defendant's July 28, 2021 Letter (the "July 28 Letter"). Each of these such requests are irrelevant to the issue of personal jurisdiction for many reasons, including (but not limited to) because AUA's speculation, belief, or guess at an answer to the information sought is not reliable, and would not provide any information that could be used to determine whether this Court has personal jurisdiction over this Court, and the requests are irrelevant, unduly burdensome, and disproportionate for those reasons. This objection applies to Interrogatory Nos. 16, 18, 20, 22, 24.

Defendant further objects because the information sought is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, since it does not involve any contact or potential contact by, nor could the answer show any contact, by Defendant AUA with South Carolina because the individual referenced in the request is not associated with AUA and cannot and has not acted on behalf of AUA, which renders the Interrogatory disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, Defendant responds that it has no knowledge regarding the whereabouts of Rosaire Orlowski on the date and time referenced in Interrogatory No. 16.  Rosaire Orlowski is employed by non-party Manipal.

**17.    Identify or provide documentation to identify by city and state the physical location at which Jason Rivera read an email on which he was copied from Mariel Gutierrez sent on December 8, 2020 at 11:49 am that was sent to Emily-LaurenM@auamet.net. Exhibit F.**

ANSWER:    See response to Interrogatory No. 16.   Defendant further objects to Interrogatory No. 17 to the extent it seeks information that is irrelevant to any allegation set forth in Plaintiff's Complaint and seeks information about events that may have occurred after the events giving rise to Plaintiff's Complaint based on her own allegations.  Defendant also objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant responds that it has no knowledge regarding the whereabouts of the identified individual during the action described and/or on the date and time referenced in Interrogatory No. 17.  Upon information and belief, the identified individual is employed by non-party Manipal.

**18.    Identify by city and state or provide documentation to identify by city and state the physical location at which each of the following people were believed by this Defendant to be when they read and/or received an email from Waheeda Amiralli on Thursday, April 1, 2021 at 11:48 am, attached as Exhibit G: Emily-LaurenM@auamed.net and Rachel Osborne.**

ANSWER:    Defendant objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.  Defendant further objects to Interrogatory No. 18 to the extent it seeks information that is irrelevant to any allegation set forth in Plaintiff's Complaint and seeks information about events that may have occurred after the events giving rise to Plaintiff's Complaint based on her own allegations.  Defendant also objects because, as previously addressed in AUA's July 28, 2021 letter to Plaintiff's counsel conveying the numerous objections to Plaintiff's initial set of discovery requests, and also argued and discussed during the August 10, 2021 telephone conference with the Court, Plaintiff's discovery requests seeking information about what AUA "believes" to be true are improper.  *See* Defendant's July 28, 2021 Letter (the "July 28 Letter").  Each of these such requests are irrelevant to the issue of personal jurisdiction for many reasons, including (but not limited to) because AUA's speculation, belief, or guess at an answer to the information sought is not reliable, and would not provide any information that could be used to determine whether this Court has personal jurisdiction over this Court, and the requests are irrelevant, unduly burdensome, and disproportionate for those reasons.  This objection applies to Interrogatory Nos. 16, 18, 20, 22, 24.

Subject to and without waiving the foregoing objections, Defendant responds Rachel Osborne was not in South Carolina during the action described and/or on the date and time referenced in Interrogatory No. 18. Rachel Osborne is an admin employed by AUA who resides in Antigua where she may have been if and/or when she may have read the email from Dr. Amiralli that is referenced in Plaintiff's Interrogatory.

**19.    Identify or provide documentation to identify by city and state the location from which Waheeda Amiralli transmitted an email on Thursday, April 1, 2021 at 11:48 am *see* Exhibit G.**

ANSWER:    Defendant also objects to Interrogatory No. 19 because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response. Defendant further objects to Interrogatory No. 18 to the extent it seeks information that is irrelevant to any allegation set forth in Plaintiff's Complaint and seeks information about events that may have occurred after the events giving rise to Plaintiff's Complaint based on her own allegations.

Subject to and without waiving the foregoing objections, Defendant responds that Dr. Waheed Amir was in Antigua on the date and at the time referenced in Interrogatory No. 19. By way of further response, Dr. Waheed Amiralli is a member of AUA's faculty who resides in Antigua.

**20.    Identify or provide documents to identify by city and state the location at which the following individuals were believed by this Defendant to be located at the time of a Microsoft Teams meeting on Wednesday, April 7, 2021 beginning at 2:00 p.m. AST: Rachel Osborne, Sy Jobila, Trevor Ngorosha, Waheeda Airallli (sic), Jasmine Beyk, P. Patel, James Rice, T. LeGrand, Stephen Modise, Jason Rivera, Jerry Jarosinski, Jennifer Cannon, Melissa Morell, Reza Sanii, Emily-Lauren Maggioncalda and the person(s) who receives email at las@lasattorneyss.com. Exhibit H. Identify the full name of the individual(s) who receive communications at las@lasattorneys.com.**

ANSWER:    Defendant further objects because the information sought is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, including the request to provide what AUA "believes to be" the whereabouts of Plaintiff during the referenced date and time. As previously addressed in AUA's July 28, 2021 letter to Plaintiff's counsel conveying the numerous objections to Plaintiff's initial set of discovery requests, and also argued and discussed during the August 10, 2021 telephone conference with the Court, Plaintiff's discovery requests seeking information about what AUA "believes" to be true are improper. *See* Defendant's July 28, 2021 Letter (the "July 28 Letter"). Each of these such requests are irrelevant to the issue of personal jurisdiction for many reasons, including (but not limited to) because AUA's speculation, belief, or guess at an answer to the information sought is not reliable, and would not provide any information that could be used to determine whether this Court has personal jurisdiction over this Court, and the requests are irrelevant, unduly burdensome, and disproportionate for those reasons. This objection applies to Interrogatory Nos. 16, 18, 20, 22, 24. Defendant further objects because the Interrogatory seeks information that falls outside the relevant time period relevant for purposes of personal jurisdiction, and after any events giving rise

to Plaintiff's claims and allegations contained in her Complaint (which was filed on December 23, 2020), thus rendering the Interrogatory disproportionate to the needs of this case.

Defendant further objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response. Defendant further objects because the Interrogatory requests, in part, information known by the Plaintiff but not by Defendant. As such, Interrogatory No. 20 is unnecessary, irrelevant, cumulative, and duplicative, thus rendering it disproportionate to the needs of this case. Defendant further objects to the Interrogatory because it is compound and contains two interrogatories.

Subject to and without waiving the foregoing objections, Defendants respond that: Rachel Osborne, Sy Jobila, Trevor Ngorosha, Waheed Amiralli, Jasmine Beyk, P. Patel, Stephen Modise, Jerry Jarosinski, Jennifer Cannon, Melissa Morell, and Reza Sanii were physically present in Antigua on April 7, 2021 at 2:00PM, which is the date and time referenced by Plaintiff in Interrogatory No. 20. By way of further response, upon information and belief, James Rice was physically present in Florida on April 7, 2021 at 2:00PM, which is the date and time referenced by Plaintiff in Interrogatory No. 20.

By way of further response, AUA has no knowledge or information on the whereabouts of T. LeGrand, who is employed by non-party Manipal and is not employed by Defendant AUA, on the date and time referenced by Plaintiff in the Interrogatory. AUA also has no knowledge or information on the whereabouts of Jason Rivera, who is employed by non-party Manipal and is not employed by Defendant AUA, on the date and time referenced by Plaintiff in the Interrogatory.

AUA also has no knowledge of the whereabouts of Plaintiff Emily-Lauren Maggioncalda on April 7, 2021 beginning at 2:00 PM, the time and date referenced by Plaintiff in Interrogatory No. 20. Nor is that information in any way relevant to the issue of personal jurisdiction in this Court over AUA.

**21.     Identify by city and state or provide documents to identify the location from which Rosaire Orlowski transmitted an email to Emily-LaurenM@auamed.net on June 2, 2021 at 5:43 p.m. Exhibit I.**

ANSWER:    Defendant objects to Interrogatory No. 21 because it asks Defendant to identify "or provide documentation to identify" something about which Defendant has no knowledge. Moreover, the request could not remedied by asking about information "believed by this Defendant." Defendant further objects because the information sought is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, and because it seeks information that falls outside the relevant time period for purposes of personal jurisdiction, after any events giving rise to Plaintiff's claims and allegations contained in her Complaint, thus rendering the Interrogatory disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, Defendant responds that it has no knowledge or information regarding the whereabouts of Rosaire Orlowski on the date and time referenced in Interrogatory No. 21. Rosaire Orlowski is employed by non-party Manipal.

**22.    Identify by city and state or provide documents to identify the locations at which the following individuals were believed to be by this Defendant physically located at any time on June 2, 2021: Emily Maggioncalda, Peter Bell, Neil Simon, Trevor Ngorosha, Jobila Sy, Leslie Walwyn, Reza Sanii, Craig Hauser, Melissa Moreell. Exhibit J.**

ANSWER:    Defendant objects to Interrogatory No. 22 because the information sought is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, and seeks information outside the relevant time period for purposes of personal jurisdiction, and events which occurred after any allegations contained in Plaintiff's Complaint, and is thus disproportionate to the needs of this case. Defendant further objects to this information as irrelevant and overly broad to the extent it asks for information Defendant "believes" about the whereabouts of individuals who are not associated with AUA at certain periods of time. As previously addressed in AUA's July 28, 2021 letter to Plaintiff's counsel conveying the numerous objections to Plaintiff's initial set of discovery requests, and also argued and discussed during the August 10, 2021 telephone conference with the Court, Plaintiff's discovery requests seeking information about what AUA "believes" to be true are improper. *See* Defendant's July 28, 2021 Letter (the "July 28 Letter"). Each of these such requests are irrelevant to the issue of personal jurisdiction for many reasons, including (but not limited to) because AUA's speculation, belief, or guess at an answer to the information sought is not reliable, and would not provide any information that could be used to determine whether this Court has personal jurisdiction over this Court, and the requests are irrelevant, unduly burdensome, and disproportionate for those reasons. This objection applies to Interrogatory Nos. 16, 18, 20, 22, 24.

Defendant further objects because the Interrogatory requests that AUA provide where certain individuals "were believed to be [] physically located *at any time on June 2, 2021*." That date is outside the scope of the relevant time period for purposes of personal jurisdiction as no events giving rise to personal jurisdiction could take place *after* the filing of Plaintiff's Complaint, but the Interrogatory is also overbroad and irrelevant to the extent it seeks information about the whereabouts, as far as Defendant's believe, for the full day, entirely unconnected to any action or event tying the person to Defendant AUA. Defendant further objects because the Interrogatory requests information known by the Plaintiff (as it asks for where she was when she did something), who already has this information, while AUA does not, rendering the inquiry cumulative, duplicative, unnecessary, irrelevant, and disproportionate to the needs of this case.

Subject to and without waiving the foregoing, AUA Faculty Members Neal Simon, Dr. Peter Bell, Dr. Reza Sanii, Dr. Leslie Walwyn, Dr. Sy Jobila, and Dr. Trevor Ngorosha were all physically present in Antigua on June 2, 2021.

AUA has no knowledge or information on the whereabouts of Melissa Morell and/or Jason Rivera on June 2, 2021, as both are employed by non-party Manipal. Nor does AUA have any knowledge or information of the whereabouts of Plaintiff Emily-Lauren Maggioncalda on June 2, 2021.

23.    **Identify any person or entity who was provided a blind copy or unattributed copy of *see* Exhibit J, whether on June 2, 2021 or at any time thereafter.**

ANSWER:    Defendant objects to Interrogatory No. 23 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference with the parties' counsel, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the Federal Rules of Civil Procedure.

Defendant also objects to Interrogatory No. 23 because it seeks information that is irrelevant to the issue of personal jurisdiction as the information sought would have no tendency to make the existence of personal jurisdiction over AUA more or less probable, and it is thus disproportionate to the needs of this case. Defendant also objects because the Interrogatory is overly broad to the extent it asks for information that is unavailable or unknowable by Defendant AUA. By way of further objection, the discovery into personal jurisdiction permitted by the Court was limited to that issue alone, focused on Defendant AUA's contacts, if any, with South Carolina. Requesting that AUA somehow identify the ongoing treatment of an irrelevant email, including "blind copies," is unreasonable, irrelevant to personal jurisdiction, overly broad, unduly burdensome, and is thus disproportionate to the needs of this case, particularly given its procedural posture at this time.

Defendant further objects because the Interrogatory seeks information that falls outside the relevant time period relevant for purposes of personal jurisdiction, and after any events giving rise to Plaintiff's claims and allegations contained in her Complaint, thus rendering the Interrogatory disproportionate to the needs of this case. Defendant also objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

24.    **Identify by city and state identify the locations at which the following individuals were believed by this Defendant to be physically located at any time on September 17, 2020: Rachel Osborne, Emily-LaurenM@auamed.net; Cynthia Frontin, Joe Maggioncalda. Exhibit K.**

ANSWER:    Defendant objects to Interrogatory No. 24 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference between the parties and the Court, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the Federal Rules of Civil Procedure.

Defendant objects to Interrogatory No. 24 because it seeks information that is irrelevant to the issue of personal jurisdiction because it asks that AUA identify by "city or town" the physical location of the referenced individuals, including Plaintiff, the answer to which would have no tendency to make the existence of personal jurisdiction over AUA more or less probable, regardless of where Plaintiff or the other referenced individuals were physically located "*at any time*" on the date referenced.

By way of further objection, the discovery into personal jurisdiction permitted by the Court was limited to that issue alone, focused on Defendant AUA's contacts, if any, with South Carolina. Requesting that AUA somehow identify by city or town where "it believes" certain people were, including the Plaintiff herself, at any time on a certain day, without tying the request to anything related whatsoever to this case, is not discoverable as the information is irrelevant to personal jurisdiction, and is overly broad, unduly burdensome, and is thus disproportionate. Moreover, as Plaintiff is the best source for information about her own whereabouts, the Interrogatory is cumulative and duplicative, and could be obtained from a more convenient and less burdensome source (namely, the Plaintiff herself). Defendant also objects to the extent the Interrogatory asks for information about where various individuals were "believed to be" by AUA during certain events and/or periods of time. As previously addressed in AUA's July 28, 2021 letter to Plaintiff's counsel conveying the numerous objections to Plaintiff's initial set of discovery requests, and also argued and discussed during the August 10, 2021 telephone conference with the Court, Plaintiff's discovery requests seeking information about what AUA "believes" to be true are improper. *See* Defendant's July 28, 2021 Letter (the "July 28 Letter"). Each of these such requests are irrelevant to the issue of personal jurisdiction for many reasons, including (but not limited to) because AUA's speculation, belief, or guess at an answer to the information sought is not reliable, and would not provide any information that could be used to determine whether this Court has personal jurisdiction over this Court, and the requests are irrelevant, unduly burdensome, and disproportionate for those reasons. This objection applies to Interrogatory Nos. 16, 18, 20, 22, 24. Defendant also objects to this Interrogatory because it is unclear and incomprehensible, such that Defendant cannot ascertain what is being asked, which prevents Defendant from providing an appropriate response.

Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, Rachel Osborne and Cynthia Frontin were both physically present in Antigua on September 17, 2020.

By way of further response, AUA has no knowledge and no way of determining where either the Plaintiff Emily-Lauren Maggioncalda and/or Joe Maggioncalda was physically located at any time on the referenced date, time, and event. Nor is that information in any way relevant to the issue of personal jurisdiction.

25.    **Identify all individual who received notice or attended, viewed or listened to the Microsoft Teams Meeting scheduled by Rachel Osborne on September 17, 2020 as reflected in** *See* **Exhibit K.**

ANSWER:    Defendant objects to Interrogatory No. 25 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference with counsel for the parties, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the Federal Rules of Civil Procedure.

Defendant further objects to Interrogatory No. 25 because it seeks irrelevant information in that it

asks Defendant to identify "all individual" (sic) who "received notice or attended, viewed, or listened to the Microsoft Teams Meeting scheduled . . . on September 17, 2020," which is irrelevant to the issue of whether this Court has personal jurisdiction over AUA because the response would have no tendency to make the existence of personal jurisdiction over AUA more or less probable; the Interrogatory is thus overly broad, unduly burdensome, and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, see the individuals listed in Plaintiffs' Interrogatory No. 15. Upon information and belief, no other individuals received notice and/or attended, viewed, or listened to the meeting identified in Plaintiffs' Interrogatory No. 25. Defendants have no knowledge or information, nor any way to ascertain such information, the names of any individual(s) who may have been out of view but who listened or otherwise was present with Plaintiff on her side of the video conference.

**26.    Identify any and all contracts to which Jason Rivera is referring in his email to Plaintiff dated February 13, 2020 at 12:14 pm, a copy of which is attached as Exhibit L.**

ANSWER:    Defendant objects to Interrogatory No. 26 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference with counsel for the parties, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the Federal Rules of Civil Procedure.

Defendant further objects to Interrogatory No. 26 because it seeks information that is irrelevant to the issue of personal jurisdiction in that it does not seek information about <u>Defendant AUA's</u> alleged or purported contacts with South Carolina. Jason Rivera is not employed by AUA, and cannot act on behalf of AUA. Upon information and belief, Mr. Rivera is employed by Manipal. Defendant further objects because the Interrogatory is overly broad in that it asks AUA to somehow provide information that is unavailable and unknowable to AUA. ant AUA. AUA did not draft the email referenced, nor did any of employees, and AUA thus has no way of knowing the intention of the drafter. Defendant further objects because Interrogatory No. 26 is overly broad in that it seeks information about actions, conduct, or events that all occurred outside the time period relevant to the issue of personal jurisdiction in this case and which occurred many months after Plaintiff filed the Complaint on December 23, 2020; the Interrogatory is therefore overly broad, irrelevant, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, upon information and belief, the only document referenced in Exhibit K is the one-time Student Implementation Letter regarding Plaintiff's one-time arrangement to perform an elective clinical clerkship rotation at Grand Strand Medical Center, and the related documentation has already been produced to Plaintiff and filed with the Court (*see* Defendant refers Plaintiff to Exhibit 4 to Defendant's Motion to Dismiss filed on Feb. 22, 2021 and available at Dkt. No. 15-6). Defendant also refers to its response to Interrogatory No. 14. By way of further response, the document referred in the email attached to Plaintiffs' Amended Interrogatory No. 26 as Exhibit K is the one-time Implementation Letter

involving Grand Strand Hospital, which AUA agreed to based on Plaintiff Emily-Lauren Maggioncalda's express request under which that hospital agreed to provide an elective clinical rotation for plaintiff at that hospital despite that it was not an affiliated hospital or teaching site of AUA, and that AUA had  no faculty or other presence at the site. the agreement permitted only plaintiff and no other AUA student to participate in a clinical rotation at that hospital. By way of further response, see also AUA's response herein to plaintiff's amended interrogatory No. 14.

**27.    Describe in detail the efforts undertaken by Dr. Robert Mallin to assist Plaintiff with any clinical work at University of South Carolina School of Medicine and/or Medical University of South Carolina during 2020. See Exhibit M attached for reference.**

ANSWER:    Defendant objects to Interrogatory No. 27 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference with counsel for the parties, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the Federal Rules of Civil Procedure. Defendant further objects to the extent the Interrogatory is compound and requests a response about two different entities through improper usage of "and/or," which renders the Interrogatory ambiguous and unclear.

Subject to and without waiving the foregoing objections, Defendant responds as follows: the extent of Dr. Mallin's involvement was a telephone call made to personnel of USCOM and MUSC on behalf of Plaintiff and at her express request, to inquire about the potential for Plaintiff, as a one-time basis, could potentially rotate in a short-term, one-time elective clinical clerkship despite the fact that neither of the facilities is or ever was an affiliate teaching hospital of AUA. Upon information and belief, Dr. Mallin never traveled to South Carolina on the trip referenced in Plaintiff's Exhibit M as the trip was cancelled.

By way of further response, AUA does not train students at either of the sites.  AUA also has no faculty or other personnel who performs any services for AUA (including Dr. Mallin), or to AUA's knowledge, otherwise serves AUA at either site. and has no faculty or personnel who performs any services for AUA at either of the sites.  Neither USCOM nor MUSC responded to Dr. Mallin's telephone call.  Such efforts by Dr. Mallin are the same as would be provided to any student of AUA, and would apply to any institution in any State, at any AUA's students' request.  AUA strives to assist its students with the best opportunities for future careers, and when expressly asked, may reach out to contacts on an individual basis, to connect a healthcare facility with a current or former student or graduate.

**28.    In what state, if any, have Dr. Robert Mallin and Dr. Kimberly Mallin maintained driver's licenses and voter's registrations each year for the past ten years?**

ANSWER:    Defendant objects to Interrogatory No. 28 because Plaintiff has exceeded the number of interrogatories permissible pursuant to the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 33(a)(1). As noted by Judge Dawson during the August 10, 2021 telephone conference with counsel for the parties, Plaintiff was to serve new discovery (since the first set contained 52 "special interrogatories") that complied with the number permitted by the

Federal Rules of Civil Procedure. Defendant further objects because the interrogatory is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction over AUA more or less probable, it seeks potentially confidential and/or otherwise private, personal, and protected identifying information, it is overly broad in that the time scope is excessive by seeking information about the driver's licenses *and* voter registrations of two different non-party individuals for "each year for the past **ten years**," (emphasis added), and because it is not tailored to obtain information about alleged or purported contacts by AUA with South Carolina, all of which render the Interrogatory disproportionate to the needs of this case. Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents in its possession, custody, or control, and questions about a third party's private or otherwise confidential and personal information should not be directed to AUA, and otherwise is objectionable because such information is outside the scope of discoverable material.

Respectfully submitted,

Brittany N. Clark, Fed ID No. 12891
Angus H. Macaulay, Fed ID No. 5248
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
BClark@nexsenpruet.com
AMacaulay@nexsenpruet.com

*Attorneys for Defendant American University of Antigua, Inc.*

September 20, 2021
Columbia, South Carolina

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe,<br><br>                Plaintiffs<br><br>        v.<br><br>American University of Antigua, Inc.,<br><br>                Defendants. | C/A No. 4:20-cv-04445-JD<br><br><br>**CERTIFICATE OF SERVICE** |

The undersigned employee of Nexsen Pruet, LLC hereby certifies that on September 20, 2021 a copy of the foregoing **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST AMENDED SPECIAL INTERROGATORIES** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

>        Desa Ballard, Esquire
>        Ballard & Watson
>        226 State Street
>        West Columbia, SC 29169
>        desab@desaballard.com

_____
Brittany N. Clark