**Exhibit E**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Emily Doe,<br><br>　　　　　Plaintiffs<br><br>v.<br><br>American University of Antigua, Inc.,<br><br>　　　　　Defendant. | C/A No. 4:20-cv-04445-JD<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION ON PERSONAL JURISDICTION** |

**TO:　DESA BALLARD, ESQ., ATTORNEY FOR THE PLAINTIFF:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant American University of Antigua, Inc. ("Defendant"), hereby responds, subject to specific objections, to the "Requests for Production on Personal Jurisdiction" ("Plaintiff's Requests") served by Plaintiff, Emily Doe ("Plaintiff") as follows:

## INTRODUCTION

1.　Defendant specifically reserves the right to object or withhold information to the extent Plaintiff's Requests seek information that contains, or otherwise reveals private confidential or personal information pertaining to Defendant until a Confidentiality Order is entered in this case.

2.　By responding to Plaintiff's Requests, Defendant does not waive its right to object or withhold information on the grounds of attorney-client privilege, the work product doctrine, or other applicable privilege or immunity, as well as on the grounds that the obligations imposed upon Defendant are in excess of those set forth in the Federal Rules of Civil Procedure.

3.　Defendant responds to Plaintiff's Requests without waiving or intending to waive any objection to competency, relevancy, or admissibility as evidence of any matter referred to or

made the subject of any response provided, including at any trial of this action. Defendant reserves the right to object to further discovery of the subject matter of any of the information and the introduction into evidence of any information. A partial response that also has been objected to, in whole or in part, is not intended to be a waiver of the objection.

4.     Defendant further reserves the right to amend, supplement, or change any responses to the Requests for Production with information if new information is learned during the course of this case and/or upon further investigation.

5.     Defendant objects to the Plaintiff's overly broad definition of "Defendant" or "You" as stated in Plaintiff's "First Amended Special Interrogatories to Defendant [AUA] on Personal Jurisdiction," ("Plaintiff's Amended Interrogatories") as those terms are improperly expanded to include non-party "Manipal Education Americas, LLC."[1] Plaintiff's Interrogatories at 1-2 ¶ 1. Such an unreasonable expansion renders the Interrogatories overly broad as it impermissibly would require AUA to somehow answer for itself as well as Manipal Education Americas, LLC ("Manipal"), an entirely distinct and separate entity, that is not a party to this lawsuit and for whom AUA does not have the knowledge and/or authority to speak for, and cannot be expected to speak for. This objection applies to AUA's responses to every Interrogatory which incorporates this definition.

6.     Defendant also objects to the Plaintiff's overly broad definition of the "relevant time period" as stated in Plaintiff's Amended Interrogatories, which Plaintiff defines as "the period from January 2016 . . . through May 2021" (a definition which Plaintiff incorporates throughout the Interrogatories themselves as well as other definitions, *see, e.g.*, Plaintiff's Definition of

---

[1] This issue was also raised during the telephone conference between the parties and the Court on August 10, 2021. *See* Dkt. No. 27.

"Officers and/or employees," "Applicant," and "Payor" at Plaintiff's Interrogatories ¶¶ 2, 4, 8). *See* Plaintiff's Interrogatories at 3 ¶ 9. The nearly six-year time frame is excessive, unreasonable, and overly broad, rendering the Interrogatories using the definition disproportionate to the needs of this case. As noted by Judge Dawson during the telephone conference between the parties and the Court on August 10, 2021, a reasonable time period for Plaintiff's discovery requests during this limited period of discovery on personal jurisdiction only would be three (3) years. (*See* Dkt. No. 27). This objection applies to AUA's responses to every Interrogatory which incorporates this definition.

## RESPONSES AND OBJECTIONS TO REQUESTS

**1.    Produce application documents for all applicants to AUA during the relevant time period who listed any South Carolina address as a permanent or temporary address at any time in their application and/or enrollment with AUA.**

RESPONSE: Defendant objects to Request to Produce No. 1 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable. Defendant further objects because the request seeks confidential, private, or protected information, and AUA is barred from producing the documents based on the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 CFR Part 99, among others.

**2.    Produce documents submitted by all graduates of AUA during the relevant time period reflecting any South Carolina address as a permanent or temporary address at any time during their application and/or enrollment with AUA. (same endnote).**

RESPONSE: Defendant objects to Request to Produce No. 1 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable. Defendant further objects because the request seeks confidential, private, or protected information, and AUA is barred from producing the documents based on the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 CFR Part 99, among others.

Subject to and without waiving the foregoing, Defendants responds that of the more than 1000 students who have graduated from AUA's medical school in Antigua over the past five-year

period, ending in December 2020, only five students identified South Carolina as their principal residence at any time during their enrollment at AUA.

    **3.    Produce documents submitted by any student of AUA during the relevant time period reflecting a student who began and/or completed a rotation, affiliated or nonaffiliated clinical clerkship at any health care facility located in South Carolina. As to each, provide sufficient documentation to identify the name and address of the health care facility.**

    RESPONSE Defendant objects to Request to Produce No. 1 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable. Defendant further objects because the request seeks confidential, private, or protected information, and AUA is barred from producing the documents based on the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 CFR Part 99, among others.

Subject to and without waiving the foregoing objections, Defendant responds that it is not affiliated and has never been affiliated with any South Carolina healthcare facility for purposes of providing clinical clerkships to AUA students and any clinical clerkship was permitted at the student's request and was a one-time arrangement.

By way of further response, Defendant refers Plaintiff to Exhibit 4 to Defendant's Motion to Dismiss filed on Feb. 22, 2021 and available at Dkt. No. 15-6. See also documents to be produced.

By way of further response, Plaintiff Emily-Lauren Maggioncalda engaged in a one-time elective clerkship rotation at Grand Strand Hospital, Myrtle Beach, South Carolina, which was arranged solely for her and at her request. That hospital is not an affiliate of AUA. Through connections that Ms. Maggioncalda's family has with that institution, upon information and belief, Ms. Maggioncalda made arrangements to participate in the elective rotation at that institution. As an accommodation to her, and at her express request, AUA granted permission for participation in that one-time clerkship notwithstanding that the hospital it is not one of AUA's "affiliated" teaching sites, AUA has no faculty or other personnel there, and AUA had no other relationship with the site. By way of further response, in the last six years, upon information and belief, no student other than the Plaintiff began and/or completed and/or performed a clerkship at a hospital or health care facility located in South Carolina.

    **4.    Produce all communication between AUA and/or Manipal and any health care facility located in South Carolina during the relevant time period regarding or inquiring about possible arrangements for any AUA student to perform rotations, clinics, seminars, or courses of study of any kind as part of their coursework at AUA, even if no AUA student ever participated in rotation, programs, clinics, seminars or courses of study in the health care facility with which AUA had communication.**

    RESPONSE: Defendant objects to Request to Produce No. 4 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly

4

burdensome and disproportionate to the needs of this case in that it includes "Manipal" a non-party and in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable.

Subject to and without waiving the foregoing objections, Defendant AUA has no such documents.

**5.** **Produce documentation documenting any and all officers and/or employees of AUA including but not limited to faculty who have now or have had at any time during the past ten years, any education or professional affiliation of any kind with any institution in South Carolina, including but not limited to Dr. Robert Mallin's association with the Medical University of South Carolina in an associate or other academic position, his licensure by the South Carolina Board of Medical Examiners, his medical degree from the Medical University of South Carolina as well as Dr. Kimberly Mallin's licensure by the South Carolina Board of Medical Examiners (License #21724) and any related affiliation with South Carolina.**

RESPONSE: Defendant objects to Request to Produce No. 5 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case, including by its unreasonable temporal scope seeking documents about individuals "who have now or have had at any time during the past ten years," which is unduly burdensome and would cause unnecessary expense with no benefit to Plaintiff as any documents would be irrelevant to the issue of personal jurisdiction. The Request is also overly broad in that it fails to confine the question posed to an inquiry about any alleged or purported connection or contact by AUA to South Carolina. Defendant also objects to this Request because it is unclear and incomprehensible, vague, and ambiguous, such that Defendant cannot reasonably ascertain what is being requested which thus prevents Defendant from providing an appropriate response.

**6.** **Produce documents which reflect real property interests, including leasehold interests, by any officers and/or employees of AUA held in South Carolina real property, including but not limited to Dr. Robert Mallin's and Dr. Kimberly N. Mallin's current and/or prior ownership of real estate identified in Charleston County, South Carolina as TMS # 532- 15-00-071 (identified more specifically as Unit D, Building 3 of the Simmons Pointe Horizontal Property Regime and/or 1551 Ben Sawyer Blvd United 3D, Mt. Pleasant SC, the property tax receipt for 2021 which is attached as Exhibit A) and real estate identified in Charleston County as TMS # 571-12-00-113 as evidenced by a Deed recorded at Book E373, Page 847 and which transferred by a Deed recorded at Book 572, Page 866.**

RESPONSE: See Defendant's response to Interrogatory No. 2. Defendant further objects to Request No. 6 to the extent that by serving on AUA, Plaintiff directed this Request to the inappropriate and improper entity, particularly because the Requests asks for information and seeks documents outside the possession, custody, or control of AUA, and/or Plaintiff has the same ability to find this information in the public record as Defendant.

Subject to and without waiving the foregoing objections, AUA has no such documents.

5

**7. Produce any and all communications between any officer or agent of AUA with Dr. Robert Mallin or any placement agent or agency with which he may have been associated at any time before he became affiliated in any capacity with AUA.**

RESPONSE: Defendant objects to Request to Produce No. 7 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the request to seek documents that have any tendency to make personal jurisdiction over AUA more or less probable. The Request seeks irrelevant and immaterial information on communications that have no bearing on personal jurisdiction. Defendant further objects to the Request because it is further irrelevant and overly broad by requesting documents for an unspecified time frame, presumably an unlimited time frame, but in any event a time frame and communications from "any time before [Dr. Mallin] became affiliated in any capacity with AUA," which renders the Request disproportionate to the needs of this case. Defendant also objects to the Request because it is further overly broad, particularly by requesting production of "any and all communications between any" of certain identified entities individuals. Defendant also objects to this Request because it is compound, unclear, and incomprehensible, including by its reference to multiple individuals or entities, such that Defendant cannot ascertain what is being requested or which communications between which individuals is sought, which thus prevents Defendant from providing an appropriate response.

**8. Produce any and all communications between any officer or agent of AUA with the Medical University of South Carolina, including but not limited to Dr. Robert Mallin, at any time during the relevant time period which relate to medical school education at either AUA or the Medical University of South Carolina.**

RESPONSE: Defendant objects to Request to Produce No. 8 because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it fails to confine the request to seek documents that have any tendency to make personal jurisdiction over AUA more or less probable, fails to include a reasonable temporal scope, and seeks "*any and all* communications" between "*any* officer or agent," which renders the Request disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, AUA has no such documents.

**9. Produce any and all South Carolina state tax returns, if any, filed by Dr. Robert Mallin and/or Dr. Kimberly Mallin during the relevant time period. Please redact any personal identifying information.**

RESPONSE: Defendant objects to Request to Produce No. 9 because it is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, it seeks potentially confidential and private information, it is overly broad because it does not have a reasonable time scope and fails to connect any sought "contacts" with AUA (the Defendant in this case), and is thus disproportionate to the needs of this case. Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents

in its possession, custody, or control, and any questions about an individual's personal tax returns should not be sought at all (irrelevant to personal jurisdiction) and should not be directed to AUA. Moreover, the information sought does not relate or pertain in any way whatsoever to AUA, and is instead private information of other individuals, and the information sought is private, confidential, or otherwise protected, and Defendant is not free to produce it (even if it could, which it cannot because it does not have the information).

Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, both Dr. Robert Mallin and Dr. Kimberly Mallin are, and have been for the entirety of the three-year period immediately preceding the filing of Plaintiff's Complaint, citizens and residents of the State of New York.

**10.    Produce with the transmittal address to which they were transmitted any and all K-1s, 1099s, or other income documentation issued to Dr. Robert Mallin and/or Dr. Kimberly Mallin during the relevant time period.**

RESPONSE:  Defendant objects to Request to Produce No. 10 because it is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, it seeks potentially confidential and private information, it is overly broad because it does not have a reasonable time scope and fails to connect any sought "contacts" with AUA (the Defendant in this case), and is thus disproportionate to the needs of this case. Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents in its possession, custody, or control, and any questions about an individual's personal tax returns should not be sought at all (irrelevant to personal jurisdiction) and should not be directed to AUA. Moreover, the information sought does not relate or pertain in any way whatsoever to AUA, and is instead private information of other individuals, and the information sought is private, confidential, or otherwise protected, and Defendant is not free to produce it (even if it could, which it cannot because it does not have the information).

**11.    Produce documents which reflect whether a mortgage dated May 29, 2001 from Dr. Robert Mallin to Carolina First Bank and/or any successor or servicer thereof recorded at Charleston County Book 4411, page 666 and Book 373, Page 613 is satisfied, and if so, identify or produce documents which reflect the satisfaction. If the mortgage is not satisfied, identify or produce documentation which reflects the active servicer of said mortgage. Do not reveal any account numbers and redact any personal identifying information (other than names) on documents produced.**

RESPONSE:  Defendant objects to Request to Produce No. 11 because it is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, it seeks potentially confidential and private information, it is overly broad because it does not have a reasonable time scope and fails to connect any sought "contacts" with AUA (the Defendant in this case), and is thus disproportionate to the needs of this case. Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents in its possession, custody, or control, and any questions about an individual's personal tax returns should not be sought at all (irrelevant to personal jurisdiction) and should not be directed to AUA. Moreover, the information sought does not relate or pertain in any way

whatsoever to AUA, and is instead private information of other individuals, and the information sought is private, confidential, or otherwise protected, and Defendant is not free to produce it (even if it could, which it cannot because it does not have the information).

Subject to and without waiving the foregoing objections, AUA has no such documents.

**12.    Produce documents which reflect whether a mortgage dated January 24, 2006 recorded at Charleston County Book J571 Page 101 – 120 from Robert Mallin and Kimberly N. Mallin to Bank of America N.A. is satisfied, and if so, identify or produce documentation which reflects the active servicer of said mortgage. Do not reveal any account numbers and redact any personal identifying information (other than names) on documents produced.**

RESPONSE:  Defendant objects to Request to Produce No. 12 because it is irrelevant to the issue of personal jurisdiction because the information has no tendency to make jurisdiction more or less probable, it seeks potentially confidential and private information, it is overly broad because it does not have a reasonable time scope and fails to connect any sought "contacts" with AUA (the Defendant in this case), and is thus disproportionate to the needs of this case.  Defendant further objects because the Interrogatory is directed to the wrong party; AUA does not have the documents in its possession, custody, or control, and any questions about an individual's personal tax returns should not be sought at all (irrelevant to personal jurisdiction) and should not be directed to AUA.  Moreover, the information sought does not relate or pertain in any way whatsoever to AUA, and is instead private information of other individuals, and the information sought is private, confidential, or otherwise protected, and Defendant is not free to produce it (even if it could, which it cannot because it does not have the information).

Subject to and without waiving the foregoing objections, AUA has no such documents.

**13.    Produce all emails or transmittals received by licensure@auamed.org during the relevant time period that have listed South Carolina as a state from which any graduate or postgraduate has requested documentation, as set forth on Exhibit B or any prior document which served the same purpose for earlier graduates.**

RESPONSE:  Defendant objects to Request to Produce No. 4 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it includes "Manipal" a non-party and in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable, as the activities of third parties or "graduates" and "postgraduates," who are no longer associated with AUA, are irrelevant and cannot be considered a "contact" for purposes of personal jurisdiction.  Defendant also objects to this Request because it is compound, unclear, and incomprehensible, including by its request for all emails or transmittals that were sent by unknown individuals or entities, who do not act on behalf of AUA, "that have listed South Carolina as a state from which any graduate or postgraduate has requested documentation, as set forth on Exhibit B or any prior document which served the same purpose for earlier graduates," which is so unclear that Defendant cannot ascertain what is being requested thus preventing Defendant from providing an appropriate response.  Defendant

further objects because the request seeks confidential, private, or protected information, and AUA is barred from producing the documents based on, among others, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 CFR Part 99.

**14.     Produce documents sufficient to identify all dates within the relevant time period on which Dr. Robert Mallin or Dr. Kimberly Mallin performed services for or to benefit AUA and/or its students, or in their capacities as faculty or administration for AUA from any location in South Carolina, including Teams or Zoom calls from a computer or personal communication device located in South Carolina.**

RESPONSE:  Defendant objects to Request to Produce No. 14 because it is overly broad, unduly burdensome and disproportionate to the needs of this case.  Defendant also objects to this Request because it is unclear and incomprehensible, vague, and ambiguous, such that Defendant cannot reasonably ascertain what is being requested which thus prevents Defendant from providing an appropriate response.

**15.     Produce documents sufficient to identify all ports of call, cities or countries visited by the Semester at Sea program for which Craig Hauser served as Dean of Students in 2013 or at any other time within the relevant time period.**

RESPONSE:  Defendant objects to Request to Produce No. 15 because it is irrelevant, overly broad and unduly burdensome, and is not limited to a reasonable temporal scope in that it seeks immaterial information from 2013 and/or "at any other time" since January 2016, all of which render the Request unreasonably broad and disproportionate to the needs of this case. Nothing in Request to Produce No. 15 could be read or interpreted as narrowly aimed toward obtaining information about possible or purported contacts by Defendant AUA with South Carolina, and seeking documents relating to "*all ports of call, cities or <u>countries</u>*" visited during an undefined and unspecified "Semester at Sea program" back in 2013 (rather than, perhaps, a more narrow request to produce documents or provide information about any *South Carolina* ports of call—which would still be objectionable) would be unduly burdensome and expensive to AUA without any gain to Plaintiff because the information learned would be immaterial to the personal jurisdiction issue.

Subject to and without waiving the foregoing objections, AUA has no such documents.  By way of further response, Defendant responds that, upon information and belief, it has no relationship or affiliation with a "Semester at Sea" program.  Any activity that Craig Hauser may or may not have engaged in with that entity was on his own time and not for the benefit or on behalf of AUA. Craig Hauser is employed by non-party Manipal.

**16.     Provide documentation to identify by city, state and name of the location at which Plaintiff was assigned to perform academic studies as an AUA student at the time of the transmittal of the email of September 28, 2020.**

RESPONSE:  Defendant objects to Request No. 16 to the extent it requests information already known by the Plaintiff (as the request involves her own schedule or assignments), thus rendering it unduly burdensome, cumulative, duplicative, and disproportionate to the needs of the

9

case. Plaintiff herself is the best source of the information sought. Additionally, the "city and state the location" (sic) of Plaintiff's assignments on September 28, 2020 are irrelevant to the issue of personal jurisdiction over AUA for purposes of this case. The claims in Plaintiff's Complaint do not relate to any arrangements made by Plaintiff with regard to her schedule on the date of September 28, 2020 but instead involve the disciplinary process stemming from the forged drug screen relating to an upcoming "clinical clerkship," which was arranged by Plaintiff to take place in the state of New York. Defendant further objects to the Interrogatory because it is vague and ambiguous, particularly through the use of "academic studies," which is broad and undefined, rendering the Interrogatory too vague to permit a reasonable response. Defendant further objects to Request No. 16 to the extent it requests AUA produce documents about information already known by Plaintiff, and for which she is the better source of the documents or information.

Subject to and without waiving the foregoing objections, and by way of further response, upon information and belief, on the date referenced in Request No. 16, the Plaintiff was assigned to complete an elective clinical clerkship at a teaching hospital in Florida as a visiting student of Florida International University's Herbert Wertheim College of Medicine. See documents to be produced.

**17.    Provide documents to identify all individuals who attended or participated in the Microsoft Teams Meeting held on September 21, 2020 at 4:00 pm by Rachel Osborne on September 17, 2020., including clerical and/or technical staff. As to each, provide documents to identify the location at which all such individuals were believed to be physically located at the time of the September 21, 2020 Teams meeting.**

RESPONSE: Defendant objects to Request to Produce No. 17 to the extent it is cumulative and duplicative by seeking documentation or information that has already been provided to Plaintiff by AUA. The documents sought will provide no information beyond what has already been provided, and is therefore cumulative and duplicative and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, see Defendant's response to Interrogatory No. 15, which provides the information AUA "believes to be" true, upon information and belief, as the persons identified there are the persons AUA believes to have attended or participated in the referenced event, and that response speaks for itself. By way of further response, AUA does not have documentation which would identify where "it believed" each of those individuals to be "physically located" during the referenced event, date, and time.

**18.    Provide all written communications between any officer or employee of Defendant and any officer, employee or Board member of Voorhees College at any time since January 2016.**

RESPONSE: Defendant objects to Request No. 18 because the MOU, filed as Exhibit A-1 to Defendant's Reply in Support of its Motion to Dismiss on March 11, 2021 and available at Dkt. No. 18-2, speaks for itself. The resulting MOU does not require further elucidation by examination of "all written communications" between AUA and Voorhees. Defendant further objects because the Request fails to include a reasonable temporal scope by requesting documents

dating back to January 2016 to present, rendering the Request overly broad and unduly burdensome. Defendant further objects because the MOU and any communications related thereto are irrelevant to personal jurisdiction over AUA because a contact of that kind fails to constitute sufficient systemic and continuous contacts for purposes of personal jurisdiction.

Subject to and without waiving the foregoing objections, please see documents to be produced.

**19.     Provide documents showing all email and text communication between any officer or employee of AUA and Dr. Robert Mallin and/or Dr. Kim Mallin at any time during the calendar years 2019 and 2020.**

RESPONSE: Defendant objects to Request to Produce No. 19 because it is irrelevant, extremely overly broad and unduly burdensome, and is not limited to a reasonable temporal scope, all of which render the Request disproportionate to the needs of this case. Nothing in Request to Produce No. 19 could be read or interpreted as narrowly aimed toward obtaining information about possible or purported contacts by Defendant AUA with South Carolina as required during this limited jurisdictional discovery period. Defendant further objects to the Request because it is overly broad by seeking "all email and text communications" between the identified groups, as such documents are not limited by subject matter, nor is there a connection to South Carolina, rendering the Request irrelevant, unduly burdensome, and would cause disproportionate expense to AUA without any gain to Plaintiff because the information would be irrelevant.

**20.     Produce copies of the audio or video of any Microsoft Teams or other virtual platform meetings between any officer or employee of AUA and Dr. Robert Mallin and/or Dr. Kim Mallin at any time during the calendar years 2019 and 2020.**

RESPONSE: See Defendant's response to Request to Produce No. 19.

**21.     Provide documents which contain any and all communications between any officer and/or employee of AUA and Grand Strand Medical Center, and produce any agreements, contracts, or documents reflecting an association for any purpose between AUA and Grand Strand Medical Center during the relevant time period.**

RESPONSE: Defendant objects to Request to Produce No. 4 because it is irrelevant to the issue of personal jurisdiction presently before the Court, and because it is overly broad, unduly burdensome and disproportionate to the needs of this case in that it includes "Manipal" a non-party and in that it fails to confine the question posed to an inquiry about any alleged or purported contact by or on behalf of AUA with South Carolina, nor does it seek information that has any tendency to make personal jurisdiction over AUA more or less probable. Defendant further objects because the request is overly broad by seeking "*all* communications between *any officer and//or employee*" of AUA with no limit on the subject matter of the communication or nexus to communications made on behalf of AUA or narrowing to seek documents only made on behalf of AUA and not in individuals' personal capacities. The Request is also compound and improperly requests documents containing communications in one portion, and agreements, contracts, or documents in another portion, rendering the request vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Exhibit 4 to Defendant's Motion to Dismiss filed on Feb. 22, 2021 and available at Dkt. No. 15-6.  By way of further response, please see documents to be produced.

**22.     Provide documents related to any and all affiliations between AUA and any hospital in the United States affiliated with or under the management of HCA or any management company of HCA at any time during the relevant time period.**

RESPONSE:  Defendant objects to Request to Produce No. 22 because it is plainly overly broad and unduly burdensome, and is neither relevant nor proportional to the needs of this case, particularly in that it seeks documents "related to any and all affiliations between AUA and any hospital in the United States," among other things—documentation which is not limited to the issue of personal jurisdiction over Defendant AUA within the U.S. District Court in South Carolina and covers an unreasonable temporal scope. It would be unduly burdensome, expensive, and inefficient to require Defendant to produce "any and all documents" relating in any way to "any and all" affiliations between AUA hospitals and other institutions which are referenced in the Request but unclear to Defendant—as *all documents related to any and all affiliations anywhere in the United States* and elsewhere is not tailored to request information about possible or purported affiliations or contacts by Defendant AUA with South Carolina.  Defendant also objects to this Request because it is compound, unclear, and incomprehensible, including through its use of broad and undefined terms and phrases, such as "affiliated with or under the management of," "HCA," "management company of HCA," such that Defendant cannot ascertain what is being requested or which communications are being sought, which thus prevents Defendant from providing an appropriate response.

**23.     Produce any and all written communications between Dr. Robert Mallin and any person or department with Grand Strand Medical Center in Myrtle Beach South Carolina at any time during 2019 and 2020.**

RESPONSE:  Defendant objects to Request to Produce No. 23 on the ground that it is overly broad and irrelevant, including by seeking documents and communications between the identified individual and any person or department with Grand Strand Medical Center, with no limit on the subject matter of the communication or nexus to communications made on behalf of AUA.  Defendant further objects because the Request is vague and ambiguous, including by requesting communications between the identified individual and "any person or department with Grand Strand Medical Center," which is unclear and renders the Request overly broad.  Defendant further objects because this Request is cumulative and duplicative of other document requests, including but not limited to Request No. 21

Subject to and without waiving the foregoing objections, please see documents to be produced.

Respectfully submitted,

*[signature: Brittany N. Clark]*

Brittany N. Clark, Fed ID No. 12891
Angus H. Macaulay, Fed ID No. 5248
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
BClark@nexsenpruet.com
AMacaulay@nexsenpruet.com

*Attorneys for Defendant American University of Antigua, Inc.*

September 20, 2021
Columbia, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Emily Doe,<br><br>　　　　Plaintiffs<br><br>　v.<br><br>American University of Antigua, Inc.,<br><br>　　　　Defendants. | C/A No. 4:20-cv-04445-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　　The undersigned employee of Nexsen Pruet, LLC hereby certifies that on September 20, 2021 a copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION ON PERSONAL JURISDICTION** was duly served upon counsel for the Plaintiffs, in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure via electronic mail, with a hard copy to follow by mail, addressed as follows:

　　　　　　　　Desa Ballard, Esquire
　　　　　　　　Ballard & Watson
　　　　　　　　226 State Street
　　　　　　　　West Columbia, SC 29169
　　　　　　　　desab@desaballard.com

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Brittany N. Clark

14