**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Emily Doe, <br><br>                    Plaintiff, <br><br> v. <br><br> American University of Antigua, Inc., <br><br>                    Defendant. | C/A No. 4:20-cv-04445-JD <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

Defendant, American University of Antigua, Inc. ("Defendant" or "AUA"), submits the following Response to Plaintiff Emily Doe's ("Plaintiff") October 5, 2021 Motion to Compel (Dkt. Nos. 36 & 37) ("Motion").[1]  For the reasons set forth herein, AUA requests that this Court deny Plaintiff's Motion, reject Plaintiff's request for sanctions, and dismiss Plaintiff's Complaint for lack of personal jurisdiction and/or on *forum non conveniens* grounds (AUA's MTD, Dkt. No. 15).

### I.     **INTRODUCTION**

On June 30, 2021, this Court entered a Text Order granting a period of "limited jurisdictional discovery as it pertains to facts <u>regarding Defendant AUA's contacts with South Carolina</u>." (Dkt. No. 24) (emphasis added).  Interestingly, Plaintiff limits her Motion to an argument that AUA was obligated to and should have somehow provided responses Plaintiff's

---

[1] Plaintiff filed an "Additional Attachment" to the Motion on October 6, 2021. (Dkt. No. 37). In that "additional attachment," Plaintiff appears to have re-filed, as Exhibit F to her Motion, AUA's previously-filed Supplemental Affidavit of Mr. Sclafani, Esq.  That document was originally filed by AUA on March 11, 2021 in connection with its Reply in Support of AUA's Motion to Dismiss. (Dkt. No. 18-1).  Without explanation, Plaintiff also appears to have filed as "Exhibit G" to the Motion a LinkedIn print-out relating to Peter Bell, as well as an "Exhibit H" to the Motion consisting of a one-page LinkedIn print-out relating to someone named Gopal Devanahalli.  Plaintiff offered no briefing or explanation as to how these "additional" Exhibits relate to the Motion, nor how these exhibits are purportedly relevant to the Motion, or how they may support her argument, if at all.

Requests for Production and Interrogatories on personal jurisdiction for not only Defendant AUA, but also for non-party Manipal Education Americas, LLC ("Manipal").[2]  Plaintiff implies that discovery from Manipal is somehow relevant to "AUA's contacts with South Carolina."

As previously noted to the Court and to Plaintiff's counsel, Manipal it is not a named defendant in this action, and it is a New York limited liability company that maintains its principal offices in New York City. (Dkt. No. 15-2 at 4 ¶¶ 12, 13, 15).  Manipal's contacts with South Carolina, if any, should not be imputed to Defendant AUA, as Plaintiff suggests. Regardless, in responding to Plaintiff's discovery requests, AUA provided information and documents relating to Manipal that were within AUA's possession, custody, or control. Plaintiff's Motion should be denied.

II. ARGUMENT

### A. AUA'S CONTRACT WITH NON-PARTY MANIPAL FOR THE PROVISION OF CERTAIN SERVICES DOES NOT SERVE TO IMPUTE MANIPAL'S CONTACTS TO AUA FOR JURISDICTIONAL PURPOSES

#### 1. AUA Cannot Be Compelled to Provide Discovery from Manipal

As Plaintiff notes in her Motion, Mr. Sclafani, Esq.'s Affidavit states that AUA "contracts with third party vendors who operate in the United States" for various services "in order for AUA to more efficiently fulfill its educational mission." (Dkt. No. 15-2 at 4 ¶ 11). "One such business with whom AUA has contracted for the provision of services is Manipal.

---

[2] While Plaintiff attached (for the second time in a filing with the Court) a September 28, 2021 Letter that Plaintiff's counsel sent to defense counsel, Plaintiff's Motion fails to address or incorporate the issues raised in that Letter. Dkt. No. 36-1 (Exhibit A to Plaintiff's Motion to Compel); *see also* Dkt. No. 33-1 (Exhibit A to Plaintiff's Motion for Extension of Time). Because Plaintiff did not brief these issues in her Motion, AUA has not responded to the September 28, 2021 Letter in this Response. However, AUA stands ready to provide any supplemental briefing the Court may deem necessary related to a broader set of alleged issues and/or alleged deficiencies with AUA's discovery responses as listed in the Letter.

. . . Under and pursuant to its contract with AUA, Manipal provides back office and administrative services for AUA." (Dkt. No. 15-2 at 4 ¶¶ 12, 13).  Mr. Sclafani's Affidavit also expressly states that "[s]imilar to AUA, Manipal has no offices or employees in South Carolina and transacts no business in South Carolina."  (Dkt. No. 15-2 at 4 ¶ 14).

Here, Manipal's South Carolina contacts, if any, should not be imputed to AUA just because AUA and Manipal have entered into a contract for the provision of certain limited services. AUA should not be expected to somehow account for Manipal's responses to Plaintiff's discovery requests.³  *See Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB), 2021 WL 1727611 (E.D.N.Y. Feb. 3, 2021) (dismissing action against one named party pursuant to Rule 12(b)(2) for lack of personal jurisdiction); *see also Orazi v. Hilton Hotels Corp.*, No. CIV.A. 09-CV-05959, 2010 WL 4751728, at *4 (E.D. Pa. Nov. 22, 2010) ("But contracting with an in-forum entity is not sufficient to create jurisdiction.").

Moreover, non-party Manipal is not even a South Carolina corporation or "in-forum entity," thus making any attempt by Plaintiff to tie AUA and Manipal together—for purposes of personal jurisdiction in South Carolina—an even more distant possibility.  *See Koczkodon v. Grand Versailles, LLC,* No. 10–3284, 2010 WL 3656037, at *2 (E.D. Pa. Sept. 17, 2010) (citing *B.P. Chems. Ltd. v. Formosa Chems. & Fibre Corp.,* 229 F.3d 254, 262–63 (3d Cir. 2000)); *Fields v. Ramada Inn, Inc.,* 816 F. Supp. 1033, 1037, 1038 & n. 3 (E.D. Pa. 1993) (asserting jurisdiction over franchisee whenever jurisdiction over franchisor is proper does not comport with due process).

Plaintiff's claim that it somehow logically follows from Mr. Sclafani's statement in his Affidavit that "Manipal provides back office and administrative services for AUA" "*essentially means that Manipal runs the school*" is off-base and false.  (Dkt. No. 36-1 at 2) (emphasis

---

³ Plaintiff did not attempt to serve a third party subpoena on Manipal.

3

added).  *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) (observing that personal jurisdiction involves court's authority over a particular *defendant*); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The unilateral activities of a plaintiff or some other entity cannot satisfy the minimum contacts requirement over AUA for purposes of personal jurisdiction.  *Hanson*, 357 U.S. at 253.  Nor can a contract between an individual or entity and an out-of-state party establish sufficient minimum contacts to permit the individual's or entity's state to exercise specific personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *Purdue Research Foundation v. SanofiSynthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003); *Rogers v. 5-Star Mgmt., Inc.*, 946 F. Supp. 907, 913 (D.N.M. 1996).  To be sure, the Supreme Court has emphasized that analysis of personal jurisdiction over a defendant must involve an "individual evaluation" of the defendant's contacts with the forum state.  *Purdue Research*, 338 F.3d at 784.

In short, the mere fact that AUA has contracted with Manipal, a New York limited liability company, for the provision of services in connection with AUA's educational mission, does not automatically impute Manipal's contacts to AUA for purposes of personal jurisdiction in South Carolina District Court.  *See, e.g.*, *Williams v. Firstplus Home Loan Owner Trust 1998-4*, 310 F. Supp. 2d 981, 995 (W.D. Tenn. 2004) (dismissing for lack of personal jurisdiction a claim against assignee purchaser of "consolidated loan pools that happened to include loans secured by real property in Tennessee"); *Pilcher v. Direct Equity Lending*, 189 F. Supp. 2d 1198, 1209–10 (D. Kan. 2002) (dismissing claim for lack of personal jurisdiction); *TomTom, Inc. v. Norman IP Holdings, LLC*, 890 F. Supp. 2d 160, 168 (D. Mass. 2012) (dismissing claim for lack of general personal jurisdiction and noting twenty different courts' resistance to a rule that would mechanically impute a contract assignor's contacts to

the assignee); *Moxie Java Int'l, LLC v. Cornucopia Beverages, Inc.*, No. CV-07-535-S-BLW, 2009 WL 187893, at *4 (D. Idaho Jan. 23, 2009) ("[A] general rule that imputes an assignor's forum contacts to the assignee would violate due process."); *Harbor Cold Storage, LLC v. Strawberry Hill, LLC*, No. C09-1252JLR, 2009 WL 3765361, at *4 (W.D. Wash. Nov. 9, 2009) (A contracting party "does not automatically step into the shoes of the [defendant] for purposes of personal jurisdiction").

Additionally, without citing any case law or legal standard, Plaintiff also seems to attempt to suggest that a "blending" of the roles, or overlap in certain Officers, is sufficient to impute third party Manipal's contacts to AUA for purposes of personal jurisdiction. Such an argument is without merit. (*See* Dkt. No. 36 at 2-3). To the extent Plaintiff's Motion could be liberally read to make such a claim, that theory is simply not supported by the case law. Plaintiff does not claim that AUA and Manipal engaged in some sort of "conspiracy," nor does she argue an agency or alter ego theory. *See Wright v. Waste Pro USA Inc.*, No. 2:17-cv-02654, 2019 WL 3344040, at *11 (D.S.C. July 25, 2019); *see also McLaughlin v. McPhail,* 707 F.2d 800 (4th Cir. 1983); *First Chicago Int'l. v. United Exchange Co., Ltd.,* 836 F.2d 1375, 1378 (D.C. Cir. 1988) (reasoning that a plaintiff must allege specific facts connecting the defendant with the forum and that "the bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction"); *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 330 (4th Cir. 2013); *Lolavar v. de Santibanes*, 430 F.3d 221, 229–30 (4th Cir. 2005); *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 63 (4th Cir. 1993). Nor could she. The contractual relationship between AUA and non-party Manipal is not sufficient to impute the contacts of Manipal to AUA for purposes of personal jurisdiction.

This Court's June 30, 2021 Text Order specifically stated that limited jurisdictional discovery was granted "as it pertains to facts <u>regarding Defendant AUA's contacts with South</u>

5

Carolina." (Dkt. No. 24) (emphasis added). The Court did not say that jurisdictional discovery was to be had into an unrelated non-party's contacts as well. Therefore, AUA should not be compelled to provide information from Manipal, even if it had access to such information. Plaintiff's Motion should be denied.

### 2. AUA objected from the outset to the equating of Manipal and AUA for purposes of personal jurisdiction and Plaintiff's discovery requests

Moreover, Plaintiff has not and has never squarely argued, nor persuasively made the case throughout the course of this litigation, that contacts of Manipal, which is not a defendant or named party to this litigation, should be considered contacts of AUA. The Court's June 30, 2021 Order specifically states that only "*AUA's contacts*" with South Carolina could be explored in limited jurisdictional discovery. (Dkt. No. 24) (emphasis added).

AUA's objection to Plaintiff's apparent attempt to equate Manipal—a wholly separate entity headquartered in New York—to Defendant AUA—an Antiguan medical school, simply because AUA contracted with Manipal for the provision of certain services, was first raised by AUA during the telephonic conference between the parties and the Court on August 10, 2021, during which the Court addressed AUA's objections to Plaintiff's first set of discovery requests. (Dkt. No. 27).

Not until this late hour, however, does Plaintiff attempt to formally raise the issue, and she does so through disingenuous and/or misleading statements to the Court, as discussed *supra* Section C. Plaintiff has long been on notice of AUA's objections to the overly broad definition of "Defendant" and "You" to include both AUA and Manipal—a separate and distinct entity. This belated and last ditch effort by Plaintiff to bring the issue before the Court should not be sustained.

6

### B. REGARDLESS, AUA PRODUCED DOCUMENTS AND INFORMATION INVOLVING MANIPAL TO THE EXTENT THEY WERE IN AUA'S POSSESSION, CUSTODY, OR CONTROL

Although AUA objected to Plaintiff's overly broad definition of "Defendant" and "You" to include both Manipal and AUA, as well as all of their agents and assigns—which AUA had raised previously not only to Plaintiff directly but also before this Court—AUA did not withhold documents or information in AUA's possession, custody, or control based on that objection (as notice of such would have been required by Fed. R. Civ. P. 34(b)(2)(C)).

Plaintiff's claim to the contrary is without merit—based on the document production of AUA (Exhibit C) (and as Plaintiff essentially concedes by stating that Manipal documents were produced by AUA).[4]

#### 1. AUA's Interrogatory Answers

More specifically, AUA provided information about Manipal in response to Interrogatory Nos. 16, 17, 20, 21, 22, and 26.

By way of example, in response to Interrogatory No. 20, which asked AUA to:

**Identify or provide documents to identify by city and state the location at which the following individuals were believed by this Defendant to be located at the time of a Microsoft Teams meeting on Wednesday, April 7, 2021 beginning at 2:00 p.m. AST: Rachel Osborne, Sy Jobila, Trevor Ngorosha, Waheeda Airallli (sic), Jasmine Beyk, P. Patel, James Rice, T. LeGrand, Stephen Modise, Jason Rivera, Jerry Jarosinski, Jennifer Cannon, Melissa Morell, Reza Sanii, Emily ▮▮▮▮▮▮▮▮ and the person(s) who receives email at las@lasattorneyss.com. Exhibit H. Identify the full name of the individual(s) who receive communications at <u>las@lasattorneys.com</u>.**

---

[4] Not only has Plaintiff received information from AUA relating to Manipal in AUA's discovery responses, but Plaintiff also served eleven (11) third party subpoenas pursuant to Rule 45—all of which asked for information related to both non-party Manipal and AUA. To the extent Plaintiff claims Manipal has contacts to South Carolina sufficient for personal jurisdiction, that information would likely have already been made available to Plaintiff. Yet Plaintiff has still failed to allege any connection sufficient for personal jurisdiction between Manipal and South Carolina.

AUA answered, in relevant part:

> . . .

By way of further response, AUA has no knowledge or information on the whereabouts of T. LeGrand, who is employed by non-party Manipal and is not employed by Defendant AUA, on the date and time referenced by Plaintiff in the Interrogatory. AUA also has no knowledge or information on the whereabouts of Jason Rivera, who is employed by non-party Manipal and is not employed by Defendant AUA, on the date and time referenced by Plaintiff in the Interrogatory.

As another example, in response to Interrogatory No. 21, which asked AUA to:

**Identify by city and state or provide documents to identify the location from which Rosaire Orlowski transmitted an email to Emily-███████@auamed.net on June 2, 2021 at 5:43 p.m. Exhibit I.**

AUA answered, in relevant part:

> . . .

Subject to and without waiving the foregoing objections, Defendant responds that it has no knowledge or information regarding the whereabouts of Rosaire Orlowski on the date and time referenced in Interrogatory No. 21. Rosaire Orlowski is employed by non-party Manipal.

Further, in response to Interrogatory No. 22, which asked AUA to:

**Identify by city and state or provide documents to identify the locations at which the following individuals were believed to be by this Defendant physically located at any time on June 2, 2021: Emily ███████, Peter Bell, Neil Simon, Trevor Ngorosha, Jobila Sy, Leslie Walwyn, Reza Sanii, Craig Hauser, Melissa Moreell. Exhibit J.**

AUA answered, in relevant part:

> . . .

AUA has no knowledge or information on the whereabouts of Melissa Morell and/or Jason Rivera on June 2, 2021, as both are employed by non-party Manipal.

And in response to Interrogatory No. 26, which asked AUA to:

**Identify any and all contracts to which Jason Rivera [a Manipal employee] is referring in his email to Plaintiff dated February 13, 2020 at 12:14 pm, a copy of which is attached as Exhibit L.**

8

AUA responded, in relevant part:

> . . .
>
> Subject to and without waiving the foregoing objections, upon information and belief, the only document referenced [by Jason Rivera, an employee of Manipal] in Exhibit K [or L] is the one-time Student Implementation Letter regarding Plaintiff's one-time arrangement to perform an elective clinical clerkship rotation at Grand Strand Medical Center, and the related documentation has already been produced to Plaintiff and filed with the Court (*see* Defendant refers Plaintiff to Exhibit 4 to Defendant's Motion to Dismiss filed on Feb. 22, 2021 and available at Dkt. No. 15-6). Defendant also refers to its response to Interrogatory No. 14. By way of further response, the document referred in the email attached to Plaintiffs' Amended Interrogatory No. 26 as Exhibit K is the one-time Implementation Letter involving Grand Strand Hospital, which AUA agreed to based on Plaintiff Emily ▮▮▮▮▮▮▮'s express request under which that hospital agreed to provide an elective clinical rotation for plaintiff at that hospital despite that it was not an affiliated hospital or teaching site of AUA, and that AUA had no faculty or other presence at the site. The agreement permitted only plaintiff and no other AUA student to participate in a clinical rotation at that hospital.
>
> FIRST SUPPLEMENTAL/AMENDED RESPONSE TO INTERROGATORY NO. 26: Subject to and without waiving the foregoing, AUA further refers to documents produced contemporaneously herewith, available at AUA000081 to AUA000088.

As the above examples demonstrate, AUA did not withhold information in its possession or of which it had knowledge on the basis of the objection relating to Manipal.

### 2. AUA's Responses to Requests for Production of Documents and Document Production

AUA additionally provided information in response to Plaintiff's discovery requests about Manipal employees, to the extent AUA had such information and/or knowledge, who may have had some involvement in scheduling the disciplinary hearings involving Plaintiff.

Further, and importantly, in responding to Plaintiff's Requests for Production, more than half of the 88 pages produced by AUA had some connection to and/or mention of Manipal (as well as AUA), based on Manipal's provision of services for AUA. AUA did not withhold a single document, email, or agreement that Manipal was involved in arranging or negotiating on behalf of AUA. This applies specifically to the Voorhees MOU and the one-time Student

9

Implementation Letter. And those limited contacts appear to be the only involvement Manipal has ever had with South Carolina in connection with its services provided to AUA. In that sense, even if Manipal had been a named defendant in this case—which it is not—there would not be sufficient contacts with this forum to permit the exercise of personal jurisdiction over Manipal either, let alone AUA.

To be clear, where demands for documents and/or interrogatories were properly propounded and required a response, AUA did not make a distinction between AUA and Manipal in terms of what was provided, so long as that information was in AUA's possession. AUA did not withhold these documents or information from Plaintiff based on its objection.

In light of this information, and given Mr. Sclafani's Affidavits detailing the jurisdictional issues for both AUA and Manipal and the lack of contacts with South Carolina (Dkt. Nos. 15-2 and 18-1), there should be no question that Plaintiff has failed to show, and cannot show, sufficient contacts by AUA with South Carolina for purposes of personal jurisdiction. No additional discovery would change this, and Plaintiff's Motion should be denied.

### C. PLAINTIFF'S MOTION CONTAINS MISSTATEMENTS AND MISREPRESENTATIONS

Plaintiff makes several misstatements and misrepresentations in her Motion. This includes incorrectly claiming that AUA made a "general objection applicable to all responses in both sets of discovery" regarding Manipal. (Dkt. No. 36 at 2). This is false—as discussed above, and AUA did not withhold relevant documents on the basis of this objection.

Moreover, Plaintiff attached to her Motion the original discovery responses of AUA, rather than the supplemental and/or amended responses, which were served on Plaintiff's counsel on September 23, 2021. (AUA's Supplemental Answers to Interrogatories and AUA's Supplemental Responses to Requests to Production & Document Production, to be attached

as Exhibits A and B and C (respectively) and redacted versions to be filed on October 20, 2021).

Plaintiff also incorrectly claims that "AUA is the entity which introduced Manipal into the discussion and revealed that Manipal does, essentially, all of the work for AUA other than actual teaching." (Dkt. No. 36 at 3). Again, this is false. AUA has never stated that Manipal does "all of the work" for AUA other than teaching—and it does not. Moreover, Plaintiff has pushed a theory involving Manipal from the outset—in her initial Complaint Plaintiff alleged, incorrectly, that "Manipal is a New York corporation which serves as agent for AUA in the United States through its association with Manipal Global Educational Services." (Compl. ¶ 3). This false information was corrected through Mr. Sclafani's Affidavit as well. (Dkt. No. 15-2 at 4-5 ¶¶ 15-21).

The fact remains that the Affidavit provided by Mr. Sclafani on February 22, 2021 has proven true, and AUA lacks sufficient contacts with South Carolina for this Court to exercise personal jurisdiction over it. (*See* Dkt. No. 15-2). With regard to Plaintiff's Motion, AUA should not be compelled to provide information from non-party Manipal.

### III.   CONCLUSION

Yet again, "Plaintiff has not come forward with anything beyond 'speculation' or 'conclusory assertions'" about the relationship between Manipal and AUA, and the contents of Mr. Sclafani's Affidavit demonstrating that AUA lacks sufficient contacts with South Carolina for purposes of personal jurisdiction. *Maseng v. Lenox Corp.*, 483 F. Supp. 3d 360, 374-75 (D.S.C. 2020). "Moreover, there is no indication here of 'fraud or intentional misconduct' on the part of [AUA] in the submission of its jurisdiction affidavit[s] and, therefore, [the] court has no reason to believe that additional information is either needed or warranted." *Id.* (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 403 (4th Cir. 2003). Plaintiff has not established that she is entitled to any additional

information in discovery, let alone contacts by a non-party, nor has she set forth a case by a preponderance of the evidence of personal jurisdiction over AUA.

Plaintiff has had more than sufficient opportunity to engage in jurisdictional discovery, without limitation, and this unwarranted final gasp to delay this matter further should be rejected. For the reasons set forth herein, AUA requests that the Court DENY Plaintiff's Motion to Compel (Dkt. No. 36).

                            Respectfully submitted,

                            /s/ Brittany N. Clark
                            Brittany N. Clark, Fed ID No. 12891
                            Angus H. Macaulay, Fed ID No. 5248
                            NEXSEN PRUET, LLC
                            1230 Main Street, Suite 700 (29201)
                            Post Office Drawer 2426
                            Columbia, SC 29202
                            Telephone:  803.771.8900
                            BClark@nexsenpruet.com
                            AMacaulay@nexsenpruet.com

                            *Attorneys for Defendant American University of Antigua, Inc.*

October 19, 2021
Columbia, South Carolina