IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Emily Doe, | ) | Case No.: 4:20-cv-04445-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| American University of Antigua, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant American University of Antiqua, Inc.'s ("AUA" or "Defendant") Motion to Dismiss Plaintiff Emily Doe's ("Doe" or "Plaintiff") Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P., and improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P.[1]  (DE 15.)  AUA contends "this Court lacks personal jurisdiction over AUA; there is no general or specific jurisdiction because AUA is neither headquartered nor incorporated in South Carolina, and the Plaintiff's claims do not arise from any conduct she alleges occurred in South Carolina." (DE 15-1, p. 2.)  Alternatively, Plaintiff contends there are sufficient minimum contacts between AUA and South Carolina such that AUA's motion to dismiss should be denied.  (DE 17, pp. 7-8.)  For the reasons set forth herein, the Defendant's motion to dismiss for lack of personal jurisdiction is granted.

---

[1]     Although AUA contends forum non conveniens grounds also favor AUA because this case involves conduct and decisions made entirely in Antigua by an Antiguan medical school, the Court declines to consider this argument because the Court's ruling pursuant to Rule 12(b)(2), Fed. R. Civ. P., is dispositive and the Court, therefore, lacks jurisdiction.

Similarly, the Court lacks jurisdiction to rule on Plaintiff's pending Motion to Proceed Using a Pseudonym to Minimize Reputational Harm (DE 5).

## BACKGROUND

This action arises out of Doe's claims for alleged breach of contract and violations of the South Carolina Unfair Trade Practices Act ("SCUPTA") against AUA, a private medical school that is located, incorporated, and operated in Antigua, the West Indies. Doe is a South Carolina resident and medical student of AUA. AUA is registered and exists under the laws of Antigua and Barbuda and is chartered by the government of that nation. AUA has its only campus in Antigua, and AUA makes all academic decisions regarding its students. AUA does not have any offices anywhere in South Carolina.

However, AUA contracts with certain vendors and service-providers based in the United States to provide it specific services. One such vendor is Manipal Education Americas LLC ("Manipal"). Manipal is not a party to this litigation but a separate and independent New York limited liability company that provides back office and administrative services, such as accounting, IT, finance and registrar services, to various institutions of higher education internationally, including AUA under a services contract.

Plaintiff is a "4th year student in the medical degree program at" AUA. (DE 1.) Plaintiff applied for certain clinical rotations to begin in the Fall of 2020. (DE 1, ¶ 19.) Before beginning a clinical rotation, AUA requires students to provide certain up-to-date documentation, including a negative drug screen. (DE 1, ¶ 37.) Plaintiff was informed of such requirements and documentation that needed to be submitted to Defendant before Plaintiff began her October 5, 2020 rotation. (DE 1, ¶ 31.) Plaintiff "submitted an altered copy of a prior negative drug screen . . . to the document specialist at [Defendant AUA in Antigua]." (DE 1, Compel. ¶ 35.) The investigation by AUA personnel concerning Plaintiff's falsified drug screen was not conducted in South Carolina. AUA "instituted an honor code investigation against [Plaintiff]" and later a

"grievance proceeding" related to her submission of a falsified negative drug screen. (DE 1, ¶¶ 37, 38.)  No part of those proceedings took place in South Carolina.  (See DE 1, ¶ 44.)

Plaintiff filed this lawsuit in her home state of South Carolina alleging two state law claims against AUA related to AUA's imposition of a disciplinary sanction of six months suspension. AUA moved to dismiss the Complaint in this action on February 22, 2021, asserting that South Carolina did not have personal jurisdiction over it.  The Court heard arguments on the motion on June 24, 2021, and thereafter issued a text order on June 30, 2021, stating, "Counsel for Plaintiff is directed to serve written discovery requests on Defendant within 14 days and is granted 60 days to conduct limited jurisdictional discovery as it pertains to facts regarding Defendant AUAs contacts with South Carolina."  (DE 24.)

In accordance with the text order, Plaintiff served discovery requests on Defendant on July 14, 2021, to which Defendant objected based on the scope of the requests.  Following a telephone conference with the Court on August 10, 2021, Plaintiff served amended discovery on August 20, 2021, which consisted of Interrogatories specific to personal jurisdiction issues, and Requests to Produce specific to personal jurisdiction.  In its amended discovery, and based on information provided by Defendant AUA, Plaintiff defined "Defendant" to include "its agent Manipal Education Americas, LLC, when acting through or for American University of Antigua or providing services to or on behalf of AUA."  In both its Responses to Interrogatories and Requests to Produce, AUA objected to the definition of "Defendant" or "AUA" because Manipal Education Americas, LLC, was included.  This was a general objection applicable to all responses in both sets of discovery.[2]

---

[2]     Based on AUA's objection to including Manipal, Plaintiff filed a Motion to Compel discovery (DE 36); however, the Court will not rule on the pending motion because it lacks jurisdiction to do so as provided herein.

## LEGAL STANDARD

"Due process requires that the defendant be given adequate notice of the suit, and be subject to the personal jurisdiction of the court." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Courts have determined that "[w]hen personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 226 (4th Cir. 2019). "This *prima facie* case analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." Id. (internal quotation marks omitted). The party asserting jurisdiction must "ultimately prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (emphasis added). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." Hawkins, 935 F.3d at 226.

## DISCUSSION

"Determining the extent of a State's judicial power over persons outside of its borders . . . can be undertaken through two different approaches -- by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002). ". . . [I]f the defendant's contacts with the State are not also the basis for suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the State." Id. at 712. Plaintiff asserts "this Court has personal jurisdiction over AUA both on the basis of general jurisdiction and special jurisdiction." (DE 38, p. 4.) Plaintiff argues that "[t]he very acts that constitute the breach of contract by AUA and which form the basis of this suit occurred while Emily was earning course

4

credit, arranged by AUA, at a hospital in South Carolina, and providing drug screens obtained by labs in South Carolina." (DE 38, p. 4.) However, AUA is not incorporated in South Carolina but rather in Antigua, where it also maintains its principal place of business. Moreover, the Court finds that Plaintiff's bare assertions do not rise to the level of general jurisdiction, such that AUA has persistent but unrelated contacts with South Carolina. Even with the additional jurisdictional discovery, there is no evidence that AUA has employees in the State, offices in the State, or any other connection to the State of South Carolina, except the purported solicitation of Vorhees College graduates to attend AUA. This recruitment of students does not rise to the level of persistence to establish general jurisdiction. Thus, this Court will next address specific personal jurisdiction.

Specific jurisdiction arises when a cause of action is related to the defendant's activities within the forum state. See S.C. Code Ann. § 36-2-803; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984); Coastal Lab'ys, Inc. v. Jolly, No. CV RDB-20-2227, 2020 WL 6874332, at *6 (D. Md. Nov. 23, 2020). A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) jurisdiction is authorized under the long-arm statute of the forum state; and (2) the assertion of jurisdiction comports with Fourteenth Amendment due process requirements. Christian Sci. Bd. Of Dirs. Of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina's long-arm statute extends to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Consequently, the only question before the court is whether the exercise of personal jurisdiction would violate due process. ESAB Grp., Inc. v. Centricut, LLC, 34 F.Supp.2d 323, 328 (D.S.C. 1999).

The Fourth Circuit has adopted a three-part test to determine specific jurisdiction: "(1) the extent to which the defendant "purposefully availed" itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir.2002) (quotations and citations omitted). "When evaluating the constitutional reasonableness of subjecting a defendant to the jurisdiction of the forum, courts consider "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Belmora LLC v. Midway Importing, Inc., 2018 U.S. Dist. LEXIS 125561, *8, 2018 WL 3596027 (internal quotation marks omitted). The touchstone of the minimum contacts analysis is that the out-of-state defendant must "have engaged in some activity purposefully directed toward the forum state." Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945 (4th Cir. 1994).

AUA did not purposefully avail itself of South Carolina's jurisdiction. The Plaintiff contends the facts upon which she relies in support of her breach of contract action all occurred while she was in South Carolina, through a contract signed by AUA, earning credit for her AUA diploma. However, the Court notes that Plaintiff is a resident of South Carolina and would have a vested interest in participating and earning credits from South Carolina. Furthermore, upon affidavit, it appears that Plaintiff actually requested to perform an elective rotation at Grand Strand Hospital, and in response, AUA signed a Visiting Student Implementation Letter with that institution under which the hospital agreed to provide those clerkship rotations solely for Plaintiff. No other student is impacted by this one-time arrangement, and AUA does not have a relationship

or connection with that institution (or any institution in South Carolina) outside of this circumstance.  (DE 15-2, Aff. ¶ 21.)

AUA's agreement to allow Plaintiff to earn credits while she was physically in South Carolina does not in this case rise to the level of specific jurisdiction.  Here, there is no evidence that AUA engaged in some activity purposefully directed toward South Carolina.  At Plaintiff's specific request, AUA permitted her to perform two elective clinical rotations at Grand Strand Hospital in Myrtle Beach, South Carolina, as part of her education.  With the exception of that one-time arrangement, AUA does not maintain any other connection to that facility, or to any other South Carolina facility.  (DE 15-2, Aff. ¶¶ 21, 22.)  AUA has no agreements with any hospital, clinic, person, or entity located in South Carolina either for the purpose of providing rotations for its students or otherwise, and nor has any AUA student, other than the Plaintiff, ever received any part or portion of an AUA education in South Carolina for at least the last ten years or longer.  (DE 15-2, Aff. ¶ 21.)

Neither of Plaintiff's claims "arises from" nor has a "causal" connection with South Carolina.  Rather, the heart of Plaintiff's Complaint concerns AUA's objective disciplinary process and procedures at its Antiguan campus and how such a process was allegedly unfair as applied to Plaintiff.  (See, e.g., DE 1, ¶¶ 58, 59.)  These core allegations at the center of each of her claims have no relationship with South Carolina.  Rather, Plaintiff focuses on her own conduct and her physical location.  The Court is not persuaded by these arguments, and this Court concludes it would be constitutionally unreasonable to subject AUA to South Carolina's jurisdiction.  Therefore, this Court does not have specific personal jurisdiction over AUA.

## **CONCLUSION**

For the foregoing reasons, it is Ordered that Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) is granted.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 15, 2021